UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JED WALLACE, <br> STREET RELATIONS, INC. <br><br> *Plaintiffs,* <br><br> v. <br><br> BLAKE LIVELY, <br><br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. 25-163 |

**COMPLAINT FOR DECLARATORY JUDGMENT AND DEFAMATION**

TO THE HONORABLE COURT:

1. Jed Wallace ("Wallace") and Street Relations, Inc. ("Street") (collectively "Plaintiffs") bring this action for Declaratory Judgment and Defamation against Blake Lively ("Lively" or "Defendant") and would show as follows:

## I.  THE PARTIES

2. Wallace is a citizen of Texas and resides within the Austin Division of the Western District. He owns a company, Street Relations, Inc. ("Street"), which is a crisis mitigation firm engaged by clients to help navigate real-life human crisis, threats, trauma and mental health concerns. It helps primarily families and individuals when they find themselves unjustly attacked, extorted, doxed, swatted, scammed or need help navigating through the most frightening situations.

3. Street is a corporation organized under the laws of the State of California with its principal place of business in Texas and is therefore a citizen of a state other than New York.

4. Lively is an actress and entrepreneur and is a citizen of New York.

## II. FACTUAL BACKGROUND

5. On December 20, 2024, Lively filed a Complaint of Employment Discrimination Before the State of California Civil Rights Department ("CRD Complaint"). The CRD named Lively as Complainant and Wallace and Street, among others, as Respondents and alleged that they "engaged in a variety of conduct in violation of California Government Code section 12940 ("the FEHA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). The CRD Complaint went on to allege that Plaintiffs' "conduct includes: sexual harassment, retaliation; failure to investigate, prevent, and/or remedy harassment and aiding and abetting harassment and retaliation." Exhibit 1 (CRD Complaint) attached hereto and incorporated herein.

6. The CRD Complaint also asked (politely) to "please see attached complaint for specific details". The attached complaint (which we attach and incorporate as Exhibit 2) has been described as a "precursor to a lawsuit" ("Precursor") although it had all the indicia of a stand-alone legal complaint. Indeed, some media subsequently published the Precursor under the headline: "Read the Complaint." The Precursor named Wallace and Street as Defendants and sought damages for (1) "Sexual Harassment" under California and Federal Law; (2) Retaliation under Cal-

ifornia and Federal Law; (3) Failure to Investigate, Prevent, and/or remedy harassment under California law; (4) Retaliation under the California Labor Code; (5) Aiding and Abetting Harassment and Retaliation under California Law; (6) Breach of Contract; (7) Intentional Infliction of Emotional Distress; (8) Negligence; (9) False Light Invasion of Privacy under the California Constitution and (10) Interference with Prospective Economic Advantage.

7. On the same day the CRD Complaint with the Precursor attached was filed (December 20, 2024) the Civil Rights Department issued Lively a "Right to Sue" letter. *See* Exhibit 3 attached hereto and incorporated herein.

8. Lively or her agents provided the Precursor to various media entities for out-of-court republication and, because of the allegations contained therein, it made "headlines around the world" according to Elle Magazine which linked to the Precursor document as did many other media. *See* Exhibit 4 attached hereto and incorporated herein. The Precursor was followed on or about December 31, 2024, by a "formal suit" ("Formal Lawsuit") in the United States District Court for the Southern District of New York.

9. Wallace and Street were widely reported to be defendants in the Formal Lawsuit (*See* Exhibit 4) although they were not, the confusion having been sown by the Precursor. As Lively later admitted she knew of no facts to support the allegations against Wallace or Street. Indeed, having been the one harassed she knew the exact opposite. Neither Wallace nor Street had anything to do with the alleged sexual harassment, retaliation, failure to investigate or aiding and abetting the alleged harassment or alleged retaliation. Neither could they have breached a contract with

Lively because no such contract exists. And they were not involved in any of the events depicted in either the Precursor (where they were named as defendants) or the Formal Lawsuit (where they were not named) which could give rise to a duty toward Defendant (Negligence) or any other tortious conduct (False Light, Intentional Infliction of Emotional Distress or Interference With Prospective Economic Advantage).

10. Then, on January 21, 2025, Lively filed her "**Verified Petition For Rule 202 Deposition**" ("202 Petition") in Hays County, Texas against Wallace (but not Street) alleging "on information and belief" that Wallace was a "subcontractor" to a company called TAG "to assist them (sic) in their (sic) unlawful retaliatory "social combat" campaign against Lively." The 202 Petition conceded that Lively has no facts supporting the allegations she made against Wallace and Street in the Precursor which "made headlines around the world" as she now, apparently under the threat of sanctions from one of Plaintiffs' attorneys, sought to "investigate the scope of Mr. Wallace's conduct."

11. According to the Hays County online court records, Lively non-suited her 202 Petition today.

12. The 202 Petition was a transparent attempt to chill Plaintiffs' free speech rights and would have been fodder for a motion to dismiss under the Texas Citizens Participation Act, Chapter 27, Texas Civil Practice and Remedies Code (Anti-SLAPP statute) whose purpose is to encourage and safeguard the rights of persons to speak freely.

13. The statements of fact, actual or implied, of and concerning Plaintiffs in the Precursor and CRD Complaint are false, defamatory, made with either negligence or "actual malice" and have caused millions of dollars in reputational harm including both general and special damages through emotional harm (Wallace), actual damages and real and projected loss of business (Wallace and Street) in an amount that exceeds $1,000,000.

### III.   JURISDICTION AND VENUE

14. This Court has jurisdiction under 28 U.S.C. § 1332 because the matter exceeds the sum or value of $75,000, exclusive of interest and costs, and Wallace and Street as plaintiffs are not citizens of the same state as the sole defendant, Lively.

15. This Court may exercise personal jurisdiction over Lively because she has availed herself of the forum by filing a Rule 202 petition in Texas on the subject matter of this suit. *See PaineWebber Inc. v. Chase Manhattan Priv. Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001) (noting the "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections."); *see also Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 541 (5th Cir. 2019) (holding there was no personal jurisdiction because defendant "never initiated an original action in Texas, which would have subjected it to personal jurisdiction"). In addition, her defamatory statements were aimed at Texas where both Plaintiffs reside and they undoubtably caused harm in Texas.

16. Venue is proper because, as Lively alleges in her Rule 202 petition, "a substantial part of the underlying events that would give rise to the claims being investigated occurred in Hays County," part of the Austin Division of the Western District of Texas. *See In re Blake Lively*, Cause No. 2025-25-0200-DC (Hays County D. Ct. Jan. 21, 2025), at ¶36. In addition, a Defamation Plaintiff is accorded great deference in his choice of forum especially when it is his home venue where the defamation is most keenly felt. That meets the standard for venue under the venue statute. *See* 28 U.S.C. § 1391(b)(2).

### FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT ACT)

17. The Declaratory Judgment Act allows a Court to conclusively adjudicate and "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.

18. The purpose of the Declaratory Judgment Act is "to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quotes omitted). The Fifth Circuit has long recognized the validity of such anticipatory declaratory judgment actions. *See, e.g.*, *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 537 (5th Cir. 1978) ("[T]he plaintiff in an anticipatory declaratory proceeding is seeking the adjudication of an issue that would arise in a conventional proceeding brought by the defendant."). And the Fifth Circuit continues to recognize the issue-preclusive effect of

such anticipatory declaratory judgment suits. *See, e.g.*, *ASARCO, L.L.C. v. Montana Res., Inc.*, 858 F.3d 949, 955 (5th Cir. 2017).

19.     As explained above, Ms. Lively has alleged ten different causes of action against Wallace and/or Street although she now admits that the CRD Complaint and the Precursor—which caused great harm to Plaintiffs' business by way of lost business, exceeding the threshold monetary limits necessary for diversity jurisdiction, as it was reported around the world—was without factual support even though she now, belatedly, attempts to obtain some through her 202 Petition. *See In re Blake Lively*, *supra,* at ¶38.

20.     This claim is justiciable and the court has authority to grant the relief Plaintiffs seek which is that: (i) they did not breach any contract with Defendant for the reason that, among others, no such contract exists; (ii) they did not engage in any acts of harassment, retaliation, failure to investigate, prevent and/or remedy harassment or aid and abet the alleged harassment or retaliation for the reason, among others, that they were not even present or otherwise involved in the events giving rise to the alleged harassment nor did they have contemporaneous knowledge of the alleged events of harassment or retaliation; (iii) they did not have a duty to Defendant which would give rise to a claim for negligence and (iv) they did not engage in any tortious conduct toward Defendant.

21.     Plaintiffs seek a declaration pursuant to 28 U.S.C. Section 2201.

## SECOND CAUSE OF ACTION

## (Defamation)

21. The Precursor and CRD Complaint named Wallace and Street as Defendants or Respondents and falsely stated that they had engaged in ten illegal acts under state and federal law. Neither the Precursor nor the CRD Complaint were privileged because, among other reasons, they were provided by the Defendant or her agents to third parties including many media outlets. Defendant knew or should have reasonably anticipated, indeed she hoped, that these allegations would be republished "around the world." As a result, Defendant is responsible for Republication Damages.

22. The statements of fact of and concerning Plaintiffs in the Precursor are false and defamatory ("Statements"). They are made either negligently (if Plaintiffs are private figures which they are) or with "actual malice" (if Plaintiffs are public figures which they are not). The Statements have caused (both by the original publications and the republications around the world) great harm to Plaintiffs and such damages are presumed (if some or all of the Statements are defamatory *per se*) or per quod (if not *per* se) and, in any event, exceed $1,000,000. In considering whether the $75,000 jurisdictional amount has been reached the Court can take notice that many recent awards (Freeman and Moss v Giuliani, $148,000,000) or settlements (Dominion/Fox, $787,000,000; Trump/ABC $15,000,000) far exceed that amount.

23. Although Lively is a public figure Wallace and Street are not. Thus, Plaintiffs need prove only negligence to establish liability. However, Plaintiffs also seek

punitive damages in an amount of not less than $6,000,000 and to satisfy the evidentiary burden in establishing the right to such damages they must demonstrate "actual malice" that is that Lively either knew the allegations were false at the time she made them or she acted in reckless disregard of the truth that is she had a high degree of awareness of falsity and in fact entertained serious doubt about their truth.

22. She acted with "actual malice" because she was the one claiming to have been harassed and retaliated against. She was the one who claimed she had a contract with Plaintiffs and yet there is no such contract and Plaintiffs were nowhere near where the alleged harassment/retaliation took place. Lively knew this and it is not the case that she was harassed by some masked stranger who turned out to be the Plaintiffs. She knew (and knows) that they were not the harassers/retaliators but made these allegations anyway, leaked them to the press hoping they would be widely republished (which they were) but then excluded Plaintiffs from the Formal Lawsuit (knowing they had nothing to do with the events depicted therein).

### IV.   Jury Demand

23. Plaintiffs, under Federal Rule of Civil Procedure 38, demand a jury.

### V.   PRAYER

24. Plaintiffs, therefore, respectfully request that this Court to enter a final declaratory judgment under 28 U.S.C. § 2201 as requested, *supra*, and award damages for Plaintiffs loss of reputation and for further relief at law or in equity as to which Plaintiffs may be entitled.

Dated: February 4, 2025			Respectfully submitted,

JACKSON WALKER LLP

/s/ *Charles L. Babcock*
Charles L. Babcock
Texas Bar No. 01479500
Joel Glover
Texas Bar No. 24087593
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com

Matt Dow
Texas Bar No. 06066500
Katharine Lee Carmona
Texas Bar No. 00787399
Cody Lee Vaughn
Texas Bar No. 24115897
100 Congress Ave. Suite 1100
Austin, TX 78701
(512) 236-2000
mdow@jw.com
kcarmona@jw.com
cvaughn@jw.com

**ATTORNEYS FOR PLAINTIFFS**