**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JED WALLACE,** § | | |
| **STREET RELATIONS, INC.,** § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | **CASE NO. 1:25-CV-00163-DAE** |
| § | | |
| **BLAKE LIVELY,** § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(3), AND 12(b)(6)**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................ii

TABLE OF AUTHORITIES ...........................................................................................................iii

I.      ARGUMENT ........................................................................................................................ 2

      A.      THIS CASE SHOULD BE DISMISSED UNDER THE FIRST-TO-FILE RULE AND BECAUSE VENUE IS IMPROPER. .............................................. 2

            1.      There Is Substantial Overlap Between The NY Litigation And This Case. ............................................................................................................. 2

            2.      Venue Is Improper Because, As Plaintiffs Concede, A Substantial Part Of The Events Giving Rise To The Claim Did Not Occur In This District. ..................................................................................................... 4

      B.      THE COURT LACKS PERSONAL JURISDICTION OVER MS. LIVELY. ................................................................................................................ 6

            1.      The Rule 202 Petition Does Not Subject Ms. Lively To Personal Jurisdiction. ............................................................................................................. 6

            2.      The CRD Complaint Is Not Directed At Texas. ........................................ 7

            3.      Jurisdictional Allegations Made "On Information And Belief" That Occurred *After* The Complaint Was Filed Do Not Establish Personal Jurisdiction. ..................................................................................... 9

      C.      PLAINTIFFS FAIL TO STATE A CLAIM FOR DEFAMATION. .................... 10

            1.      The FAC Does Not Comply With Rule 8. ............................................... 10

            2.      Plaintiffs Concede That The Complaint Does Not Plausibly Plead Any Statements Capable Of A Defamatory Meaning. ............................. 11

            3.      Plaintiffs Fail To Sufficiently Plead Fault. ............................................... 11

            4.      Plaintiffs Have Failed To Sufficiently Allege Defamation *Per Se*, Which Means They Must But Have Failed To Plead Damages. ............. 12

            5.      The CRD Complaint Is Privileged Under California Law ...................... 13

                a.      Plaintiffs Concede That The Litigation Privilege Protects The Statements In The CRD Complaint. ..................................... 13

                b.      The Common Law And California Fair Report Privilege Protects Any Sharing Of The CRD Complaint To The Media. .............................................................................................. 14

                c.      The Sexual Harassment Privilege Protects Ms. Lively's Statements. ..................................................................................... 15

II.     CONCLUSION ................................................................................................................... 15

CERTIFICATE OF SERVICE ...................................................................................................... 16

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                     **Page(s)**

*Black v. N. Panola Sch. Dist.*,
   461 F.3d 584 (5th Cir. 2006) ...............................................................................................6, 10, 11

*Calder v. Jones*,
   465 U.S. 783 (1984).........................................................................................................................8

*Diebold Election Sys., Inc. v. AI Tech., Inc.*,
   562 F. Supp. 2d 866 (E.D. Tex. 2008)............................................................................................9

*In re Doe*,
   444 S.W.3d 603 (Tex. 2014)...........................................................................................................7

*In re Elliott*,
   504 S.W.3d 455 (Tex. App.—Austin 2016, orig. proceeding)......................................................7

*Epic Tech, LLC v. Arno Res., LLC*,
   No. 1:20-CV-577-LY, 2020 WL 5351078 (W.D. Tex. Sept. 4, 2020)........................................4

*Fielding v. Hubert Burda Media, Inc.*,
   415 F.3d 419 (5th Cir. 2005) .........................................................................................................8

*Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*,
   921 F.3d 522 (5th Cir. 2019) .........................................................................................................7

*Hawbecker v. Hall*,
   88 F. Supp. 3d 723 (W.D. Tex. 2015)............................................................................................6

*Immanuel v. Cable News Network, Inc.*,
   No. 4:21-CV-00587, 2021 WL 7711020, Dkt. 10 (E.D. Tex. Dec. 17, 2021) ...........................5

*Immanuel v. Cable News Network, Inc.*,
   No. 4:21-CV-00587, 2022 WL 1748252 (E.D. Tex. May 31, 2022) .........................................5

*Inspection Leasing Inc. v. Tavas LLC*,
   No. 1:24-CV-00319-DAE, 2024 WL 4329035 (W.D. Tex. Aug. 30, 2024) ..........................7, 8

*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*,
   665 F.3d 671 (5th Cir. 2011) .........................................................................................................4

*Johnson v. TheHuffingtonPost.com, Inc.*,
   21 F.4th 314 (5th Cir. 2021) ..........................................................................................................9

*Kinect Solar, LLC v. Panasonic Corp. of N. Am.*,
   No. 1:20-CV-378-LY, 2020 WL 6385292 (W.D. Tex. Oct. 30, 2020) ....................................13

*Lively v. Wayfarer Studios LLC*,
  No. 24-CV-10049, 2025 WL 1637019 (S.D.N.Y. June 9, 2025) ............................... 12, 13, 14

*Nunes v. NBCUniversal Media, LLC*,
  582 F. Supp. 3d 387 (E.D. Tex. 2022) ..................................................................... 6

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
  253 F.3d 865 (5th Cir. 2001) .................................................................................. 9

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
  688 F.3d 214 (5th Cir. 2012) .................................................................................. 7

*Salermo v. Hughes Watters & Askanase LLP*,
  516 F. Supp. 3d 696 (S.D. Tex. 2021) .................................................................... 9

*Seiferth v. Helicopteros Atuneros, Inc.*,
  472 F.3d 266 (5th Cir. 2006) .................................................................................. 7

*Smilde v. Snow*,
  73 Fed. Appx. 24 (5th Cir. 2003) ........................................................................... 9

*Stratta v. Roe*,
  No. 6:18-CV-00114-ADA, 2021 WL 1199634 (W.D. Tex. Mar. 30, 2021) ............. 3, 5, 14, 15

*Utterkar v. Ebix, Inc.*,
  No-14-cv-02250, 2015 WL 5027986 (N.D. Cal. Aug. 25, 2015) ........................... 9

*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................................... 6

*Watkins v. Tex. Dep't of Criminal Justice*,
  269 Fed. Appx. 457 (5th Cir. 2008) ....................................................................... 12

**Statutes**

Cal. Civ. Code § 47.1 ................................................................................................ 13

Cal. Civ. Code § 47.1(a) ........................................................................................... 15

Cal. Civ. Code § 47.1(d) ........................................................................................... 15

**Other Authorities**

Tex. R. Civ. P. 202.1 ................................................................................................. 7

Ms. Lively files this Reply in Support of her Motion to Dismiss the FAC (Dkt. 26 ("Motion" or "Mot.")) and in response to Plaintiffs' Opposition (Dkt. 29 ("Opposition" or "Opp.")) to the same.[1] Neither Plaintiffs' amendment nor their Opposition can save their defamation case against Ms. Lively. Despite rewriting their initial complaint and redesigning their original claims, Plaintiffs still have failed to demonstrate that Texas is the appropriate venue or jurisdiction for their claims (it is not) or that their defamation claim can survive their failure to meet basic pleading requirements and the multiple applicable privileges that bar it.

As to venue, the First-to-File Rule demands dismissal in deference to the NY Litigation, which involves identical facts, witnesses, and questions of law. By asserting a defamation claim against Ms. Lively based on statements made in her CRD Complaint, Plaintiffs have put directly at issue the *truth* of Ms. Lively's allegations (which are already subject to litigation in New York). Moreover, until June 9, 2025—when the First-Filed Court dismissed their defamation claim **with prejudice**—the NY Wayfarer Plaintiffs asserted a defamation claim based on the exact same legal theories as Plaintiffs here. Even if they could overcome the First-to-File Rule, which they cannot, Plaintiffs grasp at straws to establish venue and jurisdiction. The events giving rise to the alleged defamation occurred outside of Texas and Ms. Lively's prior Rule 202 Petition (which was never even served) cannot support either venue or personal jurisdiction over her. As for the merits, the FAC fails to state a claim as a matter of law, including because the statements at issue are protected by the same litigation and fair report privileges that the First-Filed Court already found doomed the defamation claim of the NY Wayfarer Plaintiffs.[2]

---

[1] This Reply adopts the terms as defined in the Motion. All page numbers to docket entries refer to the pagination reflected at the ECF stamp at the top of the page.

[2] The Court dismissed the NY Wayfarer Parties' Amended Complaint "in its entirety." *See* Opinion and Order, attached as Ex. A; SDNY Dkt. 296 at 38. All docket entries in the NY Litigation will be referred to as "SDNY Dkt. #."

## I. ARGUMENT

### A. THIS CASE SHOULD BE DISMISSED UNDER THE FIRST-TO-FILE RULE AND BECAUSE VENUE IS IMPROPER.

#### 1. There Is Substantial Overlap Between The NY Litigation And This Case.

The First-to-File Rule requires dismissal of this lawsuit for the reasons articulated in the Motion, and especially in light of the First-Filed Court's recent dismissal of *all* claims asserted by the NY Wayfarer Plaintiffs in the NY Litigation. *See* Mot. at 23-25; Ex. A.[3] The First-Filed Court dismissed the defamation claim against Ms. Lively **with prejudice** under California law, holding that statements in the CRD Complaint alleging harassment and retaliation are protected by the litigation privilege, and the "act of providing the CRD complaint to the Times" is protected by the fair report privilege. Ex. A at 80-83. As explained in the Motion, those now-dismissed claims were nearly identical to the ones Plaintiffs (along with the NY Wayfarer Plaintiffs) first asserted in the California Complaint and then re-tooled for this lawsuit to avoid the jurisdiction of the First-Filed Court. *See* Mot. at 18-21. A comparison of the defamation claim Plaintiffs assert in this litigation and the dismissed claims in the NY Litigation demonstrates the substantial overlap between them:

| Plaintiffs' defamation claim against Ms. Lively | Wayfarer Parties' defamation claim against Ms. Lively | Law Applied | Privileged |
|---|---|---|---|
| Alleged statements in CRD Complaint:<br>• Plaintiffs "sexually harassed Lively and retaliated against her in violation of state and federal laws." Dkt. 21 ¶ 31. (Based solely on Plaintiffs being listed in the caption of the CRD Complaint.) | Alleged statements in CRD Complaint:<br>• Wayfarer Parties "engaged in, permitted, and/or failed to prevent sexually inappropriate conduct toward Lively and others, and that the Wayfarer Parties retaliated against Lively and others for reporting the alleged sexual misconduct including by propagating false and misleading narratives about Lively for the purpose of damaging her image and reputation." SDNY Dkt. 50 ¶ 325. | California | Litigation privilege |
| Ms. Lively or her agents "leaked" the CRD Complaint "to the press and other third parties," including *The New York Times*. Dkt. 21 ¶¶ 6, 24. | Ms. Lively or her agents "leaked" the CRD Complaint "to the public," including *The New York Times*. SDNY Dkt. 50 ¶ 4. | California | Fair report privilege |

The First-to-File Rule requires this Court to defer to and "avoid interference" with the First-Filed

---

[3] Ms. Lively respectfully reserves all rights to seek appropriate relief, including dismissal, on the basis of res judicata or collateral estoppel.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**                                                            2

Court, which has already adjudicated virtually identical allegations to those at issue in this lawsuit.

The Opposition ignores, and therefore concedes, that the NY Litigation's (now-dismissed) defamation claim is virtually identical to not only the defamation claim asserted here, but also that previously asserted in the California Complaint. *Compare* Mot. at 24, *with* Opp. at 19-20.[4] Plaintiffs mount a single argument with respect to the obvious overlap among these claims against Ms. Lively: that the NY Litigation Plaintiffs' lawsuit was about what Ms. Lively purportedly "did to six of them" and not to the Plaintiffs (by virtue of them choosing not to be plaintiffs in the NY Litigation). Opp. at 13. But the First-To-File Rule does not require "complete identity of parties." It applies where, as here, there is the likelihood of "*substantial* overlap" between the "core issues," "proof," "questions," or "subject matter." Mot. at 23-24 (citing cases, all ignored by Plaintiffs).[5]

Separately from the NY Wayfarer Plaintiffs' now-dismissed claims, the First-to-File Rule also requires dismissal because the NY Litigation against the Plaintiffs and the other NY Wayfarer Defendants is proceeding apace, including on Ms. Lively's claims that Plaintiffs engaged in a retaliatory campaign against her. Plaintiffs' role in that campaign is a central issue in both the CRD Complaint and the NY Litigation. *See* Mot. at 16-17. Ignoring that fact, Plaintiffs incorrectly claim that this "case is about the false accusation that they were involved in the predatory conduct on the set of the Film." Opp. at 12. Plaintiffs' argument overlooks their own pleading, which alleges that the CRD Complaint contains defamatory accusations that Plaintiffs engaged in a retaliation

---

[4] *Stratta v. Roe*, No. 6:18-CV-00114-ADA, 2021 WL 1199634, at *6 (W.D. Tex. Mar. 30, 2021) ("A party's failure to respond to arguments raised in a Rule 12 motion constitutes waiver or abandonment of those issues.").

[5] Plaintiffs repeatedly point out that Ms. Lively added Plaintiffs as parties to the NY Litigation after Plaintiffs initiated the lawsuit. Opp. at 7. They do not argue that the timing makes this the first-filed case, nor can they because the rule does not require identity of parties. Moreover, as discussed below, Plaintiffs ignore that the only reason they filed this lawsuit is because they knew Ms. Lively was planning to imminently add them as parties in the NY Litigation.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**                                                                  3

campaign, i.e. the exact conduct at issue in the NY Litigation. Mot. at 22 (citing Dkt. 21 ¶¶ 44, 45-50). The veracity of the statements about Plaintiffs' participation in the retaliatory scheme is the "core issue" in both cases, and the proof adduced would be the same. Thus, there is unquestionable overlap between the two cases. *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). Even if the CRD Complaint accused Plaintiffs of sexually harassing Ms. Lively—which it plainly does not (*see* Mot. at 18-19, 35)—that would not change the fact that the "core issues," "proof," and "questions" about the on-set harassment are a central subject in the NY Litigation and currently the subject of active litigation.[6] The First-to-File Rule necessitates the dismissal of this case because its "subject matter" entirely overlaps with the active NY Litigation.

Further, the Opposition does not even attempt to address Plaintiffs' admission in the Original Complaint that they filed this case in Texas because they were "threatened with liability" and hoped for "an early adjudication without waiting until [Ms. Lively] should see fit to begin an action" against them in New York. Dkt. 1 ¶ 18. Such a race to the courthouse shortly after dodging service for pre-suit discovery[7] should not be rewarded by this Court. *See Epic Tech, LLC v. Arno Res., LLC*, No. 1:20-CV-577-LY, 2020 WL 5351078, at *7 (W.D. Tex. Sept. 4, 2020), *report and recommendation adopted*, No. 1:20-CV-577-LY, 2021 WL 2431340 (W.D. Tex. Jan. 11, 2021).

### 2. Venue Is Improper Because, As Plaintiffs Concede, A Substantial Part Of The Events Giving Rise To The Claim Did Not Occur In This District.

The FAC should be dismissed for improper venue because a substantial part of the events giving rise to Plaintiffs' defamation claim did not occur in Texas. Plaintiffs concede both that courts look to "the *defendant's* conduct and *where* that conduct took place" in determining venue

---

[6] Discovery is nearing a conclusion in the NY Litigation with a substantial completion of document production deadline of July 1, 2025 and conclusion of all fact discovery by August 14, 2025. SDNY Dkt. 58. Plaintiffs have already engaged in discovery, fact finding, and will soon be deposed in the NY Litigation, after unsuccessfully asking for a stay. SDNY Dkt. 309.
[7] *See* Dkt. 26-9, 26-10.

under § 1391(b)(2) and that *Ms. Lively's* operative conduct (filing the CRD Complaint) occurred in California. *Compare* Mot. at 25-27, *with* Opp. at 20-23.[8] To defend their choice of venue, Plaintiffs focus solely on "injury (reputation and financial loss in Texas) and publication (distribution and repetition to Texas audience)," even though neither occurrence reflects in-state conduct *by Ms. Lively*. Opp. at 21. Plaintiffs accuse Mr. Lively of providing the CRD Complaint to *The New York Times*, not any Texas-based outlets, and allege that the CRD Complaint was republished "around the world." Dkt. 21 ¶¶ 6, 18, 24, 65, 68. In a separate case, Plaintiffs' law firm successfully argued in a Motion to Dismiss for Improper Venue that the type of allegations Plaintiffs make here are insufficient as a matter of law to establish venue:

> Here, none of the relevant activities of CNN took place in the Eastern District. CNN is based in Georgia, many of the reporters involved in the alleged defamatory publications are in New York, and the alleged defamatory statements at issue relate to events that occurred in Washington, DC or near Houston. In fact, the **only** alleged connection between CNN and this District is that the CNN's reports "were intentionally broadcast and published throughout Texas" – just as they were in every other state – and that Dr. Immanuel "suffered substantial injury" in the Eastern District. *See* Compl. ¶ 19. These conclusory allegations fail as a matter of law to provide a basis for venue under § 1391(b)(2).

*Immanuel v. Cable News Network, Inc.*, No. 4:21-CV-00587, 2021 WL 7711020, Dkt. 10 at 9 (E.D. Tex. Dec. 17, 2021). Like in *Immanuel*, Plaintiffs' conclusory allegations about in-state injury and publication by media outlets "fail as a matter of law to provide a basis for venue under § 1391(b)(2)." *Id.*; *Immanuel v. Cable News Network, Inc.*, No. 4:21-CV-00587, 2022 WL 1748252, at *6 (E.D. Tex. May 31, 2022) (finding lack of venue in the Eastern District). Any incidental harm Plaintiffs may have incurred in Texas or publication of the CRD Complaint by media outlets indicates nothing about whether *Ms. Lively* engaged in conduct in this District (she

---

[8] Plaintiffs in their Opposition have abandoned the Information and Belief Statements as part of their affirmative case (*Stratta*, 2021 WL 1199634, at *6), and do not claim them as a basis for venue. Opp. at 21-24.

did not) and fails to provide a basis to establish venue.[9] Plaintiffs' myopic focus on *their* presence in the state also ignores that Street only became a resident of Texas *after* filing this lawsuit and was incorporated in California when Ms. Lively filed the CRD Complaint and for the past 16 years. Dkt. 26-3, 26-4, 26-5. They also fail to address that Wallace admits he was "doing business and providing" services to "individuals in California" and that he "considered the impact of" his work to be in California. Dkt. 26-13 ¶ 28. Wallace also "travels a lot" and is "rarely home." Opp. at 6.

Finally, Plaintiffs continue to claim venue is proper based on the Rule 202 Petition without answering the Motion's argument that the "substantial events" at issue in the Rule 202 Petition (Mr. Wallace's conduct in the retaliatory campaign) are inapposite to the "substantial" activities from which Plaintiffs' claims arise (the CRD Complaint). *Compare* Mot. at 26-27, *with* Opp. at 21-23. That venue in this District may have been proper in the Rule 202 Petition because Ms. Lively's inquiry arose out of Mr. Wallace's in-state conduct does not make it proper for a claim arising out of Ms. Lively's out-of-state conduct.

**B.    THE COURT LACKS PERSONAL JURISDICTION OVER MS. LIVELY.**

   **1.    The Rule 202 Petition Does Not Subject Ms. Lively To Personal Jurisdiction.**[10]

Plaintiffs continue to argue that the Rule 202 Petition seeking pre-suit discovery against Wallace subjects Ms. Lively to this Court's jurisdiction. Opp. at 14-16. Plaintiffs, however, fail to address that the filing of that Petition and non-suit 14 days later without ever serving Mr. Wallace

---

[9] In support of their injury argument, Plaintiffs only cite to one non-binding defamation case—*Hawbecker v. Hall*, 88 F. Supp. 3d 723, 731 (W.D. Tex. 2015). But *Hawbecker* relies on a single binding case, *Walden v. Fiore*, 571 U.S. 277, 282, n. 5 (2014), which was resolved on jurisdictional grounds and expressly did *not* decide venue.

[10] Plaintiffs have abandoned any argument that Ms. Lively is subject to general personal jurisdiction. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). Plaintiffs complain that Ms. Lively does not submit an affidavit or declaration "controverting" their personal jurisdiction allegations. Opp. at 2. But there is no need to contest jurisdictional allegations that are insufficient on the face of the pleading. *See Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387, 394 (E.D. Tex. 2022).

does not constitute litigating "extensively on the merits." *Compare* Mot. at 27-29, *with* Opp. at 15-16. Instead, Plaintiffs attempt to argue that the Rule 202 Petition is akin to an "original action" because it sounds in equity. Opp. at 15-16. But they offer no authority for that proposition (including the one case they cite). *Id.*[11] Nor do Plaintiffs attempt to distinguish the cases that Ms. Lively relied upon holding that a Rule 202 Petition does not constitute an original action, except to say that *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522 (5th Cir. 2019) is not applicable as it involved filing a responsive pleading conditioned on a jurisdictional challenge. *Cf.* Opp. at 15, *with* Mot. at 27-28. But what *Halliburton* reiterates is simple: when a defendant has "never initiated an original action in Texas," like Ms. Lively here, a plaintiff "must still satisfy the standard minimum-contacts analysis." *Halliburton*, 921 F.3d at 541-42.

Plaintiffs also fail to address that even if the Rule 202 Petition constituted an "extensively litigated" original action, it still would be insufficient to establish specific jurisdiction because this lawsuit does not arise out of the Rule 202 Petition. Plaintiffs cite no authority supporting the notion that an unserved Rule 202 Petition confers jurisdiction over Ms. Lively in a separately initiated lawsuit. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 227 n.7 (5th Cir. 2012); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006).

2.      **The CRD Complaint Is Not Directed At Texas.**

Plaintiffs argue that personal jurisdiction is proper under *Tavas* and *Calder. See Inspection Leasing Inc. v. Tavas LLC*, No. 1:24-CV-00319-DAE, 2024 WL 4329035 (W.D. Tex. Aug. 30,

---

[11] The cases Plaintiffs cite are irrelevant and do not support the theory that filing a Rule 202 Petition in one case determines personal jurisdiction in another case. *In re Doe*, 444 S.W.3d 603, 605–07 (Tex. 2014), states that a Rule 202 petition must be filed in a court with personal jurisdiction over the defendant. *In re Elliott*, 504 S.W.3d 455, 466–67 (Tex. App.—Austin 2016, orig. proceeding) is not about personal jurisdiction, is non-binding, conflicts with cases cited in the Motion to Dismiss (Dkt. 26 at 17), and does not alter the plain language of the statute that a Rule 202 petition is used "to investigate a *potential* claim or suit." Tex. R. Civ. P. 202.1 (emphasis added).

2024); *Calder v. Jones*, 465 U.S. 783 (1984). Not so. *Tavas* should not guide this Court because it involves a *breach of contract* claim that arose out of defendants who "directed a tax return filing to the State of Texas and thereby conducted business in the State of Texas," knowing the filing would be sent to Texas. *Tavas*, 2024 WL 4329035, at *3. By contrast, Plaintiffs' *defamation* claim arises out of Ms. Lively filing the CRD Complaint *in California* and allegedly sending it to press located outside of Texas. Unlike the defendants in *Tavas*, Ms. Lively neither directed her conduct to Texas nor conducted business in Texas. Plaintiffs claim for the first time in their Opposition that Ms. Lively is subject to jurisdiction in Texas because she "contracted with Texas process servers" but, unlike in *Tavas*, this case does not arise out of that alleged contract.

Plaintiffs approach *Calder* in a vacuum without acknowledging a litany of binding defamation cases in the Fifth Circuit explaining that the operative *Calder*-related questions are whether the forum state was the "focal point" of the publication, the publication was published in the forum state, and the speaker relied on sources in the forum state. Mot. at 29-30. Here, the answer is "no" to all three. Plaintiffs assert no facts showing that Texas is the "focal point" of the CRD Complaint, that Ms. Lively published the CRD Complaint in Texas, or that Ms. Lively relied on Texas sources. To the contrary, Plaintiffs admit that the CRD Complaint was republished "around the world" (Dkt. 21 ¶¶ 18, 24, 65, 68) and that, with respect to Wallace's work mentioned in the CRD Complaint, he was "doing business and providing" services to "individuals in California" (Dkt. 26-13 ¶ 28).

Plaintiffs rely on the fleeting, non-material reference in the CRD Complaint that Wallace is "based in Austin, Texas." Opp. at 8, 11. But such a "collateral" reference to Texas does not confer personal jurisdiction. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 426 (5th Cir. 2005). Even so, Plaintiffs were not exclusively tied to Texas. After all, Street was a California

corporation at the time (Opp. at 8) and the "impact of" Plaintiffs' work (which factually underpins the CRD Complaint) was felt in California (Dkt. 26-13 ¶ 28).

### 3. Jurisdictional Allegations Made "On Information And Belief" That Occurred *After* The Complaint Was Filed Do Not Establish Personal Jurisdiction.

Plaintiffs appear to retreat from their theory that the Information and Belief Statements confer jurisdiction by referencing the argument only in a footnote and header without any substantive argument. *Compare* Dkt. 21¶¶ 60-64, *with* Opp. at 8, 13. Plaintiffs do not address and thus, waive opposition to, Ms. Lively's argument that a plaintiff cannot meet the pleading standard based solely on allegations brought "on information and belief." *See Salermo v. Hughes Watters & Askanase LLP*, 516 F. Supp. 3d 696, 710 (S.D. Tex. 2021).[12] Plaintiffs also no longer claim that they are seeking liability with respect to the Information and Belief Statements (Opp. at 18), which defeats any attempt to rely on them for purposes of specific jurisdiction because this lawsuit does not arise out of them. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317 (5th Cir. 2021). Even if Plaintiffs were able to surpass those fatal hurdles, the Information and Belief Statements would not support subjecting Ms. Lively to personal jurisdiction because they occurred in Texas *after* Plaintiffs filed this suit and personal jurisdiction, like venue, is "determined at the outset of litigation and [is] not affected by subsequent events." *Smilde v. Snow*, 73 Fed. Appx. 24, 26 (5th Cir. 2003); *see also Diebold Election Sys., Inc. v. AI Tech., Inc.*, 562 F. Supp. 2d 866, 872 (E.D. Tex. 2008) ("The court is to consider the existence of personal jurisdiction on the basis of the facts as they existed at the time the complaint was filed.").

---

[12] In *Utterkar v. Ebix, Inc.*, a plaintiff sought leave to amend its complaint after asserting personal jurisdictional allegations in response to a motion to dismiss, whereas Plaintiffs here fail to pursue their allegations brought "on information and belief" in response to Ms. Lively's Motion to Dismiss. No-14-cv-02250, 2015 WL 5027986, at *4 (N.D. Cal. Aug. 25, 2015). Regardless, the Fifth Circuit has found that personal jurisdiction allegations made "on information and belief" are "insufficient to establish a prima facie case for jurisdiction." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *see also* Dkt. 26 at 19-20 (collecting cases).

C.     **PLAINTIFFS FAIL TO STATE A CLAIM FOR DEFAMATION.**

Plaintiffs confirm that they "complain[] of two publications: (i) the CRD Complaint and (ii) the Draft Complaint," which were "filed" and "published to the media."[13] Opp. at 18. By so doing, Plaintiffs have abandoned their freshly derived claim that the Information and Belief Statements defamed them. *Black*, 461 F.3d at 588, n.1. Accordingly, the Court need only consider whether the FAC states a claim for defamation based on statements contained within the CRD Form and the Attached CRD Complaint. It does not for the reasons stated in the Motion and below.

   1.    **The FAC Does Not Comply With Rule 8.**

Plaintiffs gloss over Ms. Lively's argument that the FAC does not comply with Rule 8. They include a single footnote on the topic, claiming that the case cited in the Motion is "inapplicable" and that the FAC complies with Rule 8 because it "specifically alleges" that Ms. Lively "provided all of this information to the report and the newspaper." *Compare* Mot. at 32-34, *with* Opp. at 18 fn.11. Plaintiffs ignore that their own pleading defines "Lively" to include any number of unspecified people, including anyone at any of the corporate entities that she *or her husband* owns, and fails to include any allegations either with respect to any specific statements published or that demonstrate agency. *See* Mot. at 32-34. As far as their attempt to distinguish *Redden v. Smith & Nephew, Inc.*, Plaintiffs ignore Ms. Lively's reliance on other jurisprudence, including from *this District*, that requires far more specificity to comply with Rule 8. *See* Mot. at 32 (citing cases). Further, Plaintiffs fail to address falsity in detail. Without supporting facts, Plaintiffs conclude that the FAC "alleges that these statements were (and are) false." Opp. at 20.

---

[13] Ms. Lively refers to the "CRD Complaint" as both the required intake form (Dkt. 21-1 at 5-7) and the attachment detailing the misconduct in the form of a federal complaint (Dkt. 21-2). Dkt. 26 at 4. Plaintiffs, however, refer to these separately as the "CRD Complaint" and "Draft Complaint." Opp. at 4.

### 2. Plaintiffs Concede That The Complaint Does Not Plausibly Plead Any Statements Capable Of A Defamatory Meaning.

Plaintiffs fail to confront Ms. Lively's argument that the FAC fails to state a claim for defamation by implication because the inference on which it is based—that a reader would view the caption of the CRD Form and Attached CRD Complaint and infer that Plaintiffs engaged in sexual harassment—is unreasonable. *Compare* Mot. at 34-38, with Opp. at 25-27. Plaintiffs have thus abandoned their implied defamation claim by failing to defend it, and they rest their case solely on the Challenged Statements at FAC ¶¶ 29 and 30. *Black*, 461 F.3d at 588, n.1; Mot. at 22.

Plaintiffs' response to the argument that the allegedly defamatory content is not more damaging than the admitted truth misses the point. *See* Opp. at 26; Mot. at 36. Plaintiffs assert that it would be detrimental to their name to falsely accuse them of "weaponizing a digital army" in retaliation for reporting sexual harassment. Opp. at 20. But the admitted truth is that Ms. Lively reported sexual harassment to Wayfarer, which prompted TAG to approach Plaintiffs about engaging in a "social/digital mitigation and remediation" campaign on behalf of Wayfarer, which prompted Plaintiffs to, in fact, perform a "job" for Wayfarer, TAG, and Baldoni. Mot. at 36. In other words, Plaintiffs admit that Wayfarer hired them to engage in a public relations mitigation and remediation plan in direct response to Ms. Lively's reports of sexual harassment. There is no difference between that truth, and the alleged defamation.

### 3. Plaintiffs Fail To Sufficiently Plead Fault.

Plaintiffs further fail to overcome that the FAC does not plead any facts demonstrating that Ms. Lively should have known that Plaintiffs did not assist the Wayfarer parties, TAG, Nathan, and Abel in their retaliatory efforts to "bury" her. *Compare* Mot. at 38-40, *with* Opp. at 27. Nor can they. The First-Filed Court recently considered a similar allegation in the NY Litigation, holding that there is "no basis to infer anything other than that" Ms. Lively filed her complaint in

that case, based on the CRD Complaint, in "good faith." Ex. A; *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049, 2025 WL 1637019, at *37 (S.D.N.Y. June 9, 2025). The only "fact" to which Plaintiffs point with respect to fault is the Rule 202 Petition. However, Plaintiffs do not address any of the arguments in the Motion, including how the act of filing the Rule 202 Petition *after* publishing the allegedly defamatory statements possibly could demonstrate state of mind at the time of publication. *See* Mot. at 39. For the same unrebutted reasons explained in the Motion, the Rule 202 Petition does not support a finding of negligence. *Id*.

    **4.**    **Plaintiffs Have Failed To Sufficiently Allege Defamation *Per Se*, Which Means They Must But Have Failed To Plead Damages.**

Plaintiffs' defamation *per se* hinges on arguing that Ms. Lively accuses Plaintiffs of sexual harassment. Opp. at 22. But the CRD Complaint speaks for itself, and it does not include any accusation that Plaintiffs engaged in sexual harassment. Dkt. 21-1, 21-2; *Watkins v. Tex. Dep't of Criminal Justice*, 269 Fed. Appx. 457, 465 (5th Cir. 2008) (affirming dismissal where plaintiff "presented no evidence of any specific defamatory statements"). Plaintiffs' claim that accusing Wallace of "weaponize[ing] a digital army" harms him in his profession is not credible since he has built a book of clients by doing just that to help his clients mitigate crises. Dkt. 21 ¶¶ 19, 22. Indeed, Plaintiffs' ability to weaponize a digital army and launch the type of social media campaign they did with respect to Ms. Lively could be *good* for Plaintiffs' business. Wallace admits that the real harm to his profession is not what Ms. Lively said (which he must prove to state a claim for defamation *per se*) but rather that his work for the Wayfarer Parties has lost its cloak of anonymity. *See* Opp. at 29. That Plaintiffs' covert actions are now the subject of litigation does not make Ms. Lively's CRD Form and Attached CRD Complaint defamatory *per se*.

Plaintiffs' attempt to show that they have sufficiently alleged damages by pointing to vague allegations projecting a $1,000,000 loss fails. Opp. at 22 (citing Dkt. 21 ¶¶ 51-55). Plaintiffs do

not, and cannot, point to any factual allegations demonstrating how the allegedly defamatory content *caused* such alleged loss. *See* Mot. at 40.

### 5. The CRD Complaint Is Privileged Under California Law.

Plaintiffs state that "Texas law should apply" but fail to provide any argument or basis for why that should be the case. *See* Opp. at 23.[14] For the reasons explained in the Motion, California law should apply. Mot. at 41. The First-Filed Court made such a determination in the NY Litigation when it determined that the statements in the CRD Complaint and the alleged "leak" of the CRD Complaint were privileged. Ex. A; *Lively*, 2025 WL 1637019, at *18. [15] This Court should do the same, especially considering that Plaintiffs do not even attempt to mount a serious argument for the application of Texas law. Under California law, the litigation, fair report, and sexual harassment privileges, which appear on the face of the FAC, bar Plaintiffs' defamation claim.

#### a. Plaintiffs Concede That The Litigation Privilege Protects The Statements In The CRD Complaint.

Plaintiffs concede that the statements in the CRD Complaint are protected under the litigation privilege under California law, which is consistent with the First-Filed Court's holding. Ex. A; *Lively*, 2025 WL 1637019, at *35-36 (citing *People ex rel. Gallegos v. Pac. Lumber Co.*, 158 Cal. App. 4th 950, 958, 70 Cal. Rptr. 3d 501, 508 (2008) (the litigation privilege is "interpreted broadly" to apply to "*any* communication" having "some relation" to a judicial or quasi-judicial proceeding, "irrespective of the communication's maliciousness or untruthfulness") (internal

---

[14] Plaintiffs merely conclude, without support, that "[i]n any event Texas law should apply," California law is an "incorrect choice," New York law is "more plausible choice than California," and that "Texas law should apply and the California Civil Code § 47.1 privilege should not." Opp. at 23-25; *see Kinect Solar, LLC v. Panasonic Corp. of N. Am.*, No. 1:20-CV-378-LY, 2020 WL 6385292, at *4 (W.D. Tex. Oct. 30, 2020) (a plaintiff must do more than respond in "conclusory fashion" to an argument in a motion to dismiss).

[15] The First-To-File Rule and issue preclusion favor deferring to the decision in the NY Litigation. *See*, supra, n. 3, § I.A.1.

quotations omitted)). Instead, Plaintiffs argue that the litigation privilege under California law "does not protect press releases." Opp. at 23-24. But Plaintiffs never allege that the CRD Form or the Attached CRD Complaint are "press releases" or that Lively or her agents issued a "press release" that included allegedly defamatory statements. Thus, the California cases cited by Plaintiffs, none of which concern communications made in a judicial or quasi-judicial proceeding, do not apply. Opp. at 23-24. Moreover, that Ms. Lively or her agents may have "leaked" the CRD Complaint "to the public" has no bearing on the applicability of the litigation privilege. *Id.*; Ex. A; *Lively*, 2025 WL 1637019, at *35-36.

### b. The Common Law And California Fair Report Privilege Protects Any Sharing Of The CRD Complaint To The Media.

The fair report privilege under common law and California law shield Ms. Lively from liability for allegedly sharing the CRD with the media. Dkt. 21 ¶ 24.[16] The First-Filed Court confirmed that the California fair report privilege "applies to Lively providing the complaint to the Times" because it is a "communication to" a "public journal" of statements "said in the course" of an "official proceeding." Ex. A; *Lively*, 2025 WL 1637019, at *36 (citing Cal. Civ. Code § 47(d)). The court explained that in 1996, the California legislature extended the privilege for this exact situation—"to protect individuals who communicate litigation statements to the press." *Id*.

In the Opposition, Plaintiffs reinterpret the FAC as purporting to allege that Ms. Lively or her agents communicated the allegations in the CRD Complaint "as facts" to media, citing *Healthsmart P., Inc. v. Kabateck*, 7 Cal. App. 5th 416, 435 (Cal. App. 2d Dist. 2016). Opp. at 25. But the FAC merely alleges that Ms. Lively "went far beyond merely saying 'these are my allegations'" in reference to the contents in the CRD Complaint (Dkt. 21 ¶¶ 32-33), *not* with

---

[16] Because Plaintiffs never contest the application of the common law fair report privilege, that argument is waived. *Stratta*, 2021 WL 1199634, at *6.

respect to statements to the media (Dkt. 21 ¶ 39). But no matter what Ms. Lively alleged or how "far" those allegations went, her CRD Complaint is protected. There is no requirement that pleadings include only the bare minimum of facts.

### c. The Sexual Harassment Privilege Protects Ms. Lively's Statements.

Plaintiffs argue that the sexual harassment privilege does not apply because "Wallace has alleged actual malice" and that one statement—that Plaintiffs "weaponized a digital army around the country from New York to Los Angeles to create, seed, and promote content that appeared to be authentic on social media platforms and internet chat forums" (out of many)—is not covered by the privilege. Opp. at 25.[17] Plaintiff ignore that the sexual harassment privilege protects statements about not only harassment and retaliation, but also aiding and abetting the same—including by executing a "social combat plan." Further, Plaintiffs do not adequately allege that Ms. Lively made the statements even with negligence, let alone actual malice. Moreover, the broad immunity provided by the sexual harassment privilege[18] covers that one statement because it is "related to an incident of sexual assault, harassment, or discrimination" (Cal. Civ. Code § 47.1(d)), which is why it is included in the CRD Complaint.[19]

## II. CONCLUSION

Ms. Lively respectfully requests that this Court dismiss this case with prejudice and award her attorney's fees and costs under Cal. Code Civ. Proc. § 425.16(c)(1) and Cal. Civ. Code § 47.1(b).

---

[17] Plaintiffs do not dispute and thus concede that the other statements are subject to the sexual harassment privilege and that it applies to communications to the press. Cal. Civ. Code § 47.1(a); *Stratta*, 2021 WL 1199634, at *6.
[18] Dkt. 26-17.
[19] The privilege applies to communications about "an act of retaliation against a person for reporting or opposing workplace harassment or discrimination." Cal. Civ. Code § 47.1(d)(3).

Respectfully submitted,

*/s/ Laura Lee Prather*
Laura Lee Prather
Texas Bar No. 16234200
laura.prather@haynesboone.com
Catherine L. Robb
Texas Bar No. 24007924
catherine.robb@haynesboone.com
Michael J. Lambert
Texas Bar No. 24128020
michael.lambert@haynesboone.com
Reid Pillifant
Texas Bar No. 24126157
reid.pillifant@haynesboone.com

**HAYNES AND BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

**ATTORNEYS FOR DEFENDANT
BLAKE LIVELY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of June 2025, a true and correct copy of the above document was served via the CM/ECF system to all counsel of record.

*/s/ Laura Lee Prather*
Laura Lee Prather