IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JED WALLACE, § | | |
| STREET RELATIONS, INC., § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CASE NO. 1:25-cv-00163-DAE | |
| § | | |
| BLAKE LIVELY, § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR AN ORDER REQUIRING THE PARTIES TO CONFER AND SUBMIT A PROPOSED SCHEDULING ORDER TO THE COURT**

Defendant Blake Lively files this Response ("Response") to Plaintiffs' Motion for an Order Requiring the Parties to Confer and Submit a Proposed Scheduling Order to the Court ("Motion") and shows the following:

Both parties agree with requesting that the Court hold an initial status conference.

Despite this, Plaintiffs have filed a "Motion to Compel" asking the Court to mandate that the parties engage in a Rule 26(f) conference for the sole purpose of starting discovery in a case over which many threshold issues remaining pending—whether the First-to-File Rule demands dismissal, whether there is personal jurisdiction over Ms. Lively, whether venue is proper in this District, and whether the Plaintiffs' sole defamation claim has merit. *See* Defendant's Motion to Dismiss the Amended Complaint, Dkt. 26. Judge Liman has squarely addressed the merits of the claim brought by Plaintiffs herein – for defamation arising out of Ms. Lively's filing of a CRD Complaint – and held that there is no cognizable claim for defamation because the statements made therein are privileged as a matter of law. *See Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR AN ORDER REQUIRING
THE PARTIES TO CONFER AND SUBMIT A PROPOSED SCHEDULING ORDER TO THE COURT**     1

10049-LJL, SDNY Dkt. 296 at 38 ("the statements in [Ms. Lively's] CRD complaint … are privileged") (dismissing claims brought by Plaintiffs' employers based on statements made in Ms. Lively's CRD Complaint).

Plaintiffs further refer to their "multiple attempts" to engage Ms. Lively's counsel in a conference when counsel has heard nothing from Plaintiffs since the week of June 16, when counsel was out of the country. Instead, Plaintiffs have focused their attention on the first-filed case in SDNY, engaging in a multitude of filings involving discovery disputes and refusing to produce Plaintiff Wallace for a deposition.[1] In the intervening time in Texas, the Hill Country – more specifically Hunt, Texas in Kerr County – experienced catastrophic flooding resulting in the loss of more than one hundred lives. Lead counsel for Ms. Lively has family and property and, like others, has lost people she knows in the flood-ravaged community of Hunt, Texas. Still, after a month of silence, Plaintiffs' counsel reached out by email on July 17, imposing an arbitrary deadline for a response of the next day at noon – despite being advised that counsel was out of town with intermittent connectivity. Fortunately, Ms. Lively's counsel was able to respond to the arbitrary demand by noon the next day and sent the following email:

> Hi Carl,
>
> I hope you are doing well. I'm out of town at the moment (and have intermittent internet) but am not opposed to requesting a status conference as long as it is at a mutually convenient time.
>
> We do not agree to scheduling a Rule 26f conference at this time because we do not believe that discovery should occur in this matter until after the Court determines if the case is properly before it.
>
> If y'all are putting together a motion, we would appreciate the opportunity to review prior to filing.

---

[1] Plaintiffs have repeatedly represented in the Southern District of New York that Plaintiff Wallace's current health condition prevents him from fully engaging in discovery, which further begs the question of why the rush to start discovery in this case?

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR AN ORDER REQUIRING THE PARTIES TO CONFER AND SUBMIT A PROPOSED SCHEDULING ORDER TO THE COURT**       2

> Thanks and take care,
> Laura

Plaintiffs responded by filing of an unnecessary (and mislabeled) "motion to compel." Dkt. 34.

As previously indicated, Ms. Lively does not oppose an initial status conference with this Court. What she does oppose is starting discovery at this time while preliminary issues of jurisdiction and venue are yet to be decided and when Judge Liman has ruled that defamation claims arising out of Ms. Lively's CRD Complaint (the exact claim raised herein) lack merit and cannot survive a Rule 12(b)(6) motion. SDNY Dkt. 296.

                Respectfully submitted,

                */s/ Laura Lee Prather*
                Laura Lee Prather
                Texas Bar No. 16234200
                laura.prather@haynesboone.com
                Catherine L. Robb
                Texas Bar No. 24007924
                catherine.robb@haynesboone.com
                Michael J. Lambert
                Texas Bar No. 24128020
                michael.lambert@haynesboone.com
                Reid Pillifant
                Texas Bar No. 24126157
                reid.pillifant@haynesboone.com

                **HAYNES AND BOONE, LLP**
                98 San Jacinto Blvd., Suite 1500
                Austin, Texas 78701
                Telephone: (512) 867-8400
                Facsimile: (512) 867-8470

                **ATTORNEYS FOR DEFENDANT BLAKE LIVELY**

## **CERTIFICATE OF SERVICE**

I certify that on July 21, 2025, a true and correct copy of the above document was served via the CM/ECF system on all counsel of record.

*/s/ Laura Lee Prather*
Laura Lee Prather