IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JED WALLACE,<br>STREET RELATIONS, INC.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY,<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§　　CASE NO. 1:25-cv-00163-DAE<br>§<br>§<br>§<br>§ |

## DEFENDANT'S NOTICE OF ORDER IN NEW YORK LITIGATION

Defendant Blake Lively files this Notice of Order in New York Litigation ("Notice") to clarify that the Southern District of New York's dismissal, *without prejudice*, of Ms. Lively's claims against Plaintiffs Jed Wallace ("Wallace") and Street Relations, Inc. ("Street") under Rule 12(b)(2) has no bearing on personal jurisdiction in this case.[1] *See Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL, SDNY Dkt. 426. Whether the Southern District of New York has jurisdiction over Ms. Lively's claims against Plaintiffs *in New York* is irrelevant to whether *this* Court has jurisdiction over Plaintiffs' claims against Ms. Lively, a non-resident, *in Texas* in a case arising out of the filing of the CRD Complaint in *California*.[2] Dkt. 26 at 16-20; Dkt. 32 at 6-9.

---

[1] Personal jurisdiction must be determined on a case-by-case basis, focusing on whether the defendant in each case has the requisite contacts with the forum state. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006) (it would violate due process to base personal jurisdiction over one claim on personal jurisdiction over a different claim).

[2] In the NY Litigation, Wallace submitted testimony that he "considered the impact of [his] work to be in California" and that he was "doing business and providing [his] services to individuals in California." SDNY Dkt. 142-1, Dkt. 26-14 ¶ 28. In this case, Plaintiffs have admitted that the statements at issue "emanated in California." Dkt. 29 at 11. If the court believes that personal jurisdiction and venue are proper in California, where Street was incorporated when this case began, it can transfer this case to the Central District of California *sua sponte*.

Moreover, Plaintiffs fail to advise the Court that Ms. Lively has been given leave to amend her complaint against them by July 30, 2025. SDNY Dkt. 426 at 37.

By contrast, the Southern District of New York's dismissal, *with prejudice*, of defamation claims brought against Ms. Lively based on the filing of the CRD Complaint—the same claim that Plaintiffs have brought against Ms. Lively here—is relevant to the merits of this case. SDNY Dkt. 296; *see* Dkt. 32 at 1-4, 13-35. Judge Liman held that statements in the CRD Complaint alleging harassment and retaliation are protected under the litigation privilege, and providing the CRD Complaint to the media is protected under the fair report privilege. SDNY Dkt. 296; *see* Dkt. 26 at 30-32, Dkt. 32 at 1-2, 33-35.

Respectfully submitted,

 */s/ Laura Lee Prather*
Laura Lee Prather
Texas Bar No. 16234200
laura.prather@haynesboone.com
Catherine L. Robb
Texas Bar No. 24007924
catherine.robb@haynesboone.com
Michael J. Lambert
Texas Bar No. 24128020
michael.lambert@haynesboone.com
Reid Pillifant
Texas Bar No. 24126157
reid.pillifant@haynesboone.com

**HAYNES AND BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

**ATTORNEYS FOR DEFENDANT BLAKE LIVELY**

## **CERTIFICATE OF SERVICE**

I certify that on July 22, 2025, a true and correct copy of the above document was served via the CM/ECF system on all counsel of record.

*/s/ Laura Lee Prather*
Laura Lee Prather