IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JED WALLACE,<br>STREET RELATIONS, INC., | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| V. | § <br> § | CASE NO. 1:25-CV-00163-DAE |
| BLAKE LIVELY, | § <br> § <br> § | |
| Defendant. | § | |

---

**REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR COSTS AND ATTORNEY'S FEES**

---

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................ ii

ARGUMENT ............................................................................................................... 1

    I.      Section 47.1 Applies in Federal Court. ................................................... 1

    II.     California Law, Including Section 47.1, Applies to Ms. Lively's Fee
           Claims. ..................................................................................................... 3

    III.    Ms. Lively Is Entitled to Costs and Fees Under Section 47.1. ............... 5

         A.    Ms. Lively "Successfully Defended" Herself "in the Litigation"
              Notwithstanding that Plaintiffs Failed to Establish Personal
              Jurisdiction. ................................................................................. 5

         B.    Plaintiffs Failed to Carry Their Burden to Prove Malice. ........... 7

         C.    Ms. Lively Is a Prevailing Defendant Within the Meaning of
              Section 47.1. ................................................................................ 8

CONCLUSION ........................................................................................................... 10

CERTIFICATE OF SERVICE ................................................................................... 12

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,*
    421 U.S. 240 (1975)...........................................................................................................................2

*Berk v. Choy,*
    607 U.S. 187 (2026).......................................................................................................................1, 2

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,*
    498 U.S. 533 (1991).........................................................................................................................2

*Cain v. Hearst Corp.,*
    878 S.W.2d 577 (Tex. 1994)............................................................................................................4

*Camacho v. Texas Workforce Comm'n,*
    445 F.3d 407 (5th Cir. 2006) ..........................................................................................................2

*Chambers v. NASCO, Inc.,*
    501 U.S. 32 (1991)...........................................................................................................................2

*Coltrain v. Shewalter,*
    66 Cal. App. 4th 94 (1998) .............................................................................................................9

*DisputeSuite.com, LLC v. Scoreinc.com,*
    2 Cal. 5th 968 (2017) ......................................................................................................................9

*Exxon Corp. v. Burglin,*
    42 F.3d 948 (5th Cir. 1995) ............................................................................................................2

*Guidry v. U.S. Tobacco Co.,*
    188 F.3d 619 (5th Cir. 1999) ..........................................................................................................6

*Kapellas v. Kofman,*
    1 Cal. 3d. 20 (1969) ........................................................................................................................6

*Klocke v. Watson,*
    936 F.3d 240 (5th Cir. 2019) ..........................................................................................................2

*Lively v. Wayfarer Studios LLC,*
    2026 WL 905447 (S.D.N.Y. Apr. 2, 2026)....................................................................................8

*Lively v. Wayfarer Studios LLC,*
    786 F. Supp. 3d 695 (S.D.N.Y. 2025)............................................................................................4

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**

*Lively v. Wayfarer Studios LLC*,
   No. 24-CV-10049, 2026 WL 852733 (S.D.N.Y. Mar. 27, 2026) ...............................................3

*Nix v. MLB*,
   62 F.4th 920 (5th Cir. 2023) ...........................................................................................3, 4, 5

*O'Gara v. Binkley*,
   384 F. Supp. 3d 674 (N.D. Tex. 2019) .............................................................................6

*Pfeiffer Venice Props. v. Bernard*,
   101 Cal. App. 4th 211 (2002) ...........................................................................................9

*Rogge v. Bandera Falls Prop. Owner's Ass'n*,
   No. SA-07-CA-996-OLG, 2009 WL 10713210 (W.D. Tex. Aug. 11, 2009)...........................6

*Santisas v. Goodin*,
   17 Cal. 4th 599 (1998) ...................................................................................................10

**Statutes**

Cal. Civ. Code § 47.1(a) ...................................................................................................6

Cal. Civ. Code § 47.1(b) ...................................................................................................9

Cal. Civ. Code § 1717(a) ...................................................................................................9

**Other Authorities**

Alaska R. Civ. P. 82(a) ...................................................................................................2

Restatement (Second) of Conflict of Laws § 6 cmt. e. ....................................................5

iii

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**

## ARGUMENT

Despite the rhetoric in Plaintiffs' opposition brief, this motion calls for a straightforward application of statutory text: Plaintiffs sued Ms. Lively for defamation based on a "communication . . . regarding an incident of sexual . . . harassment, or discrimination" that a New York federal court has already held was based on a reasonable belief that such harassment and discrimination occurred. And although it was Plaintiffs' burden to prove that Ms. Lively made those statements with malice, they did not do so. Instead, Ms. Lively "successfully defend[ed]" herself "in the litigation." The Court therefore "shall" award Ms. Lively her costs and attorney's fees.

Plaintiffs' various objections either ignore or fail to disturb that straightforward reasoning. And Plaintiffs' procedural arguments have no merit: Section 47.1 is plainly a substantive fee-shifting provision that applies in federal court, and California law (including Section 47.1) applies to Ms. Lively's fee-shifting claim because it applied to Plaintiffs' affirmative claims. Thus, although Plaintiffs' opposition brief feigns surprise that Ms. Lively would seek compensation for the harm they chose to inflict on her by bringing this retaliatory litigation, they have nobody but themselves to blame for that choice—and the consequences Section 47.1 imposes for it.

## I. Section 47.1 Applies in Federal Court.

Plaintiffs' lead argument is that Section 47.1 is a "procedural state law" that does not apply in federal diversity litigation. Opp. at 7. That is incorrect. As Plaintiffs concede, in "diversity actions like this one, state substantive law applies," unless it is preempted by a valid Federal Rule. *Id.* at 6; *see Berk v. Choy*, 607 U.S. 187, 192 (2026).[1] In other, more difficult cases, that can require courts to wade into "*Erie's* murky waters," and determine whether a particular state law is

---

[1] Plaintiffs do not contend that any Federal Rule applies to the question of Ms. Lively's right to attorney's fees as a prevailing defendant, and none does. Plaintiffs' argument thus comes down to whether Section 47.1 qualifies as "substantive" for purposes of *Erie*. The answer is yes, for the reasons set forth below.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**

substantive or procedural. *Berk*, 607 U.S. at 192. But here, those "murky waters" are clear: "fee-shifting statutes limiting fee awards to prevailing parties are substantive for *Erie* purposes." *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 412 (5th Cir. 2006); *see Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52 (1991) ("a statute which permits a prevailing party in certain classes of litigation to recover fees" is substantive under *Erie*). For example, in *Exxon Corp. v. Burglin*, 42 F.3d 948 (5th Cir. 1995), the Fifth Circuit confronted an Alaska rule that awards attorney's fees to "the prevailing party in a civil case," Alaska R. Civ. P. 82(a). The Fifth Circuit explained that Alaska Rule 82 "hinge[d] an award on success in the underlying lawsuit," a "critical[]" distinction reflecting "the blurry line between substance and procedure," and rendering Rule 82 substantive. *Exxon Corp.*, 42 F.3d at 950-53.[2] As is undisputed, the same is true of Section 47.1.[3]

---

[2] This distinction also explains why Rule 11 does not speak to the same question as, much less conflict with, Section 47.1 or other state-law fee-shifting statutes. "Rule 11 sanctions do not constitute the kind of fee shifting at issue in *Alyeska*. Rule 11 sanctions are not tied to the outcome of litigation; the relevant inquiry is whether a specific filing was, if not successful, at least well founded. Nor do sanctions shift the entire cost of litigation; they shift only the cost of a discrete event. Finally, the Rule calls only for 'an appropriate sanction'—attorney's fees are not mandated. . . . . Rule 11 is not a fee-shifting statute." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 553 (1991).

[3] Plaintiffs' reliance on cases involving state anti-SLAPP statutes does not change this conclusion. Certain state anti-SLAPP fee-shifting provisions may not be applicable in federal court because they are inseparable from *other* anti-SLAPP provisions that may conflict with the Federal Rules—something that, again, Plaintiffs do *not* contend is true of Section 47.1. For example, as the Fifth Circuit explained in *Klocke v. Watson*, a prior version of Texas's anti-SLAPP statute conflicted with the Federal Rules by imposing additional procedural requirements in order to survive a motion to dismiss, while limiting discovery except for "good cause." 936 F.3d 240, 246 (5th Cir. 2019). Even so, the Fifth Circuit expressly declined to reach the issue of whether the anti-SLAPP statute's fee-shifting provision conflicted with the Federal Rules. *Id.* at 247 n.6. In contrast to anti-SLAPP statutes tying fee-shifting to distinctive state-law procedures, Section 47.1 mandates a fee award that "hinge[s]" only "on success in the underlying lawsuit," not any procedure that conflicts with the Federal Rules. *Exxon Corp.*, 42 F.3d at 952. Plaintiffs do not argue otherwise.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**

**II.       California Law, Including Section 47.1, Applies to Ms. Lively's Fee Claims.**

Plaintiffs agree that the relevant choice-of-law framework is Section 145 of the Second Restatement, which looks to "(i) where the injury occurred; (ii) where the tortious conduct occurred; (iii) where the parties reside, are domiciled, are incorporated, and conduct business; and (iv) where the relationship between the parties is centered." *Nix v. MLB*, 62 F.4th 920, 932 (5th Cir. 2023); *see* Motion at 12; Opp. at 8. But Plaintiffs misapply those factors, and ignore Fifth Circuit precedent dictating application of California law here.[4]

*First*, Plaintiffs effectively ignore the essential factor of "where the [allegedly] tortious conduct occurred." *Nix*, 62 F.4th at 932. That allegedly tortious conduct took place primarily in California, where Ms. Lively filed the CRD Complaint. Plaintiffs now change course, asserting that their claims are actually about "Lively's subsequent efforts to *publicize* the CRD Complaint to news media, particularly *The New York Times*." Opp. at 11. But that recharacterization of Plaintiffs' claims ignores that Plaintiffs *did* assert their defamation claims here based on the filing of the CRD Complaint itself. Dkt. No. 21 at 1. And it also ignores that a claim based on *publicizing* California-based conduct in other jurisdictions still has a California nexus.  In fact, **when Plaintiffs sued the New York Times itself for *the very same events*—the *Times*' publication of an article about the CRD Complaint—Plaintiffs did so *in California* and *under California law*.** Dkt. 26-7 (Plaintiffs' California complaint, invoking California law, *see id.* ¶¶ 132, 141, including by expressly asserting a claim for false light, *id.* ¶¶ 134-42, a tort that exists under California law but

---

[4] Plaintiffs assert that there would be no conflict between Texas and New York law because New York law purportedly does not mandate fee-shifting in a circumstance like this one. Opp. at 11. To the contrary, New York law creates a substantive cause of action for a "defendant in an action involving public petition and participation" to recover attorney's fees and damages from a plaintiff who "commenced or continued" such an action. *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049, 2026 WL 852733, at *3 (S.D.N.Y. Mar. 27, 2026). To the extent New York law were to apply, that would mean that Ms. Lively could seek the same relief in an independent anti-SLAPP lawsuit under New York law, rather than via a California Section 47.1 fee-shifting claim.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**

not Texas law, *see Cain v. Hearst Corp.*, 878 S.W.2d 577, 584 (Tex. 1994), or New York law, *see Lively v. Wayfarer Studios LLC*, 786 F. Supp. 3d 695, 782 (S.D.N.Y. 2025)); *see also* Dkt. 26-7 ¶¶ 44-45 (Plaintiffs invoking California jurisdiction in their suit **against the *New York Times*** because "at least some of the obligations, liabilities, and breaches complained of herein arose or occurred in the County of Los Angeles"). The Court should not credit Plaintiffs' newfound realization that New York law should apply to the very conduct that they previously asserted was subject to California law. This Section 145 factor weighs heavily in favor of California law.

*Second*, Plaintiffs deny that there is any relevant "relationship" to weigh in this calculus, arguing that this factor is "neutral." Opp. at 11. But Plaintiffs do not dispute that, as Mr. Wallace has sworn on the record, throughout the time he was performing services relating to Ms. Lively, he understood himself to be "doing business and providing" his services to individuals in California and that is where he "considered the impact of" his work to be located. *See* Dkt. 24-2 at 18-19. California is both where *Plaintiffs* understood "the impact" of their work to have occurred, and where Ms. Lively filed the claim arising from that work, which is in turn the subject of this case. Any relevant relationship between these parties was centered in California.

*Third*, Plaintiffs place their emphasis on the place of injury, which (in Plaintiffs' telling) equates to the place where Mr. Wallace resides and where Street Relations is headquartered (although not—as Plaintiffs concede—where Street Relations was *incorporated* at the relevant time). In other words, Plaintiffs' argument is that Texas law should apply to this defamation case because they were residing in Texas when the challenged statements were made. But Plaintiffs ignore *Nix v. MLB*, a Fifth Circuit case that squarely holds that a plaintiff's mere residence in Texas is insufficient to trigger application of Texas law when the other § 145 factors point elsewhere. Here, other than Plaintiffs' alleged residence (even setting aside Street's California incorporation)

4

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**

there are no non-conclusory allegations that connect Plaintiffs' claimed injuries "to Texas specifically." *Nix*, 62 F.4th at 932. Indeed, Plaintiffs cannot deny that their allegations complain of "Lively's publication of the CRD Complaint to news media *in New York and elsewhere.*" Opp. at 10 (emphasis added). As in *Nix*, Plaintiffs allege injury based upon the alleged spread of the statements "span[ning] the entire country," and not in Texas specifically. *Nix*, 62 F.4th at 932. As in *Nix*, that is insufficient to trigger application of Texas law in a defamation case. *Id.* Plaintiffs have no answer to this argument, and do not even mention *Nix*.

Finally, Plaintiffs brush off the supporting Section 6 factors, but they do not dispute that "the purposes sought to be achieved by [Section 47.1] would be furthered by its application" to this case, which is "a weighty reason why such application should be made." Restatement (Second) of Conflict of Laws § 6 cmt. e. Instead, Plaintiffs simply fall back on Texas's interest "in protecting its residents from defamation" (Opp. at 12)—which is insufficient under *Nix*, *supra* at 4-5—and New York's "interest in regulating the conduct of its citizens" (Opp. at 12)—which, if it mandated application of New York law, would simply give Ms. Lively a New York anti-SLAPP claim.

**III.    Ms. Lively Is Entitled to Costs and Fees Under Section 47.1.**

   **A.    Ms. Lively "Successfully Defended" Herself "in the Litigation" Notwithstanding that Plaintiffs Failed to Establish Personal Jurisdiction.**

Plaintiffs argue that the Court "did not – and cannot – decide the merits of Lively's privilege defense" because it dismissed the case for lack of personal jurisdiction. Opp. at 13-14. But any suggestion that Plaintiffs' failure to bring their claims in a proper court immunizes them from fee-shifting misses the point. And Plaintiffs misconstrue the cases on which they rely: the fact that a court lacking personal jurisdiction over a defendant cannot reach the merits of a claim against that defendant does not mean that a *plaintiff* can file meritless claims against privileged conduct without consequence, as long as their jurisdictional allegations are meritless as well.

5

<u>**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**</u>

Plaintiffs' entire argument on this point rests on the uncontroversial proposition that "a dismissal for lack of personal jurisdiction . . . is not a judgment on the merits." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999); Opp. at 13-14. According to Plaintiffs, that means that the Court cannot have made the "merits" determinations that Plaintiffs suppose must be essential to Ms. Lively's Section 47.1 motion. But that makes *Ms. Lively*'s point: because it was Plaintiffs' burden to prove (not just allege) that the allegedly defamatory statements were "unprivileged," Plaintiffs' failure to reach the merits entails that they did not carry that burden. As discussed in Ms. Lively's motion, "a requisite element of a libel claim under California law is that the allegedly defamatory statement be unprivileged." *O'Gara v. Binkley*, 384 F. Supp. 3d 674, 689 (N.D. Tex. 2019).[5] As federal courts applying California defamation law (and the Section 47 privileges) routinely explain, "[t]he defendant initially bears the burden of proving that the statement was made on a privileged occasion." *Rogge*, 2009 WL 10713210, at *4. But as is well established, a court can (and at the motion to dismiss stage, must) make that determination not by requiring the defendant to offer evidence of her own, but solely by looking to the allegations in the plaintiff's complaint. *See O'Gara*, 384 F. Supp. 3d at 689 (because it is plaintiff's burden to allege that an allegedly defamatory statement is "unprivileged," "[i]t is proper for a court to determine at the motion-to-dismiss stage whether the [Section 47] common-interest privilege applies"); *Kapellas v. Kofman*, 1 Cal. 3d. 20, 28 (1969) (the plaintiff's burden is triggered where its allegations "disclose" that the challenged statements were made on a privileged occasion). Stated

---

[5] As discussed in Ms. Lively's motion, Section 47 codifies California's defamation privileges, and Section 47.1 makes certain additional types of communications "privileged under Section 47." Cal. Civ. Code § 47.1(a). And as these Texas case citations illustrate, courts around the country routinely apply Section 47's privileges where California law applies to the underlying defamation claim. *See, e.g.*, *O'Gara*, 384 F. Supp. 3d at 689*; Rogge v. Bandera Falls Prop. Owner's Ass'n*, No. SA-07-CA-996-OLG, 2009 WL 10713210, at *4 (W.D. Tex. Aug. 11, 2009).

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**

differently, in cases like this one, Section 47.1's fee-shifting provision does not require a defendant to prove any affirmative facts of her own. Instead, Section 47.1 attaches consequences to a *plaintiff*'s failure to prove that an allegedly defamatory statement was unprivileged. Imposing those consequences on a plaintiff does not require the Court to first have personal jurisdiction over the defendant. Under Section 47.1's text, the only way to stop Ms. Lively from being a "prevailing defendant" who "successfully defend[ed]" herself "in the litigation" was to win the "litigation," which Plaintiffs did not do.

Further, Plaintiffs' proposed rule would undermine the purposes of Section 47.1, which was enacted to deter retaliatory litigation. Motion at 5-6. Of course, retaliatory litigation can take many forms, including *and especially* litigation filed in a forum where the defendant is not subject to personal jurisdiction: haling a defendant into a faraway court and subjecting her to the burden and expense of defending a lawsuit there can have the same retaliatory purpose and effect as bringing the same claims in the proper court. It would be perverse to *reward* retaliatory plaintiffs for their failure to file in the right court. And the incentives that such a rule would create would be absurd: plaintiffs with a retaliatory purpose would have a free pass under Section 47.1 to file in every jurisdiction but the right one, and in many cases could achieve their retaliatory objectives by picking a "wrong" jurisdiction in which to file their claim. Consistent with its purpose, the text of Section 47.1 compels a different rule: defendants are entitled to fee-shifting for "successfully defending" themselves, no matter whether that "success" is on jurisdictional or merits grounds.

### B.    Plaintiffs Failed to Carry Their Burden to Prove Malice.

For similar reasons, Plaintiffs' defense of their allegations of malice (Opp. at 14-17) is beside the point. Plaintiffs assume that if only their allegations had been sufficient to allege malice at the motion-to-dismiss stage, that would defeat the privilege. But because Section 47.1 ties fees to the outcome of "the litigation," rather than to the outcome of a motion to dismiss, Plaintiffs'

7

REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES

burden was not to *allege* malice, but to *prove* it. Because Plaintiffs could not even survive a Rule 12(b)(2) motion, they necessarily did not carry their burden, and Ms. Lively's statements are presumptively privileged. In sum, in order to avoid application of the Section 47.1 privilege, the plaintiff needs to do more than sufficiently plead malice, or avoid a "determination" that the challenged statements were made "without malice": the plaintiff needs to *win the case*. Otherwise, the defendant has "successfully defend[ed]" herself "in the litigation," and is entitled to fees.

But even if this Court were required to engage in an independent evaluation of Plaintiffs' allegations of malice at this juncture, those allegations would not pass the smell test. As Ms. Lively explained at the motion to dismiss stage, Plaintiffs allege malice only by misrepresenting the contents of the documents attached to and incorporated into their Amended Complaint: contrary to Plaintiffs' description, Ms. Lively never alleged that Plaintiffs engaged in sexual harassment. Dkt. 26 at 34-35. Plaintiffs' attempt to establish malice by alleging that Ms. Lively did not believe something that she never actually alleged. That is sleight of hand, rather than legal reasoning. Plaintiffs did not come close to alleging malice, much less proving it.[6]

### C.      Ms. Lively Is a Prevailing Defendant Within the Meaning of Section 47.1.

Finally, Plaintiffs dispute that Ms. Lively meets the definition of "prevailing defendant" under Section 47.1. But the federal cases on which they rely are inapposite. Contrary to Plaintiffs' argument, the federal rule that "prevailing requires enduring judicial relief that constitutes a material alteration of the legal relationship of the parties" does not apply to California prevailing-

---

[6] Plaintiffs' assertion that Ms. Lively did not have a reasonable basis for her claims is also meritless. Here, a federal court has already determined that it would be reasonable to conclude that Ms. Lively did suffer harassment, discrimination, and retaliation, including the very retaliation in which Plaintiffs are alleged to have taken part. *Lively v. Wayfarer Studios LLC*, 2026 WL 905447, at *62-63 (S.D.N.Y. Apr. 2, 2026) (a reasonable jury could conclude that Plaintiffs participated in retaliatory conduct against Ms. Lively); *id.* at *53-55 (a reasonable jury could conclude that Ms. Lively was the victim of a hostile work environment).

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**

party fee-shifting statutes. Opp. at 17-19 (cleaned up). California courts recognize that the principle behind those federal cases—the "firmly entrenched policy disfavoring attorney fee awards to prevailing defendants in civil rights cases"—does not carry over to statutory privileges against retaliatory litigation such as the anti-SLAPP statute. *Pfeiffer Venice Props. v. Bernard*, 101 Cal. App. 4th 211, 216 (2002) (cleaned up). Instead, courts interpreting the California anti-SLAPP statute hold that "the critical issue" is not the grounds for a dismissal but "which party realized its objectives in the litigation." *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998).

And contrary to Plaintiffs' argument, Opp. at 17-18, cases interpreting California's anti-SLAPP statute *do* have significant weight on this issue because, as discussed above, the California anti-SLAPP fee-shifting provision ties an award of fees to success in a particular legal proceeding, not to success on the underlying legal claim (or to a "material alteration" in the legal relationship between the parties). *Supra* at 5-7.[7] This contrasts, for example, with a different provision of California law that awards fees in contract cases only to "the party who is determined to be the party *prevailing on the contract*," Cal. Civ. Code § 1717(a) (emphasis added), language that leaves courts with discretion to conclude "that fees should not yet be awarded because the dismissal did not end the contractual litigation but merely moved it to another forum," at least where (unlike here) "the action had been promptly refiled in the appropriate forum." *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 979, 981 (2017).

Like California's anti-SLAPP statute, Section 47.1 awards fees based on the outcome of a particular proceeding—for a defendant's "successfully defending themselves *in the litigation*," Cal. Civ. Code § 47.1(b) (emphasis added)—not success on the merits of a particular claim

---

[7] Cases interpreting the California anti-SLAPP statute also remain relevant to the interpretation of "prevailing defendant" in Section 47.1 whether or not the statute may apply in federal court due to unrelated procedural issues. *Supra* at 5-7.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**

regardless of venue. Reflecting its purpose to deter retaliatory lawsuits, Section 47.1 is thus *lawsuit*-specific, not *claim*-specific. Because Ms. Lively successfully defended *this lawsuit*—"the litigation" in Section 47.1's words—she is entitled to attorney's fees incurred in that defense whether or not Plaintiffs seek to reassert their *claims* in another forum.

The ordinary meaning of "prevailing defendant" leads to the same result. Where the California Supreme Court was called upon to interpret the term "prevailing party" "its ordinary or popular sense" (because it had been used in a contract), the California Supreme Court focused on which party had "succeeded" in their "litigation objective"—the same test used to interpret "prevailing" in the anti-SLAPP statute:

> Plaintiffs' objective in bringing this litigation was to obtain the relief requested in the complaint. The objective of the . . . defendants in this litigation was to prevent plaintiffs from obtaining that relief. Because the litigation terminated in voluntary dismissal with prejudice, plaintiffs did not obtain by judgment any of the relief they requested, nor does it appear that plaintiffs obtained this relief by another means, such as a settlement. Therefore, plaintiffs failed in their litigation objective and the . . . defendants succeeded in theirs. Giving the term "prevailing party" its ordinary or popular meaning, the . . . defendants are the "prevailing part [ies]."

*Santisas v. Goodin*, 17 Cal. 4th 599, 609 (1998). That same logic dictates that Ms. Lively is a "prevailing defendant" here: she succeeded in her objective to prevent Plaintiffs from obtaining the relief they requested. And Section 47.1's surrounding statutory context—which provides that a prevailing defendant is one that "successfully defend[s]" herself "in the litigation"—confirms that Ms. Lively was a "prevailing defendant" for purposes of Section 47.1.

**CONCLUSION**

The motion should be granted, and the Court should set a schedule for quantifying the amount of fees and costs to be awarded to Defendant.[8]

---

[8] Plaintiffs do not dispute that to the extent the Court grants Defendant's motion for attorney's fees, it must also award the fees she incurred in connection with this motion. Motion at 21.

10

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES**

Respectfully submitted,

*/s/ Laura Lee Prather*
Laura Lee Prather
Texas Bar No. 16234200
laura.prather@haynesboone.com
Catherine L. Robb
Texas Bar No. 24007924
catherine.robb@haynesboone.com
Michael J. Lambert
Texas Bar No. 24128020
michael.lambert@haynesboone.com
Reid Pillifant
Texas Bar No. 24126157
reid.pillifant@haynesboone.com

**HAYNES AND BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

Michael Gottlieb (admitted *pro hac vice*)
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3111
mgottlieb@willkie.com

Kristin E. Bender (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Aaron E. Nathan (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
(212) 782-8904
anathan@willkie.com

**WILLKIE FARR & GALLAGHER LLP**

**ATTORNEYS FOR DEFENDANT
BLAKE LIVELY**

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 18th day of May 2026, a true and correct copy of the above document was served via the CM/ECF system to all counsel of record.

*/s/ Laura Lee Prather*
Laura Lee Prather

<u>**Reply in Support of Defendant's Motion for Costs and Attorney's Fees**</u>