UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JED WALLACE, | § | |
| STREET RELATIONS, INC. | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-163 |
| | § | |
| BLAKE LIVELY, | § | **Oral Hearing Requested** |
| | § | |
| *Defendant.* | § | |

### PLAINTIFFS' MOTION FOR ORDER REQUIRING BLAKE LIVELY TO GIVE HER DEPOSITION

Plaintiffs Jed Wallace ("Wallace") and Street Relations, Inc. ("Street") (collectively, "Wallace Parties" or "Respondents") submit this motion ("Motion") requesting that Blake Lively ("Lively" or "Movant") be ordered to give her deposition solely about her claim for attorneys' fees and damages.

### I.   EXECUTIVE SUMMARY

Not satisfied with dismissal of the Wallace Parties' claims (solely on personal jurisdiction grounds) Lively goes on the offensive seeking fees and damages of around $1,000,000 *not under Texas or New York law* but in reliance on an anti-SLAPP-like procedural statute found in California Civil Code § 47.1. (*See* Dkt. 45.) Relying on a case of first impression decided in June of 2026, Lively argues in her "Notice of Supplemental Authority" (Dkt. 56 at 2, bullet point 6) that to avoid liability, Respondents must negate her claimed privilege with admissible evidence of her malice. But, and this is the crux of this dispute, Lively says she does not have to give her deposition on that issue even though she is presumably the best (and perhaps only) witness who can testify on whether *she* was malicious when she communicated her allegations of sexual harassment

Plaintiffs' Motion for Order Requiring
Deposition of Blake Lively                                                                 Page **1** of **11**

against Respondents. Lunch should not be free when Lively seeks around $1,000,000 from Respondents and attempts to reverse the burden of both coming forward with evidence and proving her malice with that evidence which, if shown, would defeat the claimed privilege and its remedies.

## II.    INTRODUCTION

Lively, a party, refused to and did not appear for her noticed August 4, 2026 deposition ("Notice," Ex. A) regarding her post dismissal, "substantive" motion for nearly $1,000,000 in attorneys' fees, plus costs, and treble damages including punitive damages ("Lively Motion"). (Dkt. 45 at 19, 21;[1] Dkt. 54 at 5.) Her counsel claimed the Notice had "no legal basis" and was "null and void" but made no effort to advance those arguments before the Court prior to the deposition as the rules require.[2] Respondents ask the Court to order Lively to appear for her deposition at an agreed time and place on a "not later than date" set by the Court and to award them their attorneys' fees.

This case all started when Lively filed a complaint with the California Civil Rights Division ("CRD Complaint") on December 20, 2024 against Wallace and Street (even though neither Lively nor Respondents reside in California nor was it the state where the alleged harassment occurred) claiming she was "harassed because of complainant's sex/gender, sexual harassment-hostile environment" despite never having met or interacted with them. The case was closed the same day it was filed and a right-to-sue letter was issued. (*See* Dkt. 21-1.) Also, that day, Lively provided a copy of the CRD Complaint to the media, specifically *The New York Times* whose reporter

---

[1] All pin citations are to the ECF pages in the file-stamped documents.

[2] *See* Fed. R. Civ. P. 37(d)(1)(A). ("The court where the action is pending may, on motion order sanctions if (i) a party . . . fails, after being served with proper notice to appear for that person's deposition."); Fed. R. Civ. P. 37(d)(2) ("*Unacceptable Excuse for Failing to Act*. A failure described in Rule 37 (d)(1)(A) [party failure to appear at noticed deposition] is not excused on the ground that the discovery sought is objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).").

contacted Wallace within hours of the filing with an "urgent" request for comment because the reporter wrote that "she had learned that Ms. Lively filed a legal complaint against you . . . alleging sexual harassment . . . among other claims." (Dkt. 21 ¶ 4 (alterations in original).) The subsequent publication of the false claims of sexual harassment and other misconduct caused Respondents to file this lawsuit for defamation in their home, Texas.

Lively filed a motion to dismiss, and Judge Ezra agreed that the Court did not have personal jurisdiction over her, a New York resident, and dismissed the case without prejudice and without deciding on any other basis for dismissal. (*See* Dkt. 42.) Over five months after that ruling, which was appealed (still pending), Lively moved, pursuant to Federal Rule of Civil Procedure 54 and under, she says, a "substantive" California statute for attorneys' fees of "approximately $800,000.00, not including the fees incurred in connection with preparing and litigating [the fees] motion, to which Ms. Lively is also entitled", costs and "treble damages for any harm caused . . . by [this] defamation action . . . in addition to punitive damages." (Dkt. 45 at 19, 21; Dkt. 54 at 5.)

On June 12, 2026, she filed supplemental authority (Dkt. 56), attaching a ruling ("Ruling") in a case from the United States District Court for the Southern District of New York where Lively sued Justin Baldoni and others, including Wallace and Street who were dismissed before the Ruling ("New York Case"). Lively's counsel argued that the Ruling "is relevant to numerous issues raised by the parties," specifically her argument that Respondents bear the burden to "prove [Lively's] malice" and "even sufficiently *alleging* malice is insufficient to avoid fee-shifting . . . ." (*Id.* at 1–2.)

Although Respondents disagreed with the applicability of the Ruling and Lively's reading of it, given the New York decision and the amount of fees, costs and damages she is seeking, Respondents requested Lively's deposition. Counsel met and conferred both by phone and email,

Plaintiffs' Motion for Order Requiring
Deposition of Blake Lively                                                    Page **3** of **11**

ultimately resulting in, when negotiations proved unsuccessful, Respondents serving a notice of deposition for Ms. Lively to appear for deposition in New York (her home state) on August 4, 2026. Upon receipt, her lawyer claimed the notice was of "no legal basis" and "null and void" but made no effort to seek a protective order during the approximate three-week period between the date the notice was served (July 13) and the scheduled deposition (August 4).

Last week, Lively's lawyer confirmed that his client would not appear for the noticed deposition and implied that he would seek sanctions if Respondents pursued the deposition or even mentioned publicly that she had refused to appear on August 4. He put Respondents "on notice" that if they pursued "this frivolous discovery," Ms. Lively would be represented by "all of the [seven] attorneys" on the email exchange at their "hourly rates charged by Ms. Lively's attorneys" in the New York case, and she would seek to recover all their fees for preventing her deposition.[3]

He also indicated that if Respondents sought to depose Lively, she would, in the alternative, request "document discovery on your clients," their depositions and five additional depositions including the lawyer for Baldoni and others in the New York Case, and she would seek attorneys' fees and costs for all that discovery.

Moving ahead despite the threats, the monetary relief Lively is seeking and her unique knowledge of her malice or, she would say, lack of it, entitles Respondents to this discovery. She is, after all, the one who invoked Rule 54(d) seeking fees and damages under California Civil Code § 47.1 (Dkt. 45) and advancing the, we say, novel argument that Respondents have to negate her claimed privilege with admissible evidence of her malice. No discovery has occurred in this case at all because Lively has blocked it at every turn. Her counsel refused to participate in a Rule 26(f)

---

[3] Based on the rates disclosed for the seven attorneys that Lively's counsel has represented she intends to include in her fee request here (excluding Ms. Prather, whose rates were not disclosed in the New York Case), the cumulative hourly rate is nearly $10,000 per hour.

conference (Dkt. 34 at 2) forcing Wallace and Street to file a motion to compel conferral (Dkt. 34) which Lively opposed. (*See* Dkt. 35.) Having blocked all discovery, Lively now argues that this absence of malice evidence bars Respondents from opposing her fee motion.[4]

The Lively Motion should be denied on the merits, as Respondents have demonstrated in their Response. (Dkt. 53.) But, even if the Court concludes that § 47.1 could theoretically apply, the Respondents are entitled to, pursuant to the fact finding contemplated by Rule 54(d), limited discovery—specifically, Lively's deposition—to establish Lively's malice precluding application of the California procedural device.

### III.   THE FACTS[5]

In addition to the facts outlined above, we refer the Court to Respondents' amended complaint (Dkt. 21) and Plaintiffs' Response to Defendants' Motion for Costs and Attorneys' Fees. (Dkt. 53). We incorporate those pleadings by reference.

### IV.   ARGUMENTS AND AUTHORITIES

**A.   The Court Has Broad Discretion in Determining the Scope of Discovery.**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In the context of discovery related to a request for fees, the question for the Court is "whether the requested information is relevant to [the] motion for attorneys' fees." *Mora v. Allsup's Convenience Stores, Inc.*, No. 2:08-cv-100, 2011 WL 13286042, at *2 (N.D. Tex. Mar. 11, 2011). To that end, district courts have "a great deal of

---

[4] During their multiple communications regarding the proposed deposition, counsel argued that Respondents had already taken Lively's deposition in the New York Case, but there Respondents were limited to one hour, which was directed at whether the Wallace Parties were subject to jurisdiction in New York. The judge subsequently ruled they were not.

[5] The Wallace Parties incorporate by reference the allegations in the First Amended Complaint for completeness but focus on the relevant facts and procedural history set out herein. *See* Fed. R. Civ. P. 10(c).

discretion in resolving discovery disputes and determining attorney's fees." *Id.*; *see also* Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment ("[T]he court may determine that discovery under Rules 26-37 would be useful to the parties" in the context of a claim for attorneys' fees). This discretion is consistent with the court's "broad discretion to manage the timing, scope, and sequence of discovery." *Knight v. Snow*, No. 24-CV-00052-DC-RCG, 2026 WL 1630446, at *1 (W.D. Tex. May 5, 2026).

**B.    The Lively Motion Should Be Denied.**

As fully set forth in the Wallace Parties' Response (Dkt. 53), the Lively Motion fails for multiple independent reasons which we need not repeat.

**C.    Lively Blocked All Discovery in This Action.**

The reason that there is no evidence of malice from Lively in the record (other than the Wallace Parties' well-pleaded and uncontroverted allegations) is not because such evidence does not exist—it is because Lively ensured it could never be obtained. Beginning on June 16, 2025 (and well before prior to dismissal), the Wallace Parties made "multiple attempts to engage Defendant in a conference pursuant to Federal Rule of Civil Procedure 26(f)." (Dkt. 34 at 2.) Lively's counsel refused (Dkt. 34 at 2) forcing the Wallace Parties to seek an order requiring the parties to confer and submit a proposed scheduling order (*See* Dkt. 34.) Lively opposed even that basic procedural step. (Dkt. 35.)

**D.    Rule 54(d) Entitles the Wallace Parties to Discovery.**

Rule 54(d) is not merely a vehicle for seeking fees—it is a factfinding framework. The Rule requires the court to "find the facts and state its conclusions of law as provided in Rule 52(a)," contemplates evidentiary hearings under Rule 54(d)(2)(D), and—per the Advisory Committee Notes to the 1993 amendment—authorizes courts to "determine that discovery under Rules 26–37

would be useful to the parties." Fed. R. Civ. P. 54(d)(2)(C), (D); *id.* advisory committee's note to 1993 amendment; *see also Mora*, 2011 WL 13286042, at *3 (confirming that limited discovery is permissible on a Rule 54 fee application as to contested issues).

Judge Liman's June 12, 2026 order in *Wayfarer Studios LLC v. Lively*, No. 24-CV-10049, 2026 WL 1707052 (S.D.N.Y. June 12, 2026), applies these principles directly to § 47.1 fee motions. Judge Liman's Order is certainly not binding on this Court as it involves different parties, different procedural posture, different arguments, and a stipulation in which the parties agreed California law applied, whereas here the applicability of California law remains highly disputed. (*See* Dkt. 53 at 6-12.) But even accepting Judge Liman's framework *arguendo*, that Order supports the Motion for discovery here.

Specifically, Judge Liman held that "Rule 54(d) permits courts to find the facts necessary to reach determinations both with respect to liability and amounts for fee awards." *Wayfarer Studios LLC v. Lively*, No. 24-CV-10049, 2026 WL 1707052, *20 (S.D.N.Y. June 12, 2026). He also explained that courts may permit discovery under Rules 26–37 and "there might be good reasons to do so where a complaint contains well-pled allegations of malice but, as here, has been dismissed prior to the completion of discovery." *Id.* (citing Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment).

Judge Liman granted fees in the New York Lawsuit because the Wayfarer Parties declined to use these tools. The court closed the record in part because "[t]he Wayfarer Parties have not requested discovery or a hearing." *Id.* at *21. That outcome does not foreclose discovery here; indeed, it supports it.

Lively's counsel insists that leave of court is a prerequisite to any discovery under Rule 54(d) and characterizes the advisory committee notes' use of the word "rare" as a bar. But "rare"

is not "never." The notes contemplate that a court will "determine" whether discovery is warranted; they do not prohibit it. And Judge Liman's Order identifies precisely the circumstances in which discovery is appropriate: "where a complaint contains well-pled allegations of malice but . . . has been dismissed prior to the completion of discovery." *Wayfarer Studios*, 2026 WL 1707052, at *20. That is this case. Several factors confirm this is the "occasion" the Advisory Committee contemplated: (1) the complaint was dismissed without prejudice on jurisdictional grounds—not on the merits; (2) Lively affirmatively blocked the Rule 26(f) process, preventing any discovery from occurring; and (3) Lively herself placed the malice issue squarely before this Court by filing her request for affirmative relief in the form of her Motion for Costs and Attorneys' Fees (Dkt. 45) while this case was pending on appeal as well as, importantly, her Notice of Supplemental Authority (Dkt. 56) emphasizing that the Wallace Parties must "prove malice . . . to avoid application of the Section 47.1 fee-shifting right" based on a case of first impression under the new California statute. (Dkt. 56 at 2.)

**E.      Lively's Deposition is Narrowly Tailored and Directly Relevant.**

The central question is Lively's state of mind—whether she (i) knew her allegations were false; (ii) had a good-faith belief in the truth of her statements about Respondents specifically, or (iii) acted with reckless disregard of the truth or (iv) with ill will. Lively is the best person to testify about her subjective knowledge and intent regarding the Wallace Parties at the time she made the challenged statements. Because malice is an inherently subjective inquiry, other evidence such as documents or third-party testimony is subordinate to Lively's own testimony about what she knew and believed when she falsely accused the Wallace Parties of sexual harassment.

The Wallace Parties' intended examination is narrowly tailored and directly relevant to the issues Lively herself has put before this Court: (1) her knowledge of the Wallace Parties' actual

role (if any) at the time she made her statements; (2) her basis (if any) for including Respondents in the CRD and Draft Complaints; and (3) her decision to disseminate accusations against them to the press before conducting any investigation into their conduct, notwithstanding her subsequent judicial admission (in her 202 Petition in Hays County) that such investigation was necessary to discern the "scope" of Mr. Wallace's conduct.

Without this deposition, the Wallace Parties are deprived of perhaps the best evidence of her malice which Lively claims is the Wallace Parties' evidentiary burden to demonstrate under Judge Liman's Ruling.[6] She cannot have it both ways. The deposition is limited to a single witness and is the least burdensome discovery that could meaningfully advance the resolution of this dispute to the extent the Court finds § 47.1 applicable and, further, that Respondents have the burden imposed upon them by Lively's argument.

## V.    CONCLUSION

The Court should deny Lively's motion for fees for the reasons detailed in the Wallace Parties' briefing (*See* Dkt. 53). In the meantime, so that the record is complete, the Court should order Lively's deposition and defer ruling on the fees motion until the Wallace Parties have had a meaningful opportunity to develop the evidentiary record on the issue of malice. The Wallace Parties also seek all other relief to which they are entitled, including attorneys' fees pursuant to the Federal Rules of Civil Procedure.

Lively chose to seek fees and damages. She should not get to choose silence.

---

[6] It should be noted that Respondents strenuously oppose the notion that they have the burden to come forward with sworn testimony of malice to defeat the § 47.1 motion on the merits.

Dated: August 5, 2026

Respectfully submitted,

JACKSON WALKER LLP

*/s/ Charles L. Babcock*

Charles L. Babcock
Texas Bar No. 01479500
Joel R. Glover
Texas Bar No. 24087593
Tori C. Emery
Texas Bar No. 24126228
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4110 [FAX]
cbabcock@jw.com
jglover@jw.com
temery@jw.com

Minoo Blaesche
Texas State Bar No. 24075102
Carl C. Butzer
Texas Bar No. 03545900
2323 Ross Avenue, Suite 600
Dallas, Texas 75206
(214) 953-6000
(214) 953-5822 [FAX]
mblaesche@jw.com
cbutzer@jw.com

Matt Dow
Texas Bar No. 06066500
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 391-2113 [FAX]
mdow@jw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to all counsel of record.

/s/ Charles L. Babcock
Charles L. Babcock

## CERTIFICATE OF CONFERENCE

I certify that opposing counsel and I have had multiple conferences and email exchanges regarding whether Respondents will have the opportunity to secure a deposition of Lively on the issues raised in Lively's Motion, including her malice. Agreement could not be reached and Lively's counsel warned of dire consequences if Respondents proceeded with the Motion.

/s/ Charles L. Babcock
Charles L. Babcock