**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JED WALLACE,** | § | |
| **STREET RELATIONS, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:25-CV-00163-DAE** |
| | § | |
| **BLAKE LIVELY,** | § | |
| | § | |
| **Defendant.** | § | |

**OPPOSITION TO PLAINTIFFS' MOTION
FOR DISCOVERY**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

INTRODUCTION ................................................................................................................... 1

BACKGROUND .................................................................................................................... 2

ARGUMENT ......................................................................................................................... 5

    I.     The Wallace Parties Have Waived any Request for Discovery in
          Connection With Ms. Lively's Motion. ............................................................... 5

    II.    The Wallace Parties' Purported "Notice" Was Frivolous. ................................... 9

    III.   Ms. Lively Is Entitled to the Fees Incurred in Litigating this Motion. ................ 10

CONCLUSION ...................................................................................................................... 10

CERTIFICATE OF SERVICE ................................................................................................. 12

**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**

**INTRODUCTION**

Plaintiffs Jed Wallace and Street Relations, Inc. (the "Wallace Parties") seek to reopen the record and take a second deposition of Defendant Blake Lively to support their opposition to a motion that was fully briefed on May 18, 2026—nearly three months ago. Their only excuse for the untimeliness of their request is that *two* months ago, a court in the Southern District of New York agreed with the arguments Ms. Lively raised in her April 27 fee motion, including that it is a plaintiff's burden to prove malice to avoid Section 47.1 fee-shifting, both at the merits stage and under Rule 54(d)(2). But the Wallace Parties were fully aware of those arguments when Ms. Lively made them on April 27 in *this* case. By the deadline to oppose Ms. Lively's fee motion—May 11—the Wallace Parties could have attached evidence, requested a hearing, or requested further discovery to support their opposition. They chose not to do so. The fact that Ms. Lively recently prevailed on a similar motion is not an excuse for the Wallace Parties to seek a do-over on an opposition brief they wish they had litigated better the first time around. They have knowingly and voluntarily waived any right to further discovery.

Further, even if their request were timely, the Wallace Parties' supposed need for a deposition ignores that they have *already deposed Ms. Lively* on the very subject they are claiming a need to explore now. Specifically, the Wallace Parties assert that they need to take Ms. Lively's deposition to determine "whether *she* was malicious when she communicated her allegations of sexual harassment against" them. Dkt. 57, at 1–2 (the "Motion").[1] Among other things, the

---

[1] To be clear, the premise of that statement is false: Ms. Lively has never once stated or claimed to anyone, ever, at any time, that the Wallace Parties "sexually harassed" her – and they know that full well. As Ms. Lively explained in her motion to dismiss, Dkt. 26, the Wallace Parties' defamation lawsuit against her was based entirely on the fact that the *caption* of her administrative complaint before the California Civil Rights Division ("CRD") listed all claims against all respondents. The Wallace Parties asserted that Ms. Lively had somehow implied that *Jed Wallace* had sexually harassed her, ignoring the dozens of paragraphs of allegations in the CRD complaint against the Wallace Parties that focused exclusively on *retaliation*, and that there were *no factual*

**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**

Wallace Parties' counsel was able to, and did, question Ms. Lively on that topic at her 2025 deposition, including asking her about the very documents that the Wallace Parties claim to have constituted actionable defamation in this case. The Wallace Parties do not explain what additional information they seek that they did not already have an opportunity to ask about.

Finally, the Wallace Parties' motion concedes that discovery in connection with a fee motion is available only with leave of court. But for the past several weeks, they have been attempting to coerce Ms. Lively to comply with a purported "Notice of Deposition" for which they had never even *sought* leave of court, much less obtained it. Still, despite acknowledging that leave of Court was required all along, the *opening sentence* of the Wallace Parties' introduction states that Ms. Lively acted improperly when she "refused to and did not appear for her noticed August 4, 2026 deposition," and did not seek a protective order "as the rules require," citing plainly inapplicable portions of Rule 37 for such a failure to appear. Motion at 2. That assertion is frivolous, if not sanctionable, given the Wallace Parties' express concession that discovery is only authorized under Rule 54(d)(2) with leave of court. Motion at 7–9. The Wallace Parties' cynical suggestion that Ms. Lively acted improperly by "refus[ing]" to comply with a deposition notice that *they acknowledge was improper* appears designed to (yet again) smear Ms. Lively's character, or worse, pressure Ms. Lively in bad faith into dropping her claims. Either way, the motion should be denied, and the Court should add the fees Ms. Lively has incurred in dealing with the Wallace Parties' latest stunt to her award under Section 47.1.

## BACKGROUND

Plaintiffs filed this action on February 4, 2025, seeking a declaratory judgment and asserting a defamation claim, hoping to obtain "issue-preclusive effect" against claims they

---

*allegations* whatsoever of sexual harassment against the Wallace Parties. Dkt. 26 at 15–16. The Wallace Parties ignored that issue in their opposition. Dkt. 29.

OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY

anticipated Ms. Lively would file in the Southern District of New York. Dkt. 1, ¶¶ 17–23. Ms. Lively moved to dismiss on jurisdictional and merits grounds, after which Plaintiffs filed an Amended Complaint dropping the declaratory judgment action but proceeding with the defamation claim. Dkt. 18; Dkt. 21, ¶¶ 67–73. Ms. Lively again moved to dismiss on numerous grounds, including lack of personal jurisdiction, improper venue, and on the merits. Dkt. 26.

While that motion was pending, the Wallace Parties participated through counsel in a deposition of Ms. Lively in connection with her affirmative claims against the Wallace Parties and their co-defendants in *Lively v. Wayfarer Studios, et al.*, No. 24-cv-10049 (S.D.N.Y.). Counsel for the Wallace Parties deposed Ms. Lively for one hour (with counsel for the other defendants using the other six) and questioned her about her personal knowledge regarding her claims against Mr. Wallace, the nature of those claims, and the documents that the Wallace Parties alleged in this action to contain defamatory statements relating to the Wallace Parties. Ex. A ("Tr.") 248:13–23, 253:1–254:20, 277:19-280:25.

The Court dismissed the Amended Complaint on November 12, 2025, holding that Plaintiffs had failed to establish that Ms. Lively was subject to personal jurisdiction in Texas. Dkt. 42. Final judgment was entered on April 13, 2026. See Dkt. 45, at 7 n.5.

On April 27, Ms. Lively filed a motion for attorney's fees under Federal Rule of Civil Procedure 54(d)(2), arguing that she was entitled to fees for "successfully defending" herself against a "defamation action brought against [her] for making a communication that is privileged under" Section 47.1. Cal. Civ. Code § 47.1; *see* Dkt. 45 (the "47.1 Motion"). Ms. Lively's 47.1 Motion made perfectly clear that the relevant procedural framework for adjudicating her fee claim was Federal Rule of Civil Procedure 54(d)(2). *See* 47.1 Motion at 1, 7, 17–18 & n.9. The 47.1 Motion even asked the Court to "set a schedule for determining any disputed factual issues relating

3

<u>**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**</u>

to the fee awards pursuant to Rule 54(d)(2)(C)." *Id.* at 18. And the 47.1 Motion made clear Ms. Lively's position that Plaintiffs bore the burden to "allege *and prove*" that the challenged statements had been made with "malice" and were therefore "unprivileged." *Id.* at 11 (emphasis added). Plaintiffs' deadline to respond to the 47.1 Motion was May 11, 2026. Local Rule CV-7(D)(2). On that date, Plaintiffs filed an opposition brief, but did not submit any evidence, request discovery, or request a hearing. Dkt. 53 ("47.1 Opposition"). Ms. Lively filed her reply on May 18, at which point the 47.1 Motion was fully submitted. Dkt. 54 ("47.1 Reply").

On June 12, the U.S. District Court for the Southern District of New York granted Ms. Lively's similar motion, brought pursuant to Rule 54(d)(2), for attorney's fees under Section 47.1. *Wayfarer Studios LLC v. Lively* ("SDNY Opinion"), 2026 WL 1707052 (S.D.N.Y. June 12, 2026). The parties submitted competing filings that same day to notify the Court of that new decision. Plaintiffs filed an "Advisory to the Court" in the form of a letter, stating that the SDNY Opinion "concerns an issue similar (but with some important differences) to Ms. Lively's motion pending before this court," that they were "still digesting Judge Liman's forty seven page opinion," and that "they *may* seek to supplement the record including, without limitation, whether the [SDNY Opinion] is applicable in whole or in part to this case." Dkt. 55. Ms. Lively submitted her own notice of supplemental authority pointing out the ways the SDNY Opinion confirmed the legal arguments advanced in her 47.1 Motion in this Court. Dkt. 56. For example, the SDNY Opinion confirmed that Rule 54(d)(2) supplied the relevant procedural framework, that Section 47.1 supplied a substantive fee-shifting right enforceable under Rule 54(d)(2) where a defendant prevails on a California-law defamation claim, and that "a defamation plaintiff bears the burden to establish malice at every stage of the litigation and must ultimately prove malice at trial to avoid application of the Section 47.1 fee-shifting right—even sufficiently *alleging* malice is insufficient

4

<u>**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**</u>

to avoid fee-shifting if the plaintiff does not ultimately prevail at trial." *Id.* at 1–2. In each case, Ms. Lively cited the portions of the 47.1 briefing that had already addressed those issues.

Plaintiffs did not attempt to "supplement" the record. Instead, Plaintiffs tried a different tactic. On July 13, more than two months after their deadline to oppose the 47.1 Motion and more than a month after the SDNY Opinion, Plaintiffs served a purported "Notice of Deposition" on Ms. Lively, "noticing" her "for deposition on August 4." Gottlieb Decl. ¶ 4; Ex. B. The same email demanded that Ms. Lively "finalize[]" a settlement with the Wallace Parties by the same date or Mr. Wallace would "end negotiations and take his chances in court." Ex. B.

Counsel for Ms. Lively responded on July 17, explaining that the purported deposition notice was a nullity, as there was no legal basis to notice a party's deposition under Rule 30 following the entry of final judgment dismissing Plaintiffs' claims, that no party had sought or obtained leave to take any discovery (much less a deposition) regarding Ms. Lively's Rule 54(d)(2) motion. *Id.* Ms. Lively's counsel also explained that the Wallace Parties had waived their right to seek discovery when they opposed Ms. Lively's 47.1 Motion on the existing record, and that the record on that motion was accordingly closed. *Id.* The Wallace Parties never provided any authority supporting the validity of their purported deposition notice and expressly conceded that their notice relied on Rule 54. *Id.*

## **ARGUMENT**

### I.    **The Wallace Parties Have Waived any Request for Discovery in Connection With Ms. Lively's Motion.**

As all parties agree, the sole conceivable basis for discovery in connection with a post-judgment fee application is Rule 54(d)(2)(C). That Rule provides that where, as here, a party seeks attorney's fees under Rule 54(d)(2), the Court "must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78." Fed. R. Civ. P.

**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**

54(d)(2)(C). Rule 43(c), in turn, permits a court to hear testimony live or via affidavit, but (like Rule 78, which concerns the manner of hearing motions) is silent as to discovery. Fed. R. Civ. P. 43(c). And the Advisory Committee's notes to the Rule state that "[o]n *rare occasion*, the court may determine that discovery under Rules 26–37 would be useful to the parties," citing for comparison Rule 6 of the Rules Governing Section 2254 Cases in the U.S. District Courts, which provides that a "judge may, for good cause, authorize a party to conduct discovery," and that a "party requesting discovery must provide reasons for the request." *See* Fed. R. Civ. P. 54 Advisory Committee's Note to 1993 Amendment; Rules Governing § 2254 Cases, R. 6(a)–(b).

If the Wallace Parties wished to request leave to take discovery to support their opposition to Ms. Lively's motion, the applicable procedure was clear, and they could have requested not only discovery but an evidentiary hearing on Ms. Lively's 47.1 Motion. But they chose not to do so. The Wallace Parties have knowingly and voluntarily waived any right to seek leave to take discovery and have instead consented to resolving the 47.1 Motion on the existing record.

As is well established, a party seeking leave to take discovery must have pursued that discovery diligently. *Durisseau v. Union Tank Car Co.*, 2023 WL 12263685, at \*4 (E.D. Tex. Dec. 7, 2023) (collecting cases). And "[c]ourts in this Circuit have commonly concluded that a party who decides to depose a witness outside of the discovery timeframe has failed to act diligently to the extent required to reopen discovery." *LULAC v. Abbott*, 2024 WL 3093489, at \*2 (W.D. Tex. June 21, 2024). In the specific context of Rule 54(d)(2) motions, one court in this Circuit has rejected an attempt to seek an evidentiary hearing after the briefing on the fee motion had been completed. *Eagle Suspensions, Inc. v. Hellman Worldwide Logistics, Inc.*, 2014 WL 1407582, at \*2 (N.D. Tex. Feb. 11, 2014), *R&R adopted in relevant part*, 2014 WL 1407635 (N.D. Tex. Apr. 11, 2014) (noting that Rule 54(d)(2) "does not grant . . . a right to a post-trial adversary proceeding,

6

**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**

only an opportunity for adversary submissions. Because [the party requesting a hearing] has already filed its adversary submissions, its request for a scheduling order is DENIED."); *see also E.E.O.C. v. Harris Farms, Inc.*, 2006 WL 1028755, at *25 (E.D. Cal. Mar. 1, 2006) ("A motion for further discovery is clearly a motion related to Defendant's opposition and Plaintiff's fee motion. The time for filing this motion was at the time of Defendant's opposition, not . . . after the Court had taken the matter under submission three weeks prior.").

Judge Liman issued the SDNY Opinion in the exact same posture. Noting that Rule 54(d)(2) *could* authorize discovery on "rare occasion," he observed that, in that instance, "the factual record with respect to liability on Lively's Section 47.1 motion is closed. The motion was fully submitted months ago," and "[t]he Wayfarer Parties have not requested discovery or a hearing." *Wayfarer Studios LLC*, 2026 WL 1707052, at *21. Judge Liman considered the evidence that the nonmovants *had* submitted in connection with their fee opposition but held that it was insufficient to satisfy their burden to prove malice. *Id.* at *21-22. Here, the Wallace Parties—who filed their opposition brief *months* after the Wayfarer Parties had submitted evidence in opposition to Ms. Lively's fee motion in the SDNY Opinion—did even *less*, declining to submit any evidence whatsoever in connection with their opposition. Dkt. 53. The record on the 47.1 Motion is closed, and the Wallace Parties have nobody but themselves to blame for how they chose to litigate it.

The Wallace Parties raise two arguments for why their failure to make a timely request for discovery should be overlooked. Both are meritless. First, the Wallace Parties assert that the SDNY Opinion "supports the Motion for discovery" and imply that its issuance on June 12 somehow excuses their failure to seek discovery when opposing the 47.1 Motion on May 11. Motion at 5–8. But as discussed, the Wallace Parties had all of the same information available to them at the time their opposition brief was due, both under the plain text of Rule 54(d)(2) and the Advisory

7

<u>OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY</u>

Committee's note that they now cite, and by reading Ms. Lively's own opening brief. The Wallace Parties appear to be arguing that they were not on notice of Rule 54(d)(2)'s factfinding procedures at the time, and have only become aware that they had an opportunity to seek discovery now that Judge Liman's opinion has *confirmed that Ms. Lively was right*, and Ms. Lively filed a notice of supplemental authority on June 12, stating that "Respondents bear the burden to 'prove [Lively's] malice' and 'even sufficiently *alleging* malice is insufficient to avoid fee-shifting . . . .'" Motion at 3 (quoting Dkt. 56). But that is preposterous. Ms. Lively took exactly the same position in her 47.1 Motion and 47.1 Reply. 47.1 Motion at 12–14; 47.1 Reply at 7–8. The Wallace Parties' reliance on Ms. Lively's notice of supplemental authority is simply an excuse for not having prepared themselves for the possibility that she might be right.

Second, the Wallace Parties assert that Ms. Lively "blocked" discovery while their Amended Complaint was still pending. Motion at 6. That is simply false. The Wallace Parties moved to commence discovery *before* the Court had issued an order requiring the parties to confer pursuant to Rule 26(f). Dkt. 34.[2] The Court then set a deadline for the parties to confer, *which they did on November 11*. Dkt. 40; Prather Decl. ¶ 4. The Court granted Ms. Lively's motion to dismiss the following day. Dkt. 42. And although they could have avoided *any* dispute about personal jurisdiction simply by re-filing (or filing in the first place) in New York, the Wallace Parties have not done so. In other words, Ms. Lively did not "block" discovery; the reason the Wallace Parties

---

[2] Then, as now, the Wallace Parties represented that they had "made multiple attempts to engage Defendant in a conference pursuant to Federal Rule of Civil Procedure 26(f)," beginning on "June 16, 2025." Motion at 6; Dkt. 34, at 2. That is false, as Ms. Lively's local counsel had heard nothing from the Wallace Parties between June 16 and July 17, the day before the Wallace Parties filed their motion, during which time Ms. Lively's local counsel was dealing with the aftermath of catastrophic floods in Kerr County. Dkt. 35, at 2. Confronted with that misrepresentation, the Wallace Parties had no response, stating that they did "not believe it is necessary or productive to engage in further debate regarding the points made in [Ms. Lively's] response." Dkt. 37, at 2.

**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**

did not take discovery in this action is that their Complaint was dismissed before it could happen. Meanwhile, the Wallace Parties were simultaneously, and *repeatedly*, moving to stay discovery in connection with Ms. Lively's claims against them in New York. *Lively v. Wayfarer Studios LLC, et al.*, No. 24-cv-10049 (S.D.N.Y.), Dkts. 287, 297. Suggesting that Ms. Lively is in any way at fault for "blocking" discovery in aid of the Wallace Parties' frivolous complaint is absurd.

Further, all of this ignores the fact that the Wallace Parties *have already deposed Ms. Lively* on these exact issues. In response to questioning from the Wallace Parties' counsel back in 2025, Ms. Lively testified that she had never met Mr. Wallace, was *not* claiming that he sexually harassed her, and she further explained that her claim against Mr. Wallace related to his role in the retaliatory smear campaign against her for raising concerns about sexual harassment. Tr. 248:13–23. Mr. Babcock questioned Ms. Lively about her personal knowledge of Mr. Wallace's role in the retaliation campaign, even asking her to explain her understanding of personal knowledge. Tr. 247:2–19, 248:13–23, 253:1–254:20. Her answers distinguished between information that she learned from documents, from her attorneys and from her personal observations. Tr. 248:13–23; 253:1–254:20. And Mr. Babcock even questioned her about the very documents that the Wallace Parties alleged to contain defamatory statements in this case. Tr. 277:19-280:25. If the Wallace Parties thought that Ms. Lively's testimony was helpful to their opposition, they could have sought to submit it by the May 11 deadline. But they did not even attempt that. The Wallace Parties should not be granted a "do-over" to gin up publicity and pressure her to drop her claims.

## II.       The Wallace Parties' Purported "Notice" Was Frivolous.

As the Wallace Parties now concede, the only conceivable basis for seeking discovery at this stage is Rule 54(d)(2), which permits discovery only in "rare" circumstances and only with leave of court. Motion at 7–9. That confirms that the "Notice of Deposition" that the Wallace Parties purported to serve on Ms. Lively was frivolous, and utterly without legal basis. For weeks,

9

the Wallace Parties took the position behind closed doors that Ms. Lively was bound by a piece of paper that they now concede has never had any legal basis whatsoever. Their suggestion, now, that by ignoring that "Notice" Ms. Lively somehow "failed to appear" for a deposition is absurd. Tellingly, the Wallace Parties do not have the temerity to *ask* for fees or sanctions in connection with that purported "failure," nor could they, given their concession in the *same brief* that such a notice could only have been valid with leave of court. It is indefensible even to suggest that Rule 37 sanctions could apply to Ms. Lively's refusal to put up with a lawless deposition notice—and can only be understood as a further attempt to attack Ms. Lively's reputation with unsupported accusations of wrongdoing that Mr. Wallace can then propagate into the social media universe.

The only alternative is worse: namely, that the Wallace Parties served the sham deposition notice not because they thought they had a basis to do so absent leave of court, but as a leverage play to pressure Ms. Lively to drop her fee claims. The circumstances of the Wallace Parties' initial email to Ms. Lively's counsel speak for themselves, as does the Wallace Parties' later concession that there was no *lawful* basis to serve a deposition notice at that time.

## III.   Ms. Lively Is Entitled to the Fees Incurred in Litigating this Motion.

It is undisputed that if the Court grants Ms. Lively's fee motion, she is also entitled to "fees on fees"—that is, the fees she incurred in litigating her fee motion. Dkt. 54, at 10 n.8. That amount should also include the fees she has incurred in litigating *this* motion, which is nothing other than an attempt to reopen a dispute that the Wallace Parties wish they had litigated better the first time around.

## CONCLUSION

The motion should be denied.

10

**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**

Respectfully submitted,

*/s/ Laura Lee Prather*
Laura Lee Prather
Texas Bar No. 16234200
laura.prather@haynesboone.com
Catherine L. Robb
Texas Bar No. 24007924
catherine.robb@haynesboone.com
Michael J. Lambert
Texas Bar No. 24128020
michael.lambert@haynesboone.com
Reid Pillifant
Texas Bar No. 24126157
reid.pillifant@haynesboone.com

**HAYNES AND BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

Michael Gottlieb (admitted *pro hac vice*)
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3111
mgottlieb@willkie.com

Kristin E. Bender (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Aaron E. Nathan (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
(212) 782-8904
anathan@willkie.com

**WILLKIE FARR & GALLAGHER LLP**

Esra A. Hudson
Stephanie Anne Roeser
2049 Century Park East, Suite 1700
Los Angeles, CA 90067

11
**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**

310-312-4381
ehudson@manatt.com
sroeser@manatt.com

**MANATT, PHELPS & PHILLIPS**

**ATTORNEYS FOR DEFENDANT
BLAKE LIVELY**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on the 12th day of August 2026, a true and correct copy of

the above document was served via the CM/ECF system to all counsel of record.

*/s/ Laura Lee Prather*
Laura Lee Prather

12

<u>**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**</u>