# Exhibit B

| | |
|---|---|
| **From:** | Gottlieb, Michael |
| **Sent:** | Wednesday, July 29, 2026 1:34 PM |
| **To:** | Babcock, Chip |
| **Cc:** | Nathan, Aaron E.; Bender, Kristin; Laura Lee Prather; Glover, Joel; Emery, Tori; Wright, Shannon; EHudson@manatt.com; SRoeser@manatt.com; MBruno@manatt.com |
| **Subject:** | RE: Notice of Deposition for Blake Lively in New York on August 4, 2026.  Separate email regarding further  settlement discussions pursuant to Rule 408. |

Chip,

Given your written concession that you are relying upon Rule 54, which does not authorize discovery absent leave of court, your statement that "Ms. Lively does not intend to appear at her deposition" is a material factual misrepresentation. Ms. Lively appeared at her deposition – you were there, and you conducted an examination; there is no further deposition for her to appear at unless and until you obtain permission from the court to conduct discovery in this dismissed action (and as the Advisory Committee Notes to Rule 54 make clear, it is "rare" for "the court to determine that discovery" would be appropriate). You are advised not to repeat the above misrepresentation – whether to the court, the press, or any third party. We reserve all rights should you choose to do so.

**Michael Gottlieb**
**Willkie Farr & Gallagher LLP**
2029 Century Park East | Los Angeles, CA 90067-2905
Direct: **+1 310 855 3111** | Fax: +1 310 855 3099
MGottlieb@willkie.com | vCard | www.willkie.com bio

**From: Babcock, Chip <cbabcock@jw.com>**
**Sent: Wednesday, July 29, 2026 12:54 PM**
**To: Gottlieb, Michael <MGottlieb@willkie.com>**
**Cc: Nathan, Aaron E. <ANathan@willkie.com>; Bender, Kristin <KBender@willkie.com>; Laura Lee Prather <Laura.Prather@haynesboone.com>; Glover, Joel <jglover@jw.com>; Emery, Tori <temery@jw.com>; Wright, Shannon <swright@jw.com>; EHudson@manatt.com; SRoeser@manatt.com; MBruno@manatt.com; Blaesche, Minoo <mblaesche@jw.com>; Dow, Matt <mdow@jw.com>**
**Subject: Re: Notice of Deposition for Blake Lively in New York on August 4, 2026. Separate email regarding further settlement discussions pursuant to Rule 408.**

**\*\*\* EXTERNAL EMAIL \*\*\***

Michael,
   I did not mean to suggest that in the 12 days she had to think about this that your client  had changed her mind but , as an optimist, I always have hope . Thank you for your courtesy in promptly confirming that Ms. Lively does not intend to appear at her deposition.  As for authority,  my very capable colleagues did not come up with anything I have not already told you which is we rely on the pendency of your post  dismissal motion, the issue of  malice  in light of Judge Liman's ruling prompted by Ms. Lively's legal position in the SDNY and in this case, and Federal Rule of Civil Procedure 54. I know you and *your* very capable colleagues have evaluated our rights and Ms Lively's responsibilities in light of those authorities.

1

Sincerely,
Chip
Sent from my iPad


On Jul 29, 2026, at 10:58 AM, Gottlieb, Michael <mgottlieb@willkie.com> wrote:


**Caution: \*\*External Email.**

Chip,

I explained this in my July 17 email. The "notice" you sent is not a valid deposition notice. It was and remains powerless to compel anyone's appearance anywhere. Would your client show up if we emailed you a similar "notice"? Of course not. I expect you know this, because in the 12 days since I sent the email below neither you nor your very capable colleagues have been able to come up with a theory (let alone a citation to a case, rule, or statute) that would provide any basis for sending a deposition notice without leave of court in a case in this posture. Of course, if you'd like to send us any citations providing legal authority for taking discovery in this matter at this point, we'd certainly be happy to consider them in evaluating your position.

Respectfully,

Mike

**Michael Gottlieb**
**Willkie Farr & Gallagher LLP**
2029 Century Park East | Los Angeles, CA 90067-2905
Direct: **+1 310 855 3111** | Fax: +1 310 855 3099
MGottlieb@willkie.com | vCard | www.willkie.com bio

---

**From:** Babcock, Chip <cbabcock@jw.com>
**Sent:** Wednesday, July 29, 2026 10:29 AM
**To:** Gottlieb, Michael <MGottlieb@willkie.com>
**Cc:** Nathan, Aaron E. <ANathan@willkie.com>; Bender, Kristin <KBender@willkie.com>; Laura Lee Prather <Laura.Prather@haynesboone.com>; Glover, Joel <jglover@jw.com>; Emery, Tori <temery@jw.com>; Wright, Shannon <swright@jw.com>; EHudson@manatt.com; SRoeser@manatt.com; MBruno@manatt.com; Blaesche, Minoo <mblaesche@jw.com>
**Subject:** Re: Notice of Deposition for Blake Lively in New York on August 4, 2026. Separate email regarding further settlement discussions pursuant to Rule 408.


**\*\*\* EXTERNAL EMAIL \*\*\***

Dear Michael,

   In light of the below I assume that Ms. Lively will not appear for her noticed deposition on August 4, 2026 next week in New York. So that I do not incur unnecessary travel expenses would you please confirm that today or, in any event, not later than Friday. Thank you in advance for this courtesy.

2

Best
Chip
Sent from my iPad

On Jul 17, 2026, at 10:26 AM, Gottlieb, Michael <mgottlieb@willkie.com>
wrote:

**Caution: **External Email.**

Chip,

The purported "notice of deposition" you emailed earlier this week without leave of
court has no legal basis. As you know, the Wallace Parties' complaint was
dismissed in its entirety, for lack of jurisdiction, on November 12, 2025, and final
judgment was entered on April 13, 2026. Thus, you had no authority to send Ms.
Lively a "notice of deposition" under Rule 30, as courts do not "grant discovery
based on a complaint that has already been dismissed." *In re German Auto. Mfrs.
Antitrust Litig.*, 335 F.R.D. 407, 409 (N.D. Cal. 2020); *Ebomwonyi v. Sea Shipping
Line*, No. 20-3344, 2022 WL 274507, at *2 (2d Cir. Jan. 31, 2022) ("[A]fter the district
court had dismissed the complaint . . . , any request for discovery was moot."). If
you are aware of any contrary authority, feel free to provide it, although I would
recommend you consult the position that you and Joel advanced on behalf of the
Wallace Parties when Judge Liman dismissed Ms. Lively's claims against your
clients on July 16, 2025 (there, with leave to amend): you argued, then, that your
clients were no longer parties for purposes of Ms. Lively's deposition, which had
been noticed for July 17, and would only consider themselves bound by Rule 30 with
respect to that deposition if Ms. Lively amended her complaint that day to make the
Wallace Parties subject to a live pleading. Following the same arguments you made
in the SDNY action, as well as every case we have found, your post-judgment
"notice of deposition" is null and void.

To the extent you are hoping to take Ms. Lively's deposition based on your own
interpretation of Judge Liman's order granting Ms. Lively relief under Cal. Civ. Code
Section 47.1, I have already explained to you why your interpretation of Judge
Liman's order does not make sense as-applied to the posture of this case. In any
event, your personal musings about the possible implications of Judge Liman's
order do not arm you with unilateral legal authority to issue deposition notices in
litigation that was dismissed with prejudice. That's true regardless of whether you
are purporting to rely on Rule 30 (as explained above) or Rule 54(d), which does not
permit discovery except by leave of court, which you did not seek and did not have
when you sent this purported "notice." See Fed. R. Civ. P. 54 1993 Advisory
Committee's Note ("On rare occasion, the court may determine that discovery
under Rules 26–37 would be useful to the parties.") (emphasis added). Nor would
you obtain leave if you sought it.  Ms. Lively's fee motion is fully briefed, and the
Wallace Parties waived their right to seek discovery when they elected, fully advised
by able counsel, to oppose Ms. Lively's Rule 54(d) application on the existing record
without seeking additional discovery – just like the Wayfarer Parties in the SDNY
Action. *See Wayfarer Studios LLC v. Lively*, No. 24-CV-10049, 2026 WL 1707052, at

3

*21 (S.D.N.Y. June 12, 2026) (considering the record closed in part because "[t]he Wayfarer Parties have not requested discovery or a hearing"). You appear to be taking the position that you did not understand, until reading Judge Liman's order, that discovery might be necessary to satisfy your burden under Section 47.1—but Ms. Lively fully briefed and discussed your burden in her fee motion, and the Wallace Parties elected, notwithstanding those arguments, not to request discovery, and to submit briefing on the existing record.

For present purposes, you and your clients are on notice that should you pursue this frivolous discovery, Ms. Lively will continue to be represented by all of the attorneys you are communicating with here, and all of the fees and costs that go into opposing your discovery will be added to the fee total we will submit to the court. I know you have reviewed Ms. Lively's fee motion in SDNY, so your clients are also on notice about the hourly rates charged by Ms. Lively's attorneys. Should you elect to proceed down this path, the Wallace Parties will have no arguments that they were unaware of the potential costs of doing so. Furthermore, should you seek leave of court to take a belated second deposition of Ms. Lively (we'll remind the court that you already had one bite at this apple), along with opposing your request, we will request (in the alternative to our opposition) leave of court to serve discovery to ensure that any record beyond the pleadings is not artificially and improperly one-sided. This will include document discovery on your clients for the many, many documents we know were not produced during discovery in the SDNY action (including those we learned of before, during, and after his deposition), and we will also seek depositions of your clients along with depositions of at least Melissa Nathan, Roza Kalantari, Bryan Freedman, Katie Case, and Jamey Heath. Of course, should you force the parties into belated and expensive discovery notwithstanding your motion, we will seek reimbursement for all of the costs and expenses of such discovery.

As for your settlement correspondence, I'll address that by separate email, as I am sure you did not intend to link your threat to take discovery (with zero legal authority) with a settlement demand.

**Michael Gottlieb**
**Willkie Farr & Gallagher LLP**
2029 Century Park East | Los Angeles, CA 90067-2905
Direct: **+1 310 855 3111** | Fax: **+1 310 855 3099**
MGottlieb@willkie.com | vCard | www.willkie.com bio

---

**From:** Babcock, Chip <cbabcock@jw.com>
**Sent:** Monday, July 13, 2026 2:53 PM
**To:** Gottlieb, Michael <MGottlieb@willkie.com>
**Cc:** Nathan, Aaron E. <ANathan@willkie.com>; Bender, Kristin <KBender@willkie.com>; Laura Lee Prather <laura.prather@haynesboone.com>; Glover, Joel <jglover@jw.com>; Emery, Tori <temery@jw.com>; Wright, Shannon <swright@jw.com>
**Subject:** Notice of Deposition for Blake Lively in New York on August 4, 2026. Separate email regarding further settlement discussions pursuant to Rule 408.

**\*\*\* EXTERNAL EMAIL \*\*\***

4

Dear Michael,

   I enclose the attached pleading noticing your client for deposition on August 4, 2026 at 10am in New York City at Lankler Siffert & Wohl . Given the delay in scheduling this deposition while we discussed settlement my client will adjust the date, time or location for the convenience of the witness or you but only if there  is an agreed upon firm date , time and location acceptable to my client and there will be no effort by your client to quash or seek protection from the deposition at any time. The remainder of this email relates to our ongoing settlement discussions which must be finalized by August 4, 2026 or my client will end negotiations and  take his chances in court as will yours.

408 Settlement



Best
Chip

5

Sent from my iPad

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.