UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JED WALLACE,<br>STREET RELATIONS, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>BLAKE LIVELY,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO. 1:25-cv-163<br><br>**Oral Hearing Requested** |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR ORDER REQUIRING BLAKE LIVELY TO GIVE HER DEPOSITION**

## I. INTRODUCTION

Relying on first impression authority which Lively brought to the Court's attention on June 12 (Dkt. 56), she remarkably argues that the Wallace Parties must *prove* the malice element of Lively's privilege to avoid nearly $1,000,000 in fee-shifting under an extra-territorial California procedural statute, in a case dismissed solely on jurisdictional grounds where no merits determination has been made—all while Lively simultaneously insists the Wallace Parties may not develop that evidence from the primary source, Lively herself.

Lively's argument that the Wallace Parties seek to "reopen the record and take a second deposition" is at best misleading and, frankly, demonstrably false. There was no "first" deposition of her in this case because Lively actively prevented it.[1] (*See* Dkt. 57 at 6.)[2] The Wallace Parties only deposed Lively for one hour on primarily personal jurisdiction issues but not on *her* malice, which was not at issue in litigation she brought in the Southern District of New York against multiple defendants, including the Wallace Parties. *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-CV-10049-LJL (S.D.N.Y.). But they expressly reserved their right to obtain further deposition testimony from Lively[3] in the event they were not subsequently dismissed, which they were. (S.D.N.Y. Dkt. 912.)

Far from waiving their rights, the Wallace Parties in this case began an immediate effort to

---

[1] Contrary to Lively's assertion that her counsel "heard nothing from the Wallace Parties between June 16 and July 17" (Dkt. 62 at 10 n.2), counsel for the Wallace Parties emailed counsel for Lively on June 16, June 17, and June 18 to initiate discovery and schedule a Rule 26(f) conference. *See* Exhibit A, Counsel Emails. Counsel for Lively did not respond to those messages while out of the country on vacation. *Id.* Only after counsel for the Wallace Parties followed up a third time—on July 17—did Lively's counsel respond on July 18. *Id.*

[2] All pin citations are to the ECF pages in the file-stamped documents.

[3] *See* Exhibit B, Lively Dep. Tr. at 290:21–24, 292:1–2 (C. Babcock) ("[W]e have been permitted to ask questions for only an hour. And we object to that, and we will move, if appropriate, for an order of the Court to reconvene this deposition" adding that "if we're not dismissed just wait, we might ask for more time.").

depose Lively after her counsel's June 12 supplemental argument. The only "delay in scheduling this deposition," which was only four weeks in any event, "[was] while [counsel] discussed settlement." (Dkt. 62-2 at 6.) Lively cites no authority recognizing the extreme result she seeks under the procedural posture before this Court.

## II. ARGUMENTS AND AUTHORITIES

### A. Lively's waiver argument is without legal or factual support.

Waiver requires the "intentional relinquishment or abandonment of a known right." *Indigenous Peoples of Coastal Bend v. U.S. Army Corps of Eng'rs*, 132 F.4th 872, 882 (5th Cir. 2025). Far from *intentionally* relinquishing any *known* right, the Wallace Parties have diligently pursued Lively's deposition since she argued after briefing concluded on her fees motion that "[t]he opinion [in her S.D.N.Y. case] holds under California law, a defamation plaintiff bears the burden to establish malice at every stage of the litigation and must ultimately prove malice at trial to avoid application of the Section 47.1 fee-shifting right—even sufficiently *alleging* malice is insufficient to avoid fee-shifting if the plaintiff does not ultimately prevail at trial." (Dkt. 56 at 2.)

From that point, the Wallace Parties engaged with Lively's counsel through phone calls and email to schedule her deposition. Notably, these developments unfolded at a time when the parties were engaging in ongoing (but ultimately unsuccessful) settlement discussions. After failing to reach agreement regarding Lively's deposition, the Wallace Parties served their Notice on July 13. Their prompt effort to obtain discovery of Lively's malice (information unique to her) that *she* demands based on post-briefing arguments *she* filed falls far short of evidencing an intentional relinquishment of any known right. *See Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543–44 (9th Cir. 2016) (rejecting waiver argument as "specious" where party sought discovery of timesheets after briefing was complete because the court first decided, after briefing, to rely on in camera materials raised at a post-briefing hearing).

The Wallace Parties repeat (Dkt. 57 at 7) that they dispute Judge Liman's ruling is controlling here, as it arose from a materially different procedural posture. Unlike this case—dismissed on jurisdictional grounds without prejudice and without reaching the merits—the *Wayfarer* ruling, which did not include the Wallace Parties, involved claims dismissed with prejudice under Rule 12(b)(6) based on California substantive law that the parties agreed applied.[4] *See generally Lively v. Wayfarer Studios LLC*, 786 F. Supp. 3d 695 (S.D.N.Y. 2025). But if the Court considers Lively's burden-shifting argument based on that supplemental authority, then the Wallace Parties are entitled to the narrowly tailored deposition they seek under Rule 54. *See Mora v. Allsup's Convenience Stores, Inc.*, 2011 WL 13286042, at *2 (N.D. Tex. Mar. 11, 2011).

Lively's cited cases do not support her waiver argument. *See Durisseau v. Union Tank Car Co.*, 2023 WL 12263685, at *4 (E.D. Tex. Dec. 7, 2023) (denying third continuance request where plaintiff failed to pursue discovery diligently, instead serving discovery just two days before an already-twice-extended deadline to file a summary-judgment response); *LULAC v. Abbott*, 2024 WL 3093489, at *2–3 (W.D. Tex. June 21, 2024) (denying request to reopen discovery and modify scheduling order after discovery closed); *Eagle Suspensions, Inc. v. Hellman Worldwide Logistics, Inc.*, 2014 WL 1407582, at *2 (N.D. Tex. Feb. 11, 2014) (denying request for scheduling order for

[4] Lively argues "the applicable procedure was clear" under Rule 54(d)(2)(C) and the Wallace Parties could have requested discovery in their response to her motion. (Dkt. 62 at 8.) But Lively concedes that threshold issues impact the determination of fee liability here. Her own motion (Dkt. 45) does not comply with Local Rule CV-54(b)(2)'s requirements for fee submissions. Instead, Lively asks the Court to "*set a schedule for determining any disputed factual issues* relating to the fee awards pursuant to Rule 54(d)(2)(C)," acknowledging that the Wallace Parties "intend to dispute her legal entitlement to fees in this action" and advocating that it would serve judicial and party economy "to defer submission of affidavits until after that threshold legal dispute is resolved." (Dkt. 45 at 21–22 n.9 (emphasis added).) Indeed, the Wallace Parties asserted numerous threshold arguments precluding fee liability. (Dkt. 53.) The Court may (and the Wallace Parties submit, should) deny Lively's motion on any of those grounds without reaching her novel burden-shifting argument.

post-trial adversary proceedings, holding that Rule 54(d)(2) provides "an opportunity for adversary submissions," not a standalone right to a post-trial evidentiary proceeding); *EEOC v. Harris Farms, Inc.*, 2006 WL 1028755, at *25 (E.D. Cal. Mar. 1, 2006) (denying fee-related discovery sought after court took matter under submission as untimely under local rule).

Lively's argument that the Wallace Parties deposed her on the "exact issues" relevant to her fee motion in the New York litigation—not this case—is demonstrably untrue. That deposition occurred after Wallace and Street were dismissed (the first time) from that litigation for lack of personal jurisdiction but while Lively had leave to amend her complaint—which she did just before midnight the night before. The Wallace Parties were allocated one hour to explore primarily whether there was personal jurisdiction over them in New York.[5] Following the deposition, the Court again ruled there was not, based in part on excerpts from the one-hour deposition, dismissing Wallace and Street (the second time).

At the time of Lively's July 2025 New York deposition, there was no pending Section 47.1 motion in that or this litigation. Nor did the substantive claims in New York—where Wallace and Street were defendants—involve *her* malice. The only malice issue in New York concerned the Defendants'—not Lively's—so she was not "*already deposed*…on these exact issues." (Dkt. 62 at 11.) We appreciate that Lively admits she is "*not* claiming that [Wallace] sexually harassed her" (*id.*)—nor could she—but whether a jury might find that she did falsely accuse him of that and participating in a retaliatory smear campaign either knowing those allegations were false or in reckless disregard of the truth (malice) when she published her CRD and Draft Complaints to *The New York Times* goes to the merits, which were not reached by this Court nor explored in the one-

[5] It was actually less than one hour, as Lively's counsel made 54 objections in just 44 pages of testimony. *See* Exhibit B, Lively Dep. Tr. at 246–89.

hour deposition.

Indeed, Lively's counsel demanded strict compliance with the one-hour limit, interrupting the Wallace Parties' questioning and abruptly ending the deposition as counsel began questioning Lively about her Rule 202 Petition. *See* Exhibit B, Lively Dep. Tr. at 289–92.

**B. The Wallace Parties' notice of deposition was proper and not "frivolous."**

Contrary to Lively's assertions, the Wallace Parties do not "concede" that leave of court was required before serving a notice of deposition, nor do they "concede" their notice "never had any legal basis whatsoever." Lively cites no authority—nor are the Wallace Parties aware of any—for the proposition that leave of court must be granted before service of a notice of deposition under the procedural posture of this case. Nevertheless, Lively simply decided that issue in her favor when she failed to appear for her deposition without seeking a protective order as the rules require. The Wallace Parties accordingly seek an order from this Court, as Lively's counsel has made clear she will not appear otherwise.

**C. Lively is not entitled to any fees, much less "fees on fees" for responding to the Wallace Parties' motion.**

Lively is not entitled to any fees—including "fees on fees" for litigating either her own motion or this motion. The Wallace Parties' motion is both procedurally proper and substantially justified given this case's procedural posture and Lively's novel burden-shifting argument. Lively's request for fees on fees should be denied, and the Court should award the Wallace Parties their attorneys' fees under Rule 37(d).

## III. CONCLUSION

The Court should deny Lively's fee request and grant the Wallace Parties their fees and, in the meantime, order Lively's deposition to allow the Wallace Parties to develop the evidentiary record on the issue of malice.

Dated: August 19, 2026

Respectfully submitted,

JACKSON WALKER LLP

*/s/ Charles L. Babcock*

Charles L. Babcock
Texas Bar No. 01479500
Joel R. Glover
Texas Bar No. 24087593
Tori C. Emery
Texas Bar No. 24126228
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4110 [FAX]
cbabcock@jw.com
jglover@jw.com
temery@jw.com

Minoo Blaesche
Texas State Bar No. 24075102
Carl C. Butzer
Texas Bar No. 03545900
2323 Ross Avenue, Suite 600
Dallas, Texas 75206
(214) 953-6000
(214) 953-5822 [FAX]
mblaesche@jw.com
cbutzer@jw.com

Matt Dow
Texas Bar No. 06066500
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 391-2113 [FAX]
mdow@jw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to all counsel of record.

*/s/ Charles L. Babcock*
Charles L. Babcock