UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JED WALLACE, | § | |
| STREET RELATIONS, INC. | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-163 |
| | § | |
| BLAKE LIVELY, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO INCLUDE REBUTTAL EVIDENCE WITH REPLY IN SUPPORT OF THEIR MOTION FOR ORDER REQUIRING BLAKE LIVELY TO GIVE HER DEPOSITION**

Plaintiffs Jed Wallace and Street Relations, Inc. (the "Wallace Parties") respectfully move the Court for leave to submit rebuttal evidence with their Reply in Support of their Motion for Order Requiring Blake Lively to Give Her Deposition.

In her Response to the Wallace Parties' Motion, Defendant Blake Lively ("Lively") injected references to a transcript of testimony she gave in a one-hour, personal-jurisdiction-focused deposition in a different case then pending in the Southern District of New York, *Lively v. Wayfarer Studios, et al.*, No. 24-cv-10049-LJL (S.D.N.Y.). (*See* Dkt. 62 at 5, 11; Dkt. 62-1.)[1] Lively used that testimony to claim that her deposition is not needed in *this* case because she was deposed in a different case on the "exact issues" relevant to her exorbitant fee application here. (Dkt. 62 at 11.) That is demonstrably false, directly contradicted by the evidence the Wallace Parties seek leave to submit: additional excerpts from the same deposition transcript, which show that the deposition was extremely limited in both time and scope. In addition to being wrong, Lively's position also contradicts her previous designation of the entire deposition under the Protective Order in the New York litigation, which provides such designated material may be used "solely for the prosecution and defense of this action and any appeals thereto." *See Lively v. Wayfarer Studios LLC*, No. 1:24-cv-10049-LJL (S.D.N.Y.) (Protective Order, Dkt. 125 at 6).

Elsewhere, in an effort to counter the argument that Lively opposed the Wallace Parties' efforts to initiate discovery in this lawsuit, Lively claims that her counsel "heard nothing from the Wallace Parties between June 16 and July 17." (Dkt. 62 at 10 n.2.) But that claim, too, is false, as emails show that counsel for the Wallace Parties emailed counsel for Lively on June 16, June 17, and June 18 to initiate discovery and schedule a Rule 26(f) conference. Lively's counsel did not

[1] All pin citations are to the ECF pages in the file-stamped documents.

respond to these messages while out of the country on vacation. Only after counsel for the Wallace Parties followed up a third time (on July 17) did Lively's counsel respond on July 18.

To ensure a full and fair adjudication based on an accurate factual record, the Wallace Parties seek leave to submit narrowly tailored supplemental rebuttal evidence in the form of (1) the June/July 2025 email thread between Lively's counsel and the Wallace Parties' counsel; and (2) pages 1–12 and 246–92 of the deposition Lively cited in her Response, which are attached to this Motion for Leave, and referenced in the Wallace Parties' Reply, as Exhibits A and B.

"[T]he court may consider an issue raised for the first time in a reply brief if it is in responding to an issue raised in the non-movant's brief." *United States v. Vallare*, No. 5:17-CR-547, 2023 WL 4112775, at *3 (W.D. Tex. June 21, 2023); *cf. United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir. 2009) (permitting a party to address new arguments raised in a response within a reply). Thus, "[p]arties are permitted to submit evidence and arguments in a reply brief 'to rebut a new argument raised by the opposing party in a response.'" *ICharts LLC v. Tableau Software, LLC*, No. 1:23-CV-1225, 2024 WL 2305214, at *3 (W.D. Tex. May 21, 2024) (quoting *C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*, No. 18-CV-00039, 2020 WL 4708714, at *2 (W.D. Tex. July 13, 2020)). The Wallace Parties' rebuttal evidence is appropriate and should be considered, as it merely "respond[s] to an issue raised in [Lively's] brief'" and is submitted "to rebut a new argument raised by [Lively] in [her] response." *Vallare*, 2023 WL 4112775, at *3; *ICharts*, 2024 WL 2305214, at *3 (quoting *C&M*, 2020 WL 4708714, at *2).

The Wallace Parties respectfully request the Court grant leave to submit the attached rebuttal evidence in support of the Wallace Parties' Reply for the limited purpose of rebutting specific assertions in Lively's Response. A proposed order is submitted herewith.

Dated: August 19, 2026

Respectfully submitted,

JACKSON WALKER LLP

*/s/ Charles L. Babcock*

Charles L. Babcock
Texas Bar No. 01479500
Joel R. Glover
Texas Bar No. 24087593
Tori C. Emery
Texas Bar No. 24126228
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4110 [FAX]
cbabcock@jw.com
jglover@jw.com
temery@jw.com

Minoo Blaesche
Texas State Bar No. 24075102
Carl C. Butzer
Texas Bar No. 03545900
2323 Ross Avenue, Suite 600
Dallas, Texas 75206
(214) 953-6000
(214) 953-5822 [FAX]
mblaesche@jw.com
cbutzer@jw.com

Matt Dow
Texas Bar No. 06066500
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 391-2113 [FAX]
mdow@jw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 17, 2026, counsel for the Wallace Parties conferred via email with counsel for the Defendant in a good-faith attempt to resolve the matter of the Wallace Parties' request for leave to submit rebuttal evidence identified herein and submitted herewith with their reply, including requesting Lively's position on whether she opposed the Wallace Parties filing specific identified pages of Exhibit B on the public docket and, if she did oppose, identification of the specific pages or portions of the testimony that Lively contends should be filed under seal. Lively's counsel responded on August 18, 2026 that Lively objects to the Wallace Parties' request for leave to submit additional pages of Lively's S.D.N.Y. deposition (Exhibit B).

*/s/ Charles L. Babcock*
Charles L. Babcock

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to all counsel of record.

*/s/ Charles L. Babcock*
Charles L. Babcock