# EXHIBIT B

Planet Depos
We Make It Happen™

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

# Transcript of Blake Lively

**Date:** July 31, 2025
**Case:** Lively -v- Wayfarer Studios, LLC, et al.

**Planet Depos**
**Phone:** 888.433.3767 | **Email:** transcripts@planetdepos.com
**www.planetdepos.com**
**Michigan #8598 | Nevada #089F | New Mexico #566**

WORLDWIDE COURT REPORTING & LITIGATION TECHNOLOGY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - x

BLAKE LIVELY,

Plaintiff,

v.

| | |
|---|---|
| WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, STEVE SAROWITZ, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, THE AGENCY GROUP PR LLC, a Delaware Limited Liability Company, JENNIFER ABEL, an individual, JED WALLACE, an individual, and STREET RELATIONS INC., a California Corporation | Civ. Action No. 1:24-cv-10049-LJL (Consolidated for pretrial purposes with 1:25-cv-00449-LJL) Rel. 1:25-cv-00779-LJL |

Defendants.

- - - - - - - - - - - - - - x

Videotaped Deposition of BLAKE LIVELY

New York, New York

Wednesday, July 30, 2025

10:15 A.M.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Pages: 1 - 294

Reported By: Anita M. Trombetta, RMR, CRR, California CSR No. 14647

Videotaped deposition of BLAKE LIVELY, held at the offices of:

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
212.728.8000

Pursuant to notice, before Anita M. Trombetta, a Certified Shorthand Reporter in the State of California, RMR, CRR, and Notary Public in and for the State of New York.

A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFF:

ESRA A. HUDSON, ESQUIRE
STEPHANIE ROESER, ESQUIRE
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East
Century City, CA 90067
310.312.4381
-and-
MICHAEL J. GOTTLIEB, ESQUIRE
KRISTIN BENDER, ESQUIRE (Washington, D.C.)
AARON E. NATHAN, ESQUIRE (New York)
MICHAELA CONNOLLY, ESQUIRE (New York)
WILLKIE FARR & GALLAGHER LLP
2029 Century Park East
Los Angeles, CA 90067
202.303.1442
-and-
LINDSEY STRASBERG, ESQUIRE
SLOANE OFFER WEBER & DERN
10100 Santa Monica Boulevard, Suite 750
Los Angeles, CA 90067
310.248.5100

(Appearances continued on next page.)

A P P E A R A N C E S   C O N T I N U E D

ON BEHALF OF WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, and JENNIFER ABEL:

BRYAN J. FREEDMAN, ESQUIRE
ELLYN GAROFALO, ESQUIRE
LINER FREEDMAN TAITELMAN COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067-6408
310.201.0005

-and-

SUMMER BENSON, ESQUIRE
MITCHELL SCHUSTER, ESQUIRE
KEVIN A. FRITZ, ESQUIRE
MEISTER SEELIG & FEIN PLLC
125 Park Avenue, 7th Floor
New York, NY 10017
310.201.0005

(Appearances continued on next page.)

A P P E A R A N C E S   C O N T I N U E D

ON BEHALF OF WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, and JENNIFER ABEL:

MITRA AHOURAIAN, ESQUIRE
AHOURAIAN LAW
2029 Century Park E #14
Los Angeles, CA 90067
310.376.7878

ATTORNEYS FOR STEPHANIE JONES AND JONESWORKS LLC:

MAAREN A. SHAH, ESQUIRE
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
212.849.7452

(Appearances continued on next page.)

A P P E A R A N C E S   C O N T I N U E D

ATTORNEYS FOR DEFENDANTS STREET RELATIONS,
INC. and JED WALLACE:
CHARLES L. BABCOCK, ESQUIRE
JOEL GLOVER, ESQUIRE
JACKSON WALKER LLP
1401 McKinney St # 1900
Houston, TX 77010
713.752.4210

ALSO PRESENT:
JUSTIN BALDONI
STEVE SAROWITZ
MELISSA NATHAN
JENNIFER ABEL
JAMEY HEATH
ENRIQUE CASAS, Videographer

------------------I N D E X-----------------------


WITNESS
BLAKE LIVELY

| EXAMINATION BY | Page |
|---|---|
| ATTORNEY FREEDMAN | 12 |
| ATTORNEY BABCOCK | 246 |


-------------------E X H I B I T S----------------


| Exhibit | Description | Page |
|---|---|---|
| Exhibit 1000 | Defendant Jed Wallace and Street Relations Inc.'s Notice of Deposition of Plaintiff; Consolidated Defendant Blake Lively | 246 |
| Exhibit 1055 | Second Amended Complaint for Sexual Harassment, Retaliation, Breach of Contract, False Light, Defamation, and Other Claims | 262 |
| Exhibit 1051 | Email Chain Bearing Bates BL-000028978 Through BL-000028982 | 274 |
| Exhibit 1048 | Complaint of Employment Discrimination Before the State of California | 278 |
| Exhibit 1049 | Complaint for Damages | 279 |
| Exhibit 1042 | Memo, Re: Cease and Desist Demand, STREET 1.000092 | 280 |

E X H I B I T S

| | | |
|---|---|---|
| Exhibit 1041 | Email Bearing Bates STREET 1.000091 | 281 |
| Exhibit 1001 | Lively Verified Petition for Rule 202 Deposition | 286 |

P R O C E E D I N G S 10:13:39

THE VIDEOGRAPHER: Here begins media 10:13:39
number 1 in the videotaped deposition of Blake 10:15:13
Lively, in the matter of Lively vs. Wayfarer 10:15:16
Studios LLC, et al., in the United States District 10:15:20
Court, Southern District of New York, Case Number 10:15:24
1:24-cv-10049-LJL. 10:15:31

Today's date is July 31st, 2025, and the 10:15:32
time on the video monitor is 10:15 A.M. 10:15:35

The videographer for today is Enrique 10:15:40
Casas, representing Planet Depos. This video 10:15:43
deposition is taking place at 787 Seventh Avenue, 10:15:44
New York, New York. 10:15:48

Would counsel please voice-identify 10:15:48
themselves and state who they represent. 10:15:51

ATTORNEY HUDSON: Esra Hudson on behalf of 10:15:54
Ms. Lively. With me here today is my co-counsel, 10:15:56
Michael Gottlieb at -- with Willkie Farr & 10:16:00
Gallagher; Stephanie Roeser with Manatt; Lindsey 10:16:03
Strasberg with Sloane Offer Weber & Dern; Kristin 10:16:08
Bender with Willkie; Michaela Connolly with 10:16:12
Willkie; and Aaron Nathan with Willkie. 10:16:16

ATTORNEY SHAH: Maaren Shah from Quinn 10:16:20
Emanuel Urquhart & Sullivan, on behalf of 10:16:22
Jonesworks and Stephanie Jones. 10:16:24

ATTORNEY BABCOCK: Charles Babcock, Chip Babcock, Jackson Walker, on behalf of Jed Wallace and Street Relations. 10:16:27 10:16:30 10:16:35
ATTORNEY GLOVER: Joel Glover, also on behalf of Jed Wallace and Street Relations. 10:16:36 10:16:38
ATTORNEY FREEDMAN: Bryan Freedman. 10:16:43
ATTORNEY BENSON: Summer Benson. 10:16:45
ATTORNEY SCHUSTER: Mitchell Schuster. 10:16:46
ATTORNEY GAROFOLO: Ellyn Garofalo. 10:16:47
ATTORNEY AHOURAIAN: Mitra Ahouraian. 10:16:52
THE VIDEOGRAPHER: The court reporter today is Anita Baker -- Anita Trombetta representing Planet Depos. Sorry. 10:16:53 10:16:53 10:16:57
The witness will now be sworn in. 10:16:59
ATTORNEY HUDSON: Counsel, before we get started, can we agree that the standard stipulation under FRCP 32(d)(3)(a) will be applied to this case? 10:17:11 10:17:12 10:17:14 10:17:18
ATTORNEY FREEDMAN: We can certainly talk about it during the break. 10:17:18 10:17:20
ATTORNEY HUDSON: Well, it's that all objections except to the form of the question are reserved for trial. 10:17:21 10:17:22 10:17:24
ATTORNEY FREEDMAN: I understand that. I'm happy to talk about it while we're off the 10:17:26 10:17:27

record. 10:17:29

ATTORNEY HUDSON: Well -- 10:17:29

ATTORNEY FREEDMAN: I don't think it's going to be an issue. 10:17:30 10:17:31

ATTORNEY HUDSON: Okay. So we can agree, though, that the rule will apply? 10:17:32 10:17:33

ATTORNEY FREEDMAN: We can definitely agree that we can talk about it for sure, but I want to talk to my co-counsel. 10:17:35 10:17:36 10:17:41

ATTORNEY HUDSON: That's the rule that I'll be functioning under for the course of the deposition, unless you disagree. 10:17:43 10:17:44 10:17:46

ATTORNEY FREEDMAN: Okay. 10:17:48

ATTORNEY HUDSON: And then I also wanted to note for the record that per the protective order in this case, ECF number 125, we're designating Ms. Lively's entire deposition transcript and video, including all testimony and exhibits, as confidential. 10:17:49 10:17:50 10:17:52 10:17:55 10:17:58 10:18:01

We reserve the right to modify, elevate, or remove this designation within the time period set forth in the protective order. 10:18:03 10:18:06 10:18:09

And I also want to just clarify that everyone in the room has signed the protective order. 10:18:12 10:18:14 10:18:16

ATTORNEY SCHUSTER: That's correct. 10:18:18
ATTORNEY HUDSON: Okay. Thank you. 10:18:20
B L A K E L I V E L Y, called as a witness,
having been first duly sworn by a Notary Public,
was examined and testified as follows:
EXAMINATION BY
ATTORNEY FREEDMAN:
Q Good morning. What's your full legal 10:18:25
name? 10:18:27
A Blake Ellender Reynolds. 10:18:27
Q And what is your date of birth? 10:18:33
A 8/25/1987. 10:18:35
Q How long have you been an actress? 10:18:39
A 21 years. 10:18:42
Q Do you recall the year you started? 10:18:48
A Professionally, 2004. 10:18:51
Q You agreed to play the role of Lily Bloom 10:18:54
in It Ends With Us at the end of 2022; is that 10:19:03
correct? 10:19:09
A Yes. 10:19:09
Q Prior to that time, had you heard about 10:19:10
the book with the same title? 10:19:13
A Prior to agreeing? 10:19:16
Q Yes. 10:19:20
A Yes. 10:19:21

record and the time is 6:33 P.M. 18:33:45
(Recess.) 18:33:54
THE VIDEOGRAPHER: We are back on the record and the time is 6:42 P.M. 18:41:24 18:42:43
EXAMINATION BY ATTORNEY BABCOCK: 18:42:46 18:42:47
Q Ms. Lively, my name is Chip Babcock. This is Joel Glover. We represent Jed Wallace and Street Relations, Inc. 18:42:47 18:42:50 18:42:53
A Okay. 18:42:54
Q Nice to meet you across the table. 18:42:54
A Nice to meet you. 18:42:56
Q Sorry about the circumstances, but it is what it is. 18:42:58 18:43:00
A I appreciate it. 18:43:00
Q I've just handed you Exhibit 1000, not 1,001. That's just a notice of deposition. It's not a big deal, we just like to keep records. So you're here and thank you for being here. 18:43:01 18:43:04 18:43:06 18:43:10
(Exhibit 1000, marked for identification.) 18:43:12
A Okay. Do I need to take the time to read this? 18:43:12 18:43:14
Q No. 18:43:14
A Okay. 18:43:14
Q You can if you want, but there is just 18:43:15

legal gobbledygook in there, so not a problem. 18:43:18
Would you tell me what your definition is of personal knowledge? 18:43:22 18:43:25
ATTORNEY HUDSON: Objection. 18:43:28
A Knowledge that I retain myself without the -- in this context, without attorneys. 18:43:29 18:43:45
Q Good. I was hoping you'd say that, because all of my questions are going to be asking you about your personal knowledge. 18:43:50 18:43:53 18:43:55
A Okay. 18:43:57
Q And I don't want you to rely on your attorneys, something your attorneys may have told you, for reasons why there have been objections previously. 18:43:57 18:44:00 18:44:02 18:44:05
A Yeah. 18:44:05
Q She can still object if she wants -- 18:44:06
A Okay. 18:44:09
Q -- but she doesn't have to, because I'm not asking about that. 18:44:09 18:44:11
Have you ever met Jed Wallace? 18:44:12
A I have not, no. 18:44:15
Q Have you ever talked with him? 18:44:16
A Not to my knowledge, no. 18:44:17
Q Okay. Have you ever corresponded with him? 18:44:21 18:44:23

A Not to my knowledge, no. 18:44:23
Q Do you know what he looks like? 18:44:25
A I don't. 18:44:27
Q Okay. You do know he lives in Texas? 18:44:28
ATTORNEY HUDSON: Objection. 18:44:31
A I do. 18:44:32
Q Okay. You listed -- I thought I heard -- 18:44:33
I may ask you questions you've already been asked, 18:44:41
but I didn't catch everything down there. 18:44:43
You listed everybody you thought had 18:44:46
harassed you, and I don't think I heard 18:44:49
Mr. Wallace's name. 18:44:53
But the question is, is Mr. Wallace among 18:44:54
the people that harassed you or not? 18:44:56
ATTORNEY HUDSON: Objection. 18:44:59
A I have never met Jed Wallace, so I do not 18:44:59
think he participated in physical, sexual 18:45:02
harassment. 18:45:08
Q Okay. 18:45:08
A I believe he was a part of the retaliation 18:45:08
campaign that was a result of that -- 18:45:11
Q And that's -- 18:45:15
A -- harassment. 18:45:15
Q Were you done with your answer? 18:45:16
ATTORNEY HUDSON: Sorry. I just want to 18:45:16

[redacted]

18:45:17
18:45:20
18:45:22
18:45:24
18:45:26
18:45:31
18:45:33
18:45:35
18:45:39
18:45:40
18:45:42
18:45:46
18:45:50
18:45:53
18:45:54
18:45:58
18:46:00
18:46:03
18:46:07
18:46:08
18:46:10
18:46:13
18:46:14
18:46:15
18:46:23

[redacted] 18:46:26
[redacted] 18:46:27
[redacted] 18:46:32
[redacted] 18:46:34
[redacted] 18:46:36
[redacted] 18:46:37
[redacted] 18:46:40
[redacted] 18:46:43
[redacted] 18:46:47
[redacted] 18:46:49
[redacted] 18:46:55
[redacted] 18:46:59
[redacted] 18:47:01
[redacted] 18:47:05
[redacted] 18:47:06
[redacted] 18:47:07
[redacted] 18:47:08
[redacted] 18:47:09
[redacted] 18:47:12
[redacted] 18:47:17
[redacted] 18:47:20
[redacted] 18:47:22
[redacted] 18:47:23
[redacted] 18:47:24
[redacted] 18:47:27

about some publication, some things that are tangible -- you know, you can read them, and I'm just trying to find out if you're aware of anything that Jed Wallace has published about you that you complain about that would be part of a smear campaign. 18:47:31 18:47:35 18:47:37 18:47:39 18:47:46 18:47:49

ATTORNEY HUDSON: Objection. 18:47:50

A Sorry, I don't think I understand the question. 18:47:53 18:47:56

Q In -- in the law that the thousands of people who are witnessing this deposition practice a lot, there is a thing called libel, which is written defamation disparagement, and then there is a slander, which is oral defamation or disparagement. So I'm focusing on written. 18:47:56 18:48:03 18:48:07 18:48:11 18:48:16 18:48:19

Is there anything you've seen in writing that you believe that Mr. Wallace has authored that is defamatory, disparaging or says mean things about you? 18:48:22 18:48:24 18:48:28 18:48:33

A That's happening currently? 18:48:36

Q Well, let's start with currently, sure. 18:48:37

A Currently, I don't read news about me or go on social media about me. So personally, I don't have knowledge, no. 18:48:39 18:48:48 18:48:55

Q Okay. And that's as of today. 18:48:57

And going backward in time, can you identify any written thing that you believe Mr. Wallace published about you that is defamatory, disparaging, in any way offending to you? 18:49:02 18:49:06 18:49:09 18:49:14 18:49:18

ATTORNEY HUDSON: Objection. 18:49:18

A A specific article or -- no, I don't know a specific -- I don't know a specific article. 18:49:19 18:49:29

Q Okay. And it could be a post, anything in writing that you can look at it like I'm looking at this screen and reading. 18:49:32 18:49:34 18:49:37

And you're not aware of anything that he's authored that you can actually see whether it's a post, an article, or a video or something like that, correct? 18:49:39 18:49:41 18:49:45 18:49:48

ATTORNEY HUDSON: Objection. 18:49:48

A I can't cite a specific article. I -- my understanding from the documents I received is that he was a part of this campaign which contained a lot of content. But to be able to name one specific article, if that's what you're asking, no. 18:49:49 18:49:59 18:50:03 18:50:13 18:50:18 18:50:21

Q Yeah. Okay. 18:50:22

And you were right to focus on one specific article, and I also wanted to focus on 18:50:23 18:50:27

one specific author, which would be Mr. Wallace. 18:50:30
And are you aware of any specific article that he authored himself, maybe in conjunction with others, but that he authored himself? 18:50:35 18:50:37 18:50:41
ATTORNEY HUDSON: Objection. 18:50:44
A With his name on it? No. I understand Mr. Wallace's work to be quite clandestine, so I'm not aware of anything that has his name on it, no. 18:50:45 18:50:51 18:51:00
Q How do you know his work was quite clandestine? 18:51:03 18:51:06
A That's how it's been described to me by everyone who knows him, that -- yeah, that everyone who I've spoken with who knows him. It's also what was described in the documents we received, both in the Joneswork documents, as well as documents in discovery. 18:51:07 18:51:13 18:51:17 18:51:21 18:51:27 18:51:35
Q Who described him to you as quite clandestine? You said that people told you that, who told you that? 18:51:36 18:51:39 18:51:43
A I don't know that those were the words that were used. 18:51:44 18:51:45
Q Sure. 18:51:47
A That was the general sort of descriptor, or the general idea. 18:51:48 18:51:52
ATTORNEY HUDSON: And you're excluding 18:51:53

counsel? 18:51:55
ATTORNEY BABCOCK: Always. 18:51:56
A I was told by Stephanie Jones about his -- the nature of the way he works and how he works and -- so Stephanie Jones. 18:51:59 18:52:09 18:52:15
There are -- well, outside of attorneys, yeah, he has that reputation. Yeah, a lot of what I know of that is through attorneys. 18:52:24 18:52:31 18:52:38
But I -- also in the messages, I don't remember if it was Jennifer Abel or Melissa Nathan who described his work as untraceable. And there were other messages which -- 18:52:41 18:52:47 18:52:51 18:52:59
Q Okay. So the three names of people who might have described him as quite clandestine would be Stephanie Jones, Melissa Nathan, and Jennifer Abel. 18:53:04 18:53:06 18:53:09 18:53:13
Would that be correct? 18:53:15
A There were others. I don't remember if it was Katie Case or Brianna Koslow, who also described his work in the documents that we've... 18:53:16 18:53:19 18:53:28
Q Does Ms. Koslow also go by Butler? 18:53:32
ATTORNEY HUDSON: Objection. 18:53:35
A I don't know. 18:53:36
Q Okay. In any event, are Ms. Case and Koslow, are they part of the conspiracy against 18:53:36 18:53:41

[redacted]

18:53:49
18:53:50
18:53:50
18:54:01
18:54:01
18:54:03
18:54:04
18:54:05
18:54:06
18:54:07
18:54:09
18:54:13
18:54:18
18:54:21
18:54:23
18:54:25
18:54:30
18:54:31
18:54:31
18:54:38
18:54:45
18:54:48
18:54:51
18:54:52
18:54:52

[redacted] 18:54:53
[redacted] 18:54:53
[redacted] 18:54:57
[redacted] 18:54:58
[redacted] 18:54:59
[redacted] 18:55:06
[redacted] 18:55:10
[redacted] 18:55:14
[redacted] 18:55:18
[redacted] 18:55:20
[redacted] 18:55:22
[redacted] 18:55:25
[redacted] 18:55:29
[redacted] 18:55:30
[redacted] 18:55:32
[redacted] 18:55:36
[redacted] 18:55:38
[redacted] 18:55:40
[redacted] 18:55:54
[redacted] 18:55:59
[redacted] 18:56:01
[redacted] 18:56:09
[redacted] 18:56:17
[redacted] 18:56:26
[redacted] 18:56:29

[redacted] 18:56:31
[redacted] 18:56:36
[redacted] 18:56:39
[redacted] 18:56:41
[redacted] 18:56:43
[redacted] 18:56:45
[redacted] 18:56:47
[redacted] 18:56:49
[redacted] 18:56:52
[redacted] 18:56:56
[redacted] 18:56:59
[redacted] 18:57:05
[redacted] 18:57:10
[redacted] 18:57:17
[redacted] 18:57:22
[redacted] 18:57:25
[redacted] 18:57:34
[redacted] 18:57:43
[redacted] 18:57:44
[redacted] 18:57:48
[redacted] 18:57:51
[redacted] 18:57:55
[redacted] 18:57:58
[redacted] 18:58:01
[redacted] 18:58:02

[redacted] 18:58:06
18:58:13
18:58:19
18:58:21
18:58:27
18:58:37
18:58:39
18:58:42
18:58:44
18:58:47
18:58:50
18:58:51
18:58:52
18:58:59
18:59:00
18:59:01
18:59:05
18:59:07
18:59:09
18:59:15
18:59:17
18:59:21
18:59:24
18:59:26
18:59:31

[redacted]

[redacted] 19:00:52
[redacted] 19:00:53
[redacted] 19:00:55
[redacted] 19:00:55
[redacted] 19:01:00
[redacted] 19:01:02
[redacted] 19:01:03
[redacted] 19:01:06
[redacted] 19:01:08
[redacted] 19:01:09
[redacted] 19:01:15
[redacted] 19:01:30
[redacted] 19:01:37
[redacted] 19:01:44
[redacted] 19:01:50
[redacted] 19:01:55
[redacted] 19:02:01
[redacted] 19:02:05
[redacted] 19:02:09
[redacted] 19:02:14
[redacted] 19:02:22
[redacted] 19:02:27
[redacted] 19:02:29
[redacted] 19:02:31
[redacted] 19:02:33

ATTORNEY HUDSON: Objection. 19:02:35
A No, that's not what I'm saying. 19:02:36
Q Okay. I didn't think so. I just wanted to be clear. 19:02:37 19:02:39
All right. I just want to get a timeline of things. 19:02:40 19:02:48
The production started in early May of 2023, is that right, of the movie it ends with us? 19:02:49 19:02:51
A The filming itself started, I believe, yeah, in May of 2023. 19:02:56 19:02:58
Q Okay. And was that in California? 19:02:59
A No, it was in New Jersey. 19:03:04
Q Oh, I thought everything was in California. 19:03:09 19:03:10
Okay. And then there was a writers' strike that stopped it in June of '23 -- 2023, correct? 19:03:11 19:03:16 19:03:24
A Correct. 19:03:25
Q And then production resumed maybe on January 5th of 2024; is that right? 19:03:26 19:03:33
A That sounds correct. 19:03:35
Q Okay. Was that also in New Jersey or was that in California? 19:03:36 19:03:38
A That was in New Jersey. We shot a couple days in California at the end. 19:03:39 19:03:42

Q Okay. Was the movie shot anywhere other than New Jersey or California? 19:03:46 19:03:49
A I believe they did additional photography and wide shots and inserts -- not inserts, but wider shots of scenery in other locations. 19:03:52 19:03:58 19:04:06
Q Do you know where those other locations were? 19:04:09 19:04:12
A I don't. 19:04:13
Q You weren't involved in them; they just shot them other places? 19:04:13 19:04:16
A Yes. 19:04:17
Q Okay. Great. 19:04:17
ATTORNEY BABCOCK: Joel, I need 1055. 19:04:21
(Exhibit 1055, marked for identification.) 19:04:21
BY ATTORNEY BABCOCK: 19:04:21
Q Last night, we received a second amended complaint, and it's a big thick old thing, and I'm not -- and what I've done is to redline the changes. So it's not how it was filed. It's just how -- how it looks now. 19:04:27 19:04:31 19:04:36 19:04:42 19:04:47
And I have a couple of questions about it, not a whole lot, but if -- if you'll turn to paragraph 332, which you'll find on page 118, the second amended complaint, which this is -- have you ever seen it before, by the way? 19:04:49 19:05:00 19:05:05 19:05:13 19:05:17

[redacted]

[redacted] 19:06:21
[redacted] 19:06:21
[redacted] 19:06:23
[redacted] 19:06:24
[redacted] 19:06:29
[redacted] 19:06:31
[redacted] 19:06:33
[redacted] 19:06:36
[redacted] 19:06:39
[redacted] 19:06:39
[redacted] 19:06:41
[redacted] 19:06:45
[redacted] 19:06:46
[redacted] 19:06:48
[redacted] 19:06:49
[redacted] 19:06:52
[redacted] 19:06:54
[redacted] 19:06:55
[redacted] 19:07:01
[redacted] 19:07:05
[redacted] 19:07:39
[redacted] 19:07:51
[redacted] 19:07:54
[redacted] 19:07:57
[redacted] 19:08:00

[redacted]

Q What is astroturfing? 19:09:45
A My understanding of astroturfing is when a conversation or sentiment is inorganic. And unlike a grassroots marketing campaign, it is fake in that it is a sentiment that is where there is a particular person, group, or organization behind it. 19:09:49 19:10:00 19:10:09 19:10:17 19:10:24 19:10:27
Q Okay. And you say in this complaint that the "coordinated astroturfing campaign to discredit and bury Ms. Lively." 19:10:27 19:10:37 19:10:42
What do you mean by bury you, the astroturfing campaign was meant to bury you? 19:10:46 19:10:49
ATTORNEY HUDSON: Objection. 19:10:52
Q Do you know what that means, what is meant by that? 19:10:52 19:10:54
ATTORNEY HUDSON: Objection. 19:10:55
A I do. 19:10:56
Q And what is meant by that? 19:10:56
A They were descriptives that were used by Justin Baldoni, Jennifer Abel, and Melissa Nathan. The term "bury," she wants -- he wants to feel like she can be buried. 19:10:58 19:11:05 19:11:08 19:11:10
Q Okay. And -- 19:11:10
A And Melissa Nathan said, "We can bury her." 19:11:14 19:11:16

Q Okay. 19:11:16
A So that's why that word was chosen. 19:11:17
Q This is going to seem like a facetious or silly question, but you didn't take that to mean they were going to physically bury you, just they were going to reputationally bury you? Is that how you took it or not? 19:11:19 19:11:22 19:11:27 19:11:29 19:11:32
A When they said that, I felt reputationally. 19:11:33 19:11:39
When Steve Sarowitz said that there would be two dead bodies by the time that he was done with us, yeah, I considered that that might be literal. 19:11:39 19:11:42 19:11:45 19:11:48
Q You thought you might -- you might be in physical jeopardy? 19:11:49 19:11:51
A You -- as a mother, you feel like anything is -- could be possible in those moments. It's terrifying. 19:11:53 19:12:00 19:12:06
Q Yeah. Putting aside the physical jeopardy, was -- was the reference to burying and two dead bodies inclusive of reputational injury or not? 19:12:07 19:12:12 19:12:18 19:12:22
ATTORNEY HUDSON: Objection. 19:12:23
A I'm sorry, I don't understand the question. 19:12:23 19:12:25

[redacted] 19:12:25
[redacted] 19:12:27
[redacted] 19:12:27
[redacted] 19:12:29
[redacted] 19:12:34
[redacted] 19:12:35
[redacted] 19:12:36
[redacted] 19:12:38
[redacted] 19:12:41
[redacted] 19:12:42
[redacted] 19:12:44
[redacted] 19:12:47
[redacted] 19:12:50
[redacted] 19:12:51
[redacted] 19:13:02
[redacted] 19:13:06
[redacted] 19:13:08
[redacted] 19:13:13
[redacted] 19:13:15
[redacted] 19:13:17
[redacted] 19:13:19
[redacted] 19:13:28
[redacted] 19:13:29
[redacted] 19:13:32
[redacted] 19:13:57

[redacted] 19:14:02
[redacted] 19:14:03
[redacted] 19:14:05
[redacted] 19:14:05
[redacted] 19:14:07
[redacted] 19:14:12
[redacted] 19:14:14
[redacted] 19:14:14
[redacted] 19:14:16
[redacted] 19:14:19
[redacted] 19:14:29
[redacted] 19:14:31
[redacted] 19:14:59
[redacted] 19:15:02
[redacted] 19:15:10
[redacted] 19:15:12
[redacted] 19:15:16
[redacted] 19:15:17
[redacted] 19:15:19
[redacted] 19:15:19
[redacted] 19:15:28
[redacted] 19:15:28
[redacted] 19:15:32
[redacted] 19:15:36
[redacted] 19:15:38

[redacted]

[redacted]

[redacted]

[redacted] 19:20:07
[redacted] 19:20:08
[redacted] 19:20:10
[redacted] 19:20:16
[redacted] 19:20:17
[redacted] 19:20:19
[redacted] 19:20:22
[redacted] 19:20:22
[redacted] 19:20:23
[redacted] 19:20:25
[redacted] 19:20:27
[redacted] 19:20:32
[redacted] 19:20:34
[redacted] 19:20:39
[redacted] 19:20:42
[redacted] 19:20:48
[redacted] 19:20:51
[redacted] 19:20:53
[redacted] 19:20:55
[redacted] 19:21:01
[redacted] 19:21:05
[redacted] 19:21:06
[redacted] 19:21:12
[redacted] 19:21:12
[redacted] 19:21:14

When Mr. Freedman allegedly made these defamatory comments on behalf of Mr. Wallace, did he make them prior to the lawsuit -- to that lawsuit, which has now been dismissed, being sent to New York? 19:21:17 19:21:20 19:21:25 19:21:29 19:21:32

ATTORNEY HUDSON: Objection. 19:21:32

Q How about that? 19:21:33

ATTORNEY HUDSON: Objection. 19:21:36

A My understanding is that Mr. Freedman's harmful statements started as soon as the first case started, which would be mine. So December of 2024. 19:21:37 19:21:45 19:21:55 19:22:01

Q Okay. The premiere of it ends with us, the film, was on August 6th of 2024; is that right? 19:22:01 19:22:16 19:22:22

A I don't know the exact date, but that sounds correct. 19:22:22 19:22:24

Q Okay. 19:22:25

ATTORNEY BABCOCK: Have you got 1051? 19:22:27

I may have a document that might help. 19:22:29

THE WITNESS: Thanks. 19:22:32

ATTORNEY BABCOCK: You can -- attach that one. 19:22:34 19:22:38

(Exhibit 1051, marked for identification.) 19:22:38

BY ATTORNEY BABCOCK: 19:22:57

Q 1051, if you go to the fourth page, next to last page, it says, "Tuesday, August 6th, 7:00 P.M., it ends with us premiere, location AMC Lincoln Square, 1998 Broadway, New York, New York." 19:22:57 19:23:06 19:23:12 19:23:16 19:23:20

Does that refresh your recollection as to when the premiere was? 19:23:20 19:23:23

A Sorry, I wasn't there yet. 19:23:24

This is 8981? Tuesday, August 6th, it ends with us premiere. Yes. 19:23:26 19:23:33

Q Okay. And the -- the film's release was on August 9th; is that right? 19:23:35 19:23:43

A In the United States, yes. It released at different times in different international territories. But for the sake of our conversations today, when I've talked about the day the film was released, I was talking about August 9th. 19:23:45 19:23:51 19:23:52 19:23:55 19:23:59 19:24:01

Q Okay. And you testified earlier that that was when you first became aware of the negative argument or the -- sorry, the negative article about you, right? 19:24:02 19:24:03 19:24:07 19:24:12

ATTORNEY HUDSON: Objection. 19:24:13

A Not an article, no. It felt -- no, not one article. 19:24:13 19:24:22

[redacted] 19:24:23
[redacted] 19:24:27
[redacted] 19:24:31
[redacted] 19:24:31
[redacted] 19:24:44
[redacted] 19:24:52
[redacted] 19:24:53
[redacted] 19:25:02
[redacted] 19:25:04
[redacted] 19:25:05
[redacted] 19:25:13
[redacted] 19:25:19
[redacted] 19:25:28
[redacted] 19:25:33
[redacted] 19:25:43
[redacted] 19:25:47
[redacted] 19:25:51
[redacted] 19:25:54
[redacted] 19:25:57
[redacted] 19:26:09
[redacted] 19:26:13
[redacted] 19:26:16
[redacted] 19:26:18
[redacted] 19:26:21
[redacted] 19:26:22

don't remember specifically who else was there. It was a very emotional and upsetting day. It was hard for me and Isabella to continue our work. We kept breaking because we were incredibly distraught. 19:26:29 19:26:32 19:26:40 19:26:42 19:26:45

Q And the statements by the Sony people that you identified were in person in Copenhagen; is that right? 19:26:46 19:26:49 19:26:55

A Yes. 19:26:55

Q Okay. 19:26:56

A There were also Sony representatives in New York and in California and internationally. And my publicist, Leslie Sloane, I believed to be in New York at the time that she called to let me know of the negativity and of the hiring of Melissa Nathan. 19:26:57 19:27:00 19:27:06 19:27:11 19:27:15 19:27:19

ATTORNEY BABCOCK: Okay. Object as nonresponsive. 19:27:26 19:27:27

Q On December 20th of 2024, you filed a complaint with the civil rights division of the California agency in charge of the Fair Employment and Housing Act, correct? 19:27:28 19:27:38 19:27:45 19:27:55

ATTORNEY HUDSON: Objection. 19:27:56

A I'd have to read the document to know -- 19:27:56

Q Sure. I'm going to show it to you. 19:28:02

A -- that you recited it accurately. 19:28:06
(Exhibit 1048, marked for identification.) 19:28:06
BY ATTORNEY BABCOCK: 19:28:10
Q Here you go. Let me hand you Exhibit 1048. There you go. 19:28:10 19:28:15
And 1048 is a three-page document that lists Jed Wallace and Street Relations as two of a number of respondents to your complaint of employment discrimination before the State of California, correct? 19:28:23 19:28:28 19:28:36 19:28:39 19:28:42
A Jed Wallace's name is listed amongst the defendants, yes. 19:28:44 19:28:50
And what was the second part of your question? I'm sorry. 19:28:51 19:28:53
Q Street Relations Inc. was also listed, correct, as a respondent? 19:28:54 19:28:56
A Yes. 19:28:58
Q All right. And this complaint was verified by your outstanding lawyer, Esra Hudson, who is sitting next to you, I think; is that right? 19:28:59 19:29:04 19:29:08 19:29:10
ATTORNEY HUDSON: Objection. 19:29:12
ATTORNEY BABCOCK: I would object if I were you. 19:29:13 19:29:14
Q It's on the last page, I think. 19:29:20

A Yes. 19:29:22
Q And she was your lawyer with respect to 19:29:22
this complaint, correct? 19:29:24
A Yes. 19:29:25
Q And the complaint indicates that there is 19:29:26
a -- an attachment that says, "Please see attached 19:29:32
complaint for specific details." 19:29:36
Do you remember that? Do you remember 19:29:40
that it had an attachment? 19:29:42
A My initial complaint? 19:29:44
Q Yes. 19:29:46
A Yes. 19:29:46
Q Okay. 19:29:48
(Exhibit 1049, marked for identification.) 19:29:48
BY ATTORNEY BABCOCK: 19:29:52
Q Let me hand you 1049. 19:29:52
And is that is the attachment? 19:29:54
A Well, I'm unable to read all of the pages 19:29:55
right now, so I'm going to have to go on trust to 19:29:58
know if it's the attachment, so I don't know, 19:30:02
but... 19:30:05
Q Does that kind of look like what the 19:30:06
attachment was? 19:30:08
ATTORNEY HUDSON: Objection. 19:30:09
A It kind of looks like what the attachment 19:30:10

was. 19:30:12
Q Okay. If it turns out not to be, then it's going to be on me, not on you, how about that? Is that fair? 19:30:13 19:30:15 19:30:18
A That's -- let's hope so. 19:30:18
Q And then the -- that same day, one of your lawyers, Mr. Gottlieb, sent a letter to a number of the people who are now defendants here, correct? 19:30:23 19:30:33 19:30:41 19:30:43
ATTORNEY HUDSON: Objection. 19:30:44
ATTORNEY BABCOCK: Do you have those Gottlieb letters? I believe it's going to be 1043 through 1045. Actually, one letter with some attachments. 19:30:50 19:30:50 19:31:05 19:31:13
Maybe I got the wrong number. It's this one. 19:31:17 19:31:21
(Exhibit 1042, marked for identification.) 19:31:21
BY ATTORNEY BABCOCK: 19:31:45
Q Let me hand you what's been marked as 1042, sorry. I stated the wrong number. 19:31:45 19:31:48
Have you ever seen this exhibit before? It's -- it's sent on behalf of not only Mr. Gottlieb but Ms. Hudson as well. 19:32:15 19:32:19 19:32:23
A I need to take a minute to look at it to know if it looks familiar. 19:32:26 19:32:29

[redacted]

19:32:29
19:32:31
19:32:31
19:32:37
19:32:38
19:32:41
19:32:45
19:32:48
19:32:49
19:33:26
19:33:26
19:33:27
19:33:29
19:33:29
19:33:32
19:33:34
19:33:36
19:33:42
19:33:47
19:33:47
19:34:29
19:34:30
19:34:31
19:34:32
19:34:37

[redacted] 19:34:42
[redacted] 19:34:50
[redacted] 19:34:55
[redacted] 19:35:00
[redacted] 19:35:04
[redacted] 19:35:04
[redacted] 19:35:11
[redacted] 19:35:12
[redacted] 19:35:14
[redacted] 19:35:18
[redacted] 19:35:21
[redacted] 19:35:23
[redacted] 19:35:28
[redacted] 19:35:29
[redacted] 19:35:31
[redacted] 19:35:35
[redacted] 19:35:38
[redacted] 19:35:43
[redacted] 19:35:46
[redacted] 19:35:47
[redacted] 19:35:48
[redacted] 19:35:58
[redacted] 19:35:59
[redacted] 19:35:59
[redacted] 19:36:04

19:36:05 [redacted]
19:37:26

[redacted]

[redacted]

[redacted]

19:39:44
19:39:46
19:39:54
19:39:54
19:39:54
19:34:54
19:40:11
19:40:15
19:40:18
19:40:19
19:40:21
19:40:54
19:40:59
19:41:01
19:41:04
19:41:06
19:41:08
19:41:12
19:41:14
19:41:17
19:41:18
19:41:19
19:41:20
19:41:23
19:41:27

[redacted] 19:41:31
[redacted] 19:41:34
[redacted] 19:41:34
[redacted] 19:41:37
[redacted] 19:41:38
[redacted] 19:41:40
[redacted] 19:41:44
[redacted] 19:41:51
[redacted] 19:41:54
[redacted] 19:41:56
[redacted] 19:42:04
[redacted] 19:42:08
[redacted] 19:42:15
[redacted] 19:42:19
[redacted] 19:42:22
[redacted] 19:42:24
[redacted] 19:42:28
[redacted] 19:42:29
[redacted] 19:42:29
[redacted] 19:42:31
[redacted] 19:42:31
[redacted] 19:42:35
[redacted] 19:42:37
[redacted] 19:42:42
[redacted] 19:42:44

[redacted]

[redacted]

ATTORNEY HUDSON: Sorry to cut you off, but we're at seven hours, so I think we're concluded for the day. I'll ask the court reporter to verify.

THE VIDEOGRAPHER: We're at seven hours exactly.

ATTORNEY HUDSON: Okay.

ATTORNEY BABCOCK: Well, I'm going to ask her two more questions.

ATTORNEY HUDSON: We're going to adjourn now because it's at seven hours. And the Court ordered that the deposition today would be seven

19:43:50
19:43:53
19:43:53
19:43:54
19:43:57
19:44:03
19:44:05
19:44:08
19:44:10
19:44:11
19:44:12
19:44:13
19:44:15
19:44:16
19:44:17
19:44:19
19:44:21
19:44:22
19:44:24
19:44:25
19:44:25
19:44:26
19:44:28
19:44:29
19:44:33

hours shared among the parties. We are at seven hours, so the time is up. 19:44:36 19:44:38

ATTORNEY BABCOCK: If you would as a courtesy allow me to ask her [redacted] 19:44:41 19:44:42 19:44:45

ATTORNEY HUDSON: I can -- you can answer that question. 19:44:46 19:44:47

[redacted] 19:44:48 19:44:50 19:44:51 19:44:54 19:44:57 19:44:59 19:45:03 19:45:04

ATTORNEY BABCOCK: Okay. And I'm going to make a statement for the record that last night at a few minutes before midnight, we were provided an amended complaint that had significant changes from the prior complaint, and that this is a merits deposition, and we have been permitted to ask questions for only an hour. And we object to that, and we will move, if appropriate, for an order of the Court to reconvene this deposition. But for now it is adjourned. 19:45:05 19:45:07 19:45:11 19:45:16 19:45:18 19:45:22 19:45:25 19:45:29 19:45:33 19:45:37

And you can make whatever statements -- 19:45:39
ATTORNEY HUDSON: Thank you. 19:45:42
ATTORNEY BABCOCK: -- contrary to that 19:45:43
that you want. 19:45:44
ATTORNEY HUDSON: I am going to make a 19:45:44
statement for the record. 19:45:45
ATTORNEY BABCOCK: I figured you would. 19:45:47
ATTORNEY HUDSON: Yes. 19:45:48
The -- we had an emergency hearing about 19:45:49
the deposition scheduling on July 17th, and at 19:45:51
that time, the Court made clear that the 19:45:53
deposition of Ms. Lively would occur once, for 19:45:55
seven hours, and gave counsel the opportunity to 19:45:58
argue about that and also asked how much time 19:46:01
counsel for Mr. Wallace and Street Relations would 19:46:05
need for the deposition, at which time counsel for 19:46:07
those parties said one hour. Counsel has had one 19:46:12
hour at this deposition. 19:46:17
The changes to the amended complaint focus 19:46:17
almost exclusively on jurisdictional issues 19:46:21
related to the State of New York. And the counsel 19:46:23
for the Wallace parties had an opportunity to ask 19:46:31
questions of Ms. Lively about that matter and any 19:46:33
other matter they would like within the hour, did 19:46:37
not seek more time in advance of this deposition. 19:46:40

ATTORNEY BABCOCK: Well, if we're not dismissed just wait, we might ask for more time. 19:46:45 19:46:46

ATTORNEY HUDSON: One more thing. 19:46:49

One other thing for the record. We have noticed that each of the defendants present here today taking -- here today taking handwritten notes or actively using cell phones or laptops during the course of the deposition, we expect all of those notes and written communications to be preserved and are putting everyone on notice that none of the notes taken by parties should be destroyed or discarded. 19:46:55 19:46:57 19:46:59 19:47:02 19:47:06 19:47:08 19:47:09 19:47:12 19:47:15

THE VIDEOGRAPHER: This marks the end of the deposition of Blake Lively. We are going off the record and the time is 7:47 P.M. 19:47:18 19:47:20 19:47:21

(Time noted: 7:47 P.M.) 19:49:28

CERTIFICATE OF SHORTHAND REPORTER-NOTARY PUBLIC

I, ANITA M. TROMBETTA, RMR, CRR, and Certified California Shorthand Reporter, the officer before whom the foregoing deposition was taken, do hereby certify that the foregoing transcript is a true and correct record of the testimony given; that said testimony was taken by me stenographically and thereafter reduced to typewriting under my direction; that reading and signing was requested [or not requested, as appropriate]; and that I am neither counsel for, related to, nor employed by any of the parties to this case and have no interest, financial or otherwise, in its outcome.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal this 31st day of July, 2025.

My commission expires: 10.07.2025



______________________________

Anita M. Trombetta, RMR, CRR