**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JED WALLACE,** **STREET RELATIONS, INC.,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CASE NO. 1:25-CV-00163-DAE** |
| **BLAKE LIVELY,** | § | |
| **Defendant.** | § | |

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO INCLUDE REBUTTAL EVIDENCE WITH REPLY IN SUPPORT OF THEIR MOTION FOR ORDER REQUIRING BLAKE LIVELY TO GIVE HER DEPOSITION**

Plaintiffs Jed Wallace and Street Relations, Inc. (the "Wallace Parties") request leave to submit evidence with their reply (Dkt. 64) (the "Request")[1] but fail to explain how that evidence is relevant to, much less supports, their Motion for leave to take Ms. Lively's deposition (Dkt. 57) (the "Motion"), or why it only occurred to them to do so in a reply brief. This Request is nothing more than a distraction from the inadequacy of the Wallace Parties' Motion seeking leave to depose Ms. Lively, much like the inadequacy of their Opposition to Ms. Lively's fee motion.

The Wallace Parties have nothing relevant to add to the record that they could not have included in their original motion. If anything, the Wallace Parties *should* be moving to supplement the record to disclose that, as was confirmed through the public filing of previously undisclosed text messages and emails this week, their client gave false testimony about his own personal knowledge and activities in order to conceal his role in a digital campaign against Ms. Lively. *See*

[1] Capitalized terms not defined herein shall have the meaning set forth in Ms. Lively's *Opposition to Plaintiffs' Motion for Discovery* (Dkt. 62) (the "Opposition").

Exhibit A, at 75:25-76:3 ("Q: Did you have any involvement in what came to be Exhibit 51 [the Amanda Ghost website]? Mr. Cooley: Objection. A: I did not."); *see* Exhibit B, Motion to Compel Further Responses to Third Set of Requests for Production to The Agency Group PR, LLC; Joint Discovery Dispute Statement, *Ghost v. Wilson,* No. 24STCV17314 (Cal. Super. Ct. Aug. 25, 2026).[2] If the Court is going to permit Mr. Wallace to supplement the record, it should at a minimum also consider this evidence—which shows that the Wallace Parties' entire narrative is based on lies.

Now that the Wallace Parties have submitted their reply in support of their Motion to take Ms. Lively's deposition (Dkt. 63) (the "Reply"), what is most notable is what they have *not* done. The Wallace Parties have never provided any legal authority for the purported notice of deposition they served on Ms. Lively without leave of court. The Wallace Parties also do not meaningfully contest that the deposition notice was intended to pressure Ms. Lively to drop her claims. This Request is merely a continuation of that pressure campaign. And despite their extended discussion of "waiver" principles, the Wallace Parties cite no case permitting a party to seek discovery in opposition to a motion *after* the deadline to oppose that motion has already passed, much less months later with no explanation for the passage of time with no action. Like the Motion itself, the Request is unsupported by law and is intended to spin a false public narrative about Ms. Lively and her actions in this case.

As Ms. Lively highlighted in her Opposition, the Wallace Parties failed to request any discovery or a hearing relating to their liability for Ms. Lively's fees in responding to her 47.1 Motion. Opposition at 6. The Wallace Parties contend that they "asserted numerous threshold

---

[2] The evidence cited above relies on publicly filed materials only. Should the need arise, Ms. Lively reserves the right to submit additional evidence relating to this any any other relevant topic that is currently sealed under the protective orders governing related actions in other jurisdictions.

arguments precluding fee liability," Reply at 4 n.4, but seem not to understand that their deadline to oppose liability for fees was also their deadline to seek discovery relating to their liability for fees, including any alleged malice by Ms. Lively—as opposed to evidence relating to the *amount* of Ms. Lively's fee award, which Ms. Lively agrees will come at a later date. *See* Fed. R. Civ. P. 54(d)(2)(C) ("The court may decide issues of liability for fees before receiving submissions on the value of services."). The Wallace Parties' silence as to facts outside the record in their opposition to Ms. Lively's 47.1 Motion was a concession that there were no "disputed factual issues" with respect to their fee liability for the Court to resolve. All the evidence they now submit for the record is irrelevant to the resolution of the 47.1 Motion and solely offered as rebuttal evidence to discrete counterarguments made in Ms. Lively's Opposition.

The Wallace Parties fail to identify any "new arguments" or new "issue" raised in Ms. Lively's Opposition that warrant the submission of the proposed evidence, which they also failed to do in the meet and confer process in advance of this leave request. Request at 3. The Wallace Parties point to two discrete portions of Ms. Lively's Opposition that they claim support their Request. *Id.* at 2–3. The Wallace Parties claim that Ms. Lively "injected references" to her deposition in the SDNY Action in her Opposition and that they seek to introduce emails between their counsel and Ms. Lively's counsel to rebut the arguments Ms. Lively made "in an effort to counter the argument that Lively opposed the Wallace Parties' efforts to initiate discovery in this lawsuit." *Id.*

First, Ms. Lively did not attempt to "counter the argument that [she] opposed the Wallace Parties' efforts to initiate discovery in this lawsuit," because that is not what the Wallace Parties' Motion claimed. *Id.* at 2. Ms. Lively countered the argument that she "*blocked*" discovery in this lawsuit, which is what the Wallace Parties had accused her of—as though she unilaterally withheld

something to which the Wallace Parties were entitled. *See* Motion at 6 (asserting that Ms. Lively "blocked all discovery in this action" and "ensured it could never be obtained."). Of course Ms. Lively *opposed* pre-motion-to-dismiss discovery, because (as the Court confirmed), the Wallace Parties sued her in a court that did not even have personal jurisdiction over her. In other words, she took exactly the steps that *the Wallace Parties took* in the SDNY action, when they were in the same situation. Opposition at 10–11. Doing so did not make it *Ms. Lively's fault* that the Wallace Parties' complaint never proceeded to discovery in this case. The Wallace Parties' new emails show exactly that; in other words, they confirm something that Ms. Lively never disputed.

With respect to the additional deposition excerpts, the Wallace Parties' eleventh-hour request to include lengthy excerpts of Ms. Lively's deposition in the SDNY Action is entirely improper. Indeed, the Wallace Parties have had the deposition transcript for over a year and could have sought to include any relevant portions as evidence in support of their 47.1 Opposition *or* their Motion. They chose not to, either in their Opposition, or even in connection with their motion for leave to take Ms. Lively's deposition. Now, for the first time, they seek to use the deposition excerpts *in a reply* brief. Their protestations that they were barred from doing so based on the protective order in the SDNY Action ring hollow considering that in filing Ms. Lively's testimony and seeking to use it as part of their arguments now, they have now done what they claim they were unable to do before. Request at 2. Indeed, the Wallace Parties' choice not to submit any excerpts from Ms. Lively's deposition was understandable, from their perspective, because it does not help their "malice" argument at all: Ms. Lively was asked by the Wallace Parties' counsel about her personal knowledge relating to the filing of the CRD Complaint and answered those questions fully—and in a manner inconsistent with her meeting the standard for "malice," namely "a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a

showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights."[3] Given Ms. Lively's testimony that she did not know who the Wallace Parties *were*, or what they had done, until she learned about that from materials in this case, the Wallace Parties cannot, and do not, explain how a second chance to ask the same questions would yield a different answer, or how the evidence they seek would even support their opposition to fee liability in the first place. Their desire to probe the same topics in a second deposition is more easily explained by the strategic goal of pressuring Ms. Lively with the threat of further discovery than by a genuine desire to develop the record.

Finally, the cases relied on by the Wallace Parties do not support the relief they seek. In two of the cases offered by the Wallace Parties, the court had to decide whether it had discretion to consider arguments or issues that were raised for the first time in a brief, not whether supplemental evidence could be submitted in support of a reply. *See United States v. Vallare*, No. 5:17-CR-547, 2023 WL 4112775, at *3 (W.D. Tex. June 21, 2023)*; United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir. 2009). In the other case the Wallace Parties cite, the court permitted the defendant to submit a sur-reply in response to a "serious allegation" that it had based a motion to transfer on misrepresentations to the court which was first presented in the plaintiff's opposition. *iCharts LLC v. Tableau Software, LLC*, No. 1:23-v-1225, 2024 WL 2305214, at *3 (W.D. Tex. May 21, 2024). This case presents no similar circumstance.

[3] *Wayfarer Studios LLC v. Lively*, No. 24-CV-10049, 2026 WL 1707052, at *17 (S.D.N.Y. June 12, 2026) (quoting *Lundquist v. Reusser*, 875 P.2d 1279, 1291 (Cal. 1994)). *See also id.* (quoting *Smith v. Hatch*, 76 Cal. Rptr. 350, 355 (Cal. Ct. App. 1969)) ("Such facts must establish that the person speaking the defamatory words entertained toward the person defamed a feeling of hatred or ill will going beyond that which the occasion for the communication apparently justified and different from that motive which prima facie rendered the communication privileged.").

Further, the breadth of testimony that the Wallace Parties seek to introduce demonstrates the real motive underlying their Request. Despite claiming that the proposed rebuttal evidence is "narrowly tailored," the Wallace Parties seek to have the Court consider the entirety of Ms. Lively's testimony in response to questioning from the Wallace Parties' counsel in the SDNY Action. Request at 3; Dkt. 64-2. There is no reason why the entire line of questioning would be necessary to respond to Ms. Lively's arguments in the Opposition. The Wallace Parties' failure to identify any new arguments warranting submission of the evidence and the excessive amount of testimony that they seek to submit demonstrates that their real motive in submitting the evidence is to continue to generate press about Ms. Lively.

Respectfully submitted,

*<u>/s/ Laura Lee Prather</u>*
Laura Lee Prather
Texas Bar No. 16234200
laura.prather@haynesboone.com
Catherine L. Robb
Texas Bar No. 24007924
catherine.robb@haynesboone.com
Michael J. Lambert
Texas Bar No. 24128020
michael.lambert@haynesboone.com
Reid Pillifant
Texas Bar No. 24126157
reid.pillifant@haynesboone.com

**HAYNES AND BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

Michael Gottlieb (admitted *pro hac vice*)
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3111
mgottlieb@willkie.com

Kristin E. Bender (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Aaron E. Nathan (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
(212) 782-8904
anathan@willkie.com

**WILLKIE FARR & GALLAGHER LLP**

Esra A. Hudson
Stephanie Anne Roeser
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
310-312-4381
ehudson@manatt.com
sroeser@manatt.com

**MANATT, PHELPS & PHILLIPS**

**ATTORNEYS FOR DEFENDANT BLAKE LIVELY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of August 2026, a true and correct copy of the above document was served via the CM/ECF system to all counsel of record.

*/s/ Laura Lee Prather*
Laura Lee Prather