UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JED WALLACE,<br>STREET RELATIONS, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>BLAKE LIVELY,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:25-cv-163 |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO INCLUDE REBUTTAL EVIDENCE WITH REPLY IN SUPPORT OF THEIR MOTION FOR ORDER REQUIRING BLAKE LIVELY TO GIVE HER DEPOSITION**

Plaintiffs Jed Wallace and Street Relations, Inc. (the "Wallace Parties") respectfully file this reply in support of their Motion for Leave to submit rebuttal evidence with their Reply in Support of their Motion for Order Requiring Blake Lively to Give Her Deposition.

## I. INTRODUCTION

The Wallace Parties ask to include limited rebuttal evidence to counter false statements Lively made in opposition to the Wallace Parties' Motion for Order Requiring Blake Lively to Give Her Deposition. (*See* Dkt. 64.) Lively does not address the narrowly tailored relief sought by the Wallace Parties.

Instead, Lively's blunderbuss approach swings from baselessly accusing Mr. Wallace of perjury in a different case based on unspecified "evidence" from yet another case, to pounding her fists that the Wallace Parties' request to obtain evidence opposing Lively's attempt to extract nearly $1 million in legal fees from them is somehow part of a "pressure campaign" against *Lively*. (Dkt. 67 at 1–2.)[1] Ironically, the only party pressuring anyone here is Lively, who demanded nearly $1 million in legal fees for a simple motion to dismiss that was not resolved on the merits, while refusing at every turn to allow the Wallace Parties to obtain evidence to undercut her supposed entitlement to legal fees *at all*.[2] Yet again, the legal morass that Lively tries to squirm out of is one entirely of her own making. The limited Motion for Leave should be granted.

## II. REPLY

This entire dispute stems from Lively's decision to share with the press an employment complaint and attached draft legal complaint that falsely accused the Texas-based Wallace Parties of (among other things) sexual harassment, even though the Wallace Parties had never met Lively. (Dkt. 57 at 2–3 (recounting this history).) The Wallace Parties filed suit in their home state; Lively

[1] All pin citations are to the ECF pages in the file-stamped documents.
[2] Much less the amount, which is facially unreasonable, unnecessary, and exorbitant.

then filed a motion to dismiss for lack of personal jurisdiction. (*See* Dkt. 57 at 3.) The Court ultimately decided that it lacked personal jurisdiction over Lively and declined to decide the merits of the Wallace Parties' claims. (*See id.*)

While the Wallace Parties appealed that decision, Lively came back to Texas for more—seeking affirmative relief of nearly $1 million in legal fees under what she says is a "substantive" California statute. (*See id.*) One month later, Lively tapped into Texas again, this time filing supplemental authority from a case in New York where she sued many parties,[3] claiming that the New York ruling meant the Wallace Parties would have to "prove" her malice to avoid her fee-shifting request under California substantive law. (*See id.*)

So, the Wallace Parties sought Lively's deposition on the narrow issue of her malice. (*See id.* at 3–4.) Lively refused to appear. (*Id.* at 4.) The Wallace Parties sought an order requiring Lively to sit for a deposition. (*See generally* Dkt. 57.) Lively opposed. (*See generally* Dkt. 62.)

In that opposition, Lively attempted to distract from the facts and the record through selective excerpts of her testimony in that same New York case to argue that the Wallace Parties "have *already deposed Ms. Lively* on the very subject they are claiming a need to explore now." (Dkt. 62 at 3.) She also claimed that, with respect to the Wallace Parties' efforts to engage Lively in discovery in this case, her counsel had heard nothing on the subject from the Wallace Parties for over a month. (Dkt. 62 at 10 n.2.)

Both claims are false. (Dkt. 64 at 2.) So the Wallace Parties sought leave to provide the Court with evidence to expose the falsity and provide the Court an accurate record. (*See generally* Dkt. 64.) Lively again opposes, with a tailspin of a response that appears tailored to generate

[3] Including the Wallace Parties, who were dismissed, twice, for lack of personal jurisdiction, well before the ruling Lively later submitted to this Court.

publicity. (*See generally* Dkt. 67.) Incredibly, this high-powered New York-based actress who falsely accused a private Texas citizen she had never met (and admittedly didn't know) of sexual harassment again casts *herself* as the victim, while once more leveling false accusations against the Wallace Parties. (*See id.* at 1–2.) Such abuses of the judicial proceedings privilege should not be countenanced. To the extent a response is warranted, the Wallace Parties categorically deny Lively's continued efforts to destroy Mr. Wallace's character and reputation. But they will not dignify Lively's latest lies any further.

What's left of Lively's opposition after ignoring her false accusations is slim. She admits that the Wallace Parties have yet to obtain discovery in this case, acknowledging that she flatly "opposed pre-motion-to-dismiss discovery"—and continues to oppose post-motion-to-dismiss discovery, too. (*See* Dkt. 67 at 3–4 (emphasis omitted).) This has nothing to do with the Wallace Parties' Motion for Leave, but entirely supports their underlying Motion for Order Requiring Blake Lively to Give Her Deposition. (*See generally* Dkt. 57; Dkt. 63.) Both motions should be granted.

Lively next blames the Wallace Parties for not anticipating what Lively might say. (*See* Dkt. 67 at 4–5.) To be clear, the Wallace Parties only seek to introduce portions of Lively's transcript to correct misstatements in Lively's opposition. (*See generally* Dkt. 64.) Lively argues that the Wallace Parties "could have sought to include any relevant portions [of her deposition] in support of their 47.1 Opposition *or* their Motion." (Dkt. 67 at 4.) But those portions only became relevant *after* Lively falsely stated that the Wallace Parties had already deposed her on the same subject. (*See* Dkt. 64 at 2.) And Lively forgets that those portions were subject to a protective order in the New York case she herself triggered (by designating the entire deposition confidential) until she waived those protections by filing the selective excerpts.

Lively then attempts to distinguish the Wallace Parties' caselaw supporting a complete record as dissimilar because the allegations in those cases were "serious." (*See* Dkt. 67 at 5.) Lively may not think her misstatements about the scope of her limited testimony or whether the Wallace Parties contacted her counsel are "serious" enough to warrant correction. (*See id.*) But "litigation is not a game, but a proof and decision-making process." *Bintliff v. United States*, 462 F.2d 403, 407 (5th Cir. 1972). Lively cannot introduce new arguments and false statements in a response and then oppose counsel's efforts to correct the record on reply. *See, e.g.*, *ICharts LLC v. Tableau Software, LLC*, No. 1:23-CV-1225, 2024 WL 2305214, at *3 (W.D. Tex. May 21, 2024); *United States v. Vallare*, No. 5:17-CR-547, 2023 WL 4112775, at *3 (W.D. Tex. June 21, 2023); *United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir. 2009); *see also Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.*, No. 1:23-CV-1143-DII, 2024 WL 4182592, at *3 (W.D. Tex. July 10, 2024) (reply evidence rebutting opposing party's characterization of evidence in response was "proper rebuttal"); *Cognizant Trizetto Software Grp., Inc. v. Infosys Ltd..*, No. 3:24-CV-2158-X, 2026 WL 1630219, at *1 & n.4 (N.D. Tex. Mar. 17, 2026) ("[C]ourts routinely permit reply evidence that rebuts an opposing party's arguments and bolsters arguments already raised.").

Finally, Lively complains that the Wallace Parties seek to introduce too much of her testimony in New York. (*See* Dkt. 67 at 6.) But Lively falsely claimed the Wallace Parties previously deposed her on this topic; they did not. (*See* Dkt. 64 at 2.) So the Wallace Parties sought leave to submit the portion of the transcript that is necessary to show the limited topics they did depose her on. (*See* Dkt. 64-2.) There is no narrower tailoring to show Lively's fabrication. The Wallace Parties ask for their day in Court to address the harm Lively has caused.

Dated: August 31, 2026

Respectfully submitted,

JACKSON WALKER LLP

*/s/ Charles L. Babcock*

Charles L. Babcock
Texas Bar No. 01479500
Joel R. Glover
Texas Bar No. 24087593
Tori C. Emery
Texas Bar No. 24126228
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4110 [FAX]
cbabcock@jw.com
jglover@jw.com
temery@jw.com

Minoo Blaesche
Texas State Bar No. 24075102
Carl C. Butzer
Texas Bar No. 03545900
2323 Ross Avenue, Suite 600
Dallas, Texas 75206
(214) 953-6000
(214) 953-5822 [FAX]
mblaesche@jw.com
cbutzer@jw.com

Matt Dow
Texas Bar No. 06066500
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 391-2113 [FAX]
mdow@jw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to all counsel of record.

*/s/ Charles L. Babcock*
Charles L. Babcock